Lisa Hird Chung (SBN 246766)
Janelle R. Thornton (SBN 294514)
**SCHOR VOGELZANG LLP**
2170 Fourth Avenue
San Diego, CA 92101
Telephone: 619.906.2400
Facsimile: 619.906.2401
E-mail:   Lisa@SchorVogelzang.com
          Janelle@SchorVogelzang.com

Attorneys for Defendant The Behemoth

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLEVELAND, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE BEHEMOTH, a California corporation; and DOES 1 through 10,<br><br>Defendant. | Case No. **'19CV672  GPC BGS**<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT THE BEHEMOTH**<br><br>[28 U.S.C. §§ 1331 and 1441(a)]<br><br>(Removed from Superior Court of California, County of San Diego, Case No. 37-2019-00009443-CU-OE-CTL) |

**TO THE CLERK OF THE COURT, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant The Behemoth ("Defendant" or "The Behemoth") hereby respectfully removes the above-entitled civil action from the Superior Court of California, County of San Diego (Case No. 37-2019-00009443-CU-OE-CTL), to the United States District Court for the Southern District of California. Defendant removes this action pursuant to 28 U.S.C. sections 1331 and 1441(a) on the basis of federal question jurisdiction.

## I. PROCEDURAL HISTORY

1. On February 20, 2019, Plaintiff Robert Cleveland ("Plaintiff" or "Cleveland") commenced this action entitled *Robert Cleveland v. The Behemoth*, Case No. 37-2019-00009443-CU-OE-CTL, in the Superior Court of California, County of San Diego, by filing a complaint ("Complaint") against Defendant. The Behemoth is the sole named defendant in this action. True and correct copies of the Complaint and summons in this action are attached hereto as **Exhibit 1**.

2. Plaintiff's Complaint includes federal and state claims. Specifically, the Complaint alleges the following nine causes of action: (1) Hostile Work Environment/Sexual Harassment in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Retaliation in Violation of the FEHA; (3) Wrongful Termination in Violation of Public Policy; (4) Violation of California Business & Professions Code § 17200 et seq.; (5) Intentional Infliction of Emotional Distress; (6) Negligent Infliction of Emotional Distress; (7) Failure to Prevent Harassment; (8) Hostile Work Environment/Sexual Harassment in Violation of Title VII [42 U.S.C. §§ 2000(e) et seq.]; and (9) Retaliation in Violation of Title VII [42 U.S.C. §§ 2000(e) et seq.].

## II. THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. § 1331

3. This civil action includes claims of which this Court has original jurisdiction because it alleges violations of the laws of the United States, namely, Title VII of the Civil Rights Act of 1964, codified in 42 U.S.C. sections 2000(e) et seq. ("Title VII") and resultant damages. 28 U.S.C. § 1331.

4. Removal of this action is therefore appropriate pursuant to 28 U.S.C. section 1441. 28 U.S.C. section 1441(a) provides for removal in any case commenced in a state court of which the district courts of the United States have original jurisdiction.

/ / /

/ / /

## III. THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS PURSUANT TO 28 U.S.C. § 1367

5. Pursuant to 28 U.S.C. section 1367(a), this Court has supplemental jurisdiction over all state law claims asserted in the Complaint because they form part of the same case or controversy as the federal Title VII claims under Article III of the United States Constitution. *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together.")

## IV. NOTICE OF REMOVAL IS TIMELY

6. Removal of this action is timely. The Complaint and summons was served pursuant to California Code of Civil Procedure section 415.30 via Notice of Acknowledgement of Receipt. The Complaint and summons and Notice and Acknowledgement of Receipt were mailed to Defendant on February 21, 2019, and Defendant signed and returned Notice of Acknowledgement of Receipt on March 13, 2019. A true and correct copy of the executed Notice of Acknowledgement of Receipt and proof of service thereof is attached hereto as **Exhibit 2**.

7. Therefore, as a matter of law, formal service of process was complete on March 13, 2019. Cal. Code Civ. Proc. § 415.30(c) ("Service of a summons pursuant to this section is deemed complete on the date a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender").

8. On April 8, 2019, Defendant filed an answer ("Answer") to the Complaint. True and correct copies of Defendant's Answer, and all other process, pleadings, and orders served upon Defendant and all documents filed in state court in this action are attached hereto as **Exhibit 3**.

/ / /

/ / /

9.     This Notice of Removal has been timely filed under 28 U.S.C. section 1446(b) because it was filed on April 11, 2019, within 30 days after service of process was complete. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (formal service of process pursuant to state law governs when the 30 days to remove starts); *Quality Loan Service Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1133 (9th Cir. 2011) ("… the defendant must be notified of the action, and brought under a court's authority, by formal process, before the removal period begins to run."); *see also HMS Cornerstone Sols., Inc. v. Signorelli Co.*, No. 2:16-cv-02986-KJM-AC, 2017 U.S. Dist. LEXIS 127376, *3-4 (E.D. Cal. Aug. 10, 2017); *Osgood v. Main Streat Mktg., LLC*, No. 16cv2415-GPC(BGS), 2016 U.S. Dist. LEXIS 158074, at *3-4 (S.D. Cal. Nov. 15, 2016).

## V.    VENUE IS PROPER

10.    Venue is proper because Plaintiff filed this action in Superior Court of California, County of San Diego, which is located within the district and division of this Court. 28 U.S.C. § 1446(a).

11.    Venue is also proper because Defendant resides and a substantial part of the events or omissions allegedly giving rise to the claim occurred in the judicial district of this Court. 28 U.S.C. § 1391(b)(1)-(2), (c)(2).

## VI.   JOINDER OR CONSENT OF ALL DEFENDANTS

12.    The Behemoth is the sole named and served defendant in this action. The Behemoth is represented by the law firm of Schor Vogelzang LLP and has consented to this removal. 28 U.S.C. § 1446(b)(2)(A).

## VII.  NOTICE TO PLAINTIFF AND THE CALIFORNIA SUPERIOR COURT

13.    Promptly after filing of this Notice of Removal, a copy of the Notice of Removal will be provided to Plaintiff's counsel of record and filed with the Clerk of the Superior Court of California, County of San Diego.

/ / /

**WHEREFORE**, Case No. 37-2019-00009443-CU-OE-CTL now pending in the Superior Court of California, County of San Diego, is removed to this Court.

Dated:  April 11, 2019                    SCHOR VOGELZANG LLP

/s/ Lisa Hird Chung
Lisa Hird Chung
Janelle R. Thornton
Attorneys for Defendant The Behemoth

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2019, I electronically filed the foregoing through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth in the service list obtained from this Court on the Electronic Mail Notice List.

By: /s/Lisa Hird Chung
Lisa Hird Chung
Lisa@schorvogelzang.com