# TABLE OF CONTENTS

## EXHIBITS TO DEFENDANT'S NOTICE OF REMOVAL

| <u>Exhibit</u> | <u>Description of Exhibit</u> | <u>Page</u> |
|---|---|---|
| Exhibit 1: | Complaint and summons in *Robert Cleveland v. The Behemoth*, Case No. 37-2019-00009443-CU-OE-CTL, in the Superior Court of California, County of San Diego | 2 |
| Exhibit 2: | Notice of Acknowledgement of Receipt and proof of service thereof | 40 |
| Exhibit 3: | Defendant's Answer and all other process, pleadings, and orders served upon Defendant and documents filed in state court in *Robert Cleveland v. The Behemoth*, Case No. 37-2019-00009443-CU-OE-CTL, in the Superior Court of California, County of San Diego | 45 |

# EXHIBIT 1

Exhibit 1
2

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**02/20/2019** at 10:05:22 AM

Clerk of the Superior Court
By Linda Sheffa,Deputy Clerk

JOHNSON FISTEL, LLP
Frank J. Johnson, Esq. (SBN 174882)
FrankJ@johnsonfistel.com
Kristen O'Connor, Esq. (SBN 305113)
KristenO@johnsonfistel.com
655 West Broadway, Suite 1400
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856

*Counsel for Plaintiff*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| ROBERT CLEVELAND, an individual, <br><br> Plaintiff, <br><br> v. <br><br> THE BEHEMOTH, a California corporation; and DOES 1 through 10. <br><br> Defendants. | Case No.: 37-2019-00009443-CU-OE-CTL <br><br> **COMPLAINT FOR:** <br><br> 1. **HOSTILE WORK ENVIRONMENT/SEXUAL HARASSMENT IN VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT** <br> 2. **RETALIATION IN VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT** <br> 3. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** <br> 4. **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200,** *et seq.* <br> 5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** <br> 6. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** <br> 7. **FAILURE TO PREVENT HARASSMENT** <br> 8. **HOSTILE WORK ENVIRONMENT/SEXUAL HARASSMENT IN VIOLATION OF TITLE VII [42 U.S.C. § 2000(e),** *et seq.***]** <br> 9. **RETALIATION IN VIOLATION OF TITLE VII [42 U.S.C. § 2000(e),** *et seq.***]** <br><br> **JURY TRIAL DEMANDED** |

**Exhibit 1**

**3**

## **INTRODUCTION**

1.     Plaintiff Robert Cleveland ("Plaintiff") brings this action against Defendant The Behemoth, a California corporation ("The Behemoth" or the "Company"), and Doe Defendants 1-10 (collectively and with The Behemoth, the "Defendants"), seeking damages and other relief as the Court deems just and proper.

2.     Plaintiff is a former quality assurance specialist at The Behemoth.  The Behemoth is a video game developer founded in 2003 by John Baez, Dan Paladin, Tom Fulp ("Fulp"), Brandon LaCava, and Nick Dryburgh, and is headquartered in San Diego, California.

3.     As detailed further below, from March 2016 to, and including, February 2018, Defendants subjected Plaintiff to systemic employment discrimination based on his gender, which included but was not limited to: being forced to work in a hostile work environment resulting from severe and pervasive sexual harassment in the workplace; discriminatory policies, practices, and/or procedures; retaliation; wrongful termination; and other manifestations of sex discrimination.

4.     Indeed, The Behemoth's work culture was heavily and daily polluted with harassment and discrimination which seriously affected Plaintiff's psychological well-being. This harassment and discrimination included the Company's open endorsement of pedophilic and sexually violent social media content, encouragement of its employees to "follow" the author of the pedophilic and sexually violent social media content, endorsement of flagrantly hostile discussion threads on a website The Behemoth controlled, encouragement and placement of sexual paraphernalia and pornographic photos throughout the work premises, written requirement that employees access websites with flagrantly hostile discussion threads, and its willful and wanton disregard of all complaints about the foregoing.

5.     The Behemoth also failed to properly educate its managers and agents, and/or to implement or enforce policies and procedures that would prevent or assuage instances of harassment, retaliation, and/or discrimination.

6.     When Plaintiff complained to The Behemoth about the sexual harassment and sex discrimination he had endured and was continuously enduring, The Behemoth failed to take

Exhibit 1
4

1  appropriate steps to correct the discrimination and/or harassment, and further retaliated against

2  Plaintiff by terminating his employment.

3       7.     Plaintiff is requesting damages under a variety of state and federal laws

4  prohibiting discrimination in order to redress the deprivation of his rights.

5  **PARTIES**

6       8.     Plaintiff Robert Cleveland is an individual residing in the County of Maricopa,

7  in the State of Arizona.  At the time the causes of action alleged herein arose, Plaintiff resided

8  in the County of San Diego, in the State of California.

9       9.     The Behemoth is a California corporation with its principal place of business in

10  the County of San Diego, in the State of California.

11       10.     Doe Defendants 1-10 are persons, entities, or organizations who engaged in,

12  oversaw, directed, ratified, and/or assisted in the wrongful actions against Plaintiff, together with

13  The Behemoth, or who may be individual owners, officers, agents, managers, or employees of

14  The Behemoth.  Plaintiff will seek leave to amend this complaint and substitute the true names

15  of the Doe Defendants as soon as their identities are revealed.

16  **JURISDICTION AND VENUE**

17       11.     Pursuant to Article VI, § 10 of the California Constitution, subject matter

18  jurisdiction is proper in the Superior Court of California, County of San Diego.

19       12.     Venue is proper under § 395 of the Code of Civil Procedure in that Plaintiff's

20  injuries were incurred within this jurisdiction, and the actions that give rise to Plaintiff's

21  complaint arose within this jurisdiction.

22  **CONDITIONS PRECEDENT TO SUIT UNDER FEHA AND TITLE VII**

23       13.     Plaintiff filed appropriate charges of sexual harassment with the California

24  Department of Fair Employment and Housing ("DFEH") on November 2, 2018 along with a

25  Request for Notice of Right to Sue.  Plaintiff was issued a Notice of Right to Sue on

26  November 14, 2018.  A true and correct copy of the DFEH Notice of Right to Sue is attached

27  hereto as **Exhibit A**.

28

3
COMPLAINT

**Exhibit 1**

**5**

14.     Plaintiff filed appropriate charges of sexual harassment with the U.S. Equal Employment Opportunity Commission ("EEOC") on November 6, 2018 along with a Request for Notice of Right to Sue.  Plaintiff executed a formal Charge of Discrimination form on November 9, 2018, and was issued a Notice of Right to Sue on November 20, 2018.  A true and correct copy of the EEOC Notice of Right to Sue is attached hereto as **Exhibit B**.

15.     Plaintiff has thus fulfilled all conditions precedent to the institution of this action under both state and federal law.

## FACTUAL ALLEGATIONS

16.     The Behemoth hired Plaintiff in March 2016 through Eastridge Workforce Solutions, a recruiting and staffing agency.  At all times relevant herein, The Behemoth exercised substantial control and discretion over Plaintiff's hiring, supervision, work assignments, salary, and ultimate termination, and was Plaintiff's employer for such terms, conditions, and privileges of employment under the control of The Behemoth, including for purposes of applying state and federal antidiscrimination laws.

17.     Plaintiff was hired as a Quality Assurance Specialist in the Research Centaur UX+QA, the self-touted "Usability & Testing Division of [T]he Behemoth."  According to the Research Centaur's "Welcome Guidebook," the Research Centaur operated under the legal and financial umbrella of The Behemoth and was primarily responsible for testing The Behemoth's games, from test entry to submission.

18.     Plaintiff received a copy of the Welcome Guidebook, along with a copy of The Behemoth's "Glorious Workers' Manual of Operations" (the "Manual"), on March 21, 2016. The Welcome Guidebook contained a prominent subsection entitled "Our Values & Culture" which trumpeted the Behemoth's corporate culture as "respectful, diverse, and welcoming."

19.     The Manual included a subsection entitled "Prohibition of Sexual and Other Unlawful Harassment" which proscribed "unlawful harassment of employees by non-employees, including customers, vendors and clients" including "verbal, visual or physical conduct . . . when . . . the conduct has the purpose or effect of unreasonably interfering with the

**Exhibit 1**
**6**

1  individual's work performance or creating an intimidating, hostile, or offensive working
2  environment."

3      20.    The Behemoth's professed commitment to ensuring a safe and respectful work
4  environment for its employees was no more than a veneer. From Plaintiff's first day of work
5  through the date of his unlawful and retaliatory termination, The Behemoth subjected Plaintiff
6  and others to systemic and pervasive sexual harassment and engendered, endorsed, and/or
7  ratified a hostile work environment violative of state and federal law.

8      21.    Plaintiff's exposure to The Behemoth's flagrant disregard for its employees and
9  the law was immediately apparent on his first day of work on March 21, 2016, when he observed
10  an obscene doll intentionally placed directly in front of the Company's mounted EEOC and
11  DFEH posters.

12      22.    The doll depicted a unicorn with ejaculating male genitalia emerging from its
13  head, which Plaintiff's direct manager, Jay Fernandes, identified to Plaintiff as "the HR rep."

14      23.    Similar dolls were also placed on various employee desks, including Plaintiff's,
15  and disbursed throughout the office. Plaintiff learned later that the doll, referred to by the
16  Company as a "penicorn," was designed by the Company's voiceover actor, Will Stamper
17  ("Stamper") following a contest endorsed by Fulp where certain employees were asked to draw
18  male genitalia on a unicorn. Stamper's influence on The Behemoth and its hostile work
19  environment manifested exponentially over the course of Plaintiff's tenure at the Company.

20      24.    Stamper, who is well-known for his voiceover talent in the video game industry,
21  made routine visits to Plaintiff's office throughout 2016, 2017, and 2018. He possessed an
22  employee badge which allowed him to enter the Company's office at will, was listed under the
23  Company's umbrella credit on The Behemoth's games, and routinely engaged with Plaintiff's
24  colleagues during his visits to the office.

25      25.    Because of Stamper's industry clout and because of his frequent interactions with
26  other employees of the Company, many Company employees—including Plaintiff and
27  Plaintiff's supervisors—followed Stamper's Twitter account. In fact, Plaintiff's supervisors
28  encouraged Plaintiff and The Behemoth's employees to follow Stamper's Twitter account.

5
COMPLAINT

Exhibit 1
7

26.     Stamper was the celebrated "voice of the Company."  He was a regular topic of discussion at the workplace by and among Plaintiff's colleagues, and his influence was inextricably linked to The Behemoth's daily business operations and company culture.

27.     Beginning in or around November 2017 through February 2018, Stamper routinely posted obscene, discriminatory, and sexually violent tweets that shocked and distressed Plaintiff.  The tweets included descriptions of child sexual abuse (*i.e.*, "Sometimes I want to throw a baby up in the air over and over again and let him fall back on my **** when he least expects it;" "I'm trying to f*ck some kids;" "RT if you like putting your penis in kid's mouths;" and "For the record, I'm trying to abduct some kids.")[1], actual photographs of Stamper's genitals, rape and suicide endorsement, and racial slurs ("n*ggers," "dot heads," and "chinks").  Fulp, co-owner of The Behemoth, frequently "liked" or posted supportive tweets below Stamper's tweets.

28.     Because Stamper was something of an industry celebrity and a critical part of The Behemoth's business operations, his tweets were frequently discussed by and among Plaintiff's colleagues.

29.     In fact, Stamper's tweets were nearly daily discussed on The Behemoth's internal messaging system, Slack, and via its mandatory chat and fan engagement platforms, Steam and Discord, which were the communication mediums the Company encouraged its staff to utilize during work hours.

30.     Stamper's tweets, and the discussions thereof during regular office hours, distressed and shocked Plaintiff and interfered with his ability to work in an environment free of insult, harassment, and discrimination.  Put simply, Plaintiff could not avoid his exposure to Stamper's offensive and harassing tweets because they permeated Plaintiff's work environment on a daily basis.

31.     Stamper's obscene, discriminatory, and harassing tweets were also routinely posted on newgrounds.com, which The Behemoth management instructed its employees and

---

[1]   Asterisks denote expletives edited for this Complaint.

Exhibit 1
8

staff, including Plaintiff, to browse for work research in The Welcome Guidebook.  The Behemoth management also verbally instructed its employees and staff to access newgrounds.com, which hosted many of the Company's internal web services.

32.     Plaintiff's distress was only exacerbated by The Behemoth's wanton disregard for the safety and protection of its employees and staff, as certain employees, managers, and/or owners of The Behemoth 1) regularly made sexually offensive comments to and around Plaintiff, 2) posted pornographic photographs or magazines around the Company's offices, 3) failed to remediate problems in the men's restroom (which had small saloon doors and exposed and humiliated Plaintiff), and 4) ratified and encouraged Stamper's conduct.

33.     When Plaintiff routinely complained to his managers about Stamper's tweets and the Company's culture, including in writing in December 2017, The Behemoth failed to take any remedial action whatsoever and in fact ratified Stamper's conduct by continuing to employ Stamper and endorsing his posts on Twitter.

34.     Plaintiff continued to complain to The Behemoth management through 2018 about the Company culture and Stamper's conduct.  Plaintiff's managers, including Jay Fernandes and The Behemoth's owners, failed to take any remedial action whatsoever.

35.     As a result of The Behemoth's abject failure to remediate known harassment permeating the Company workplace, the harassing and obscene tweets and conduct continued throughout 2018 and Plaintiff continued to suffer harm.

36.     On February 2, 2018, after months of complaining about Stamper's conduct and the Company's work environment, Plaintiff was informed he was going to be terminated from The Behemoth on the pretextual basis of operational downsizing.  Plaintiff is informed and believes that he was terminated in retaliation for complaining to The Behemoth about Stamper, and to allow Stamper—the Company's prized celebrity—to continue working for the Company free of complaints by Plaintiff and others.  Plaintiff remained employed by the Company through March 2018.

37.     On February 21, 2018, two days after Plaintiff complained to The Behemoth about a tweet by Stamper which detailed sodomizing a baby, Stamper engaged in a Twitter

Exhibit 1
9

attack against an unnamed person, tweeting: "I was just about to rip the f*ck out of somebody again but my mom is keeping me nice, let's just say [O]hio is where he's from and he's a massive f*ggot piece of sh*t."  Plaintiff's last name is Cleveland and he is informed and believes he was the target of Stamper's tweet.

38.     Despite that Stamper's conduct continued to permeate The Behemoth work environment through Plaintiff's final day at The Behemoth, The Behemoth continued to ignore Plaintiff's complaints, continued to invite and include Stamper at Company events where Plaintiff was present, and continued to employ or contract Stamper.

## COUNT I

**HOSTILE WORK ENVIRONMENT/SEXUAL HARASSMENT IN VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, GOV. CODE, § 12940 *et seq*. (AGAINST THE BEHEMOTH)**

39.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above.

40.     Plaintiff was an employee for such terms, conditions, and privileges of employment under the control of The Behemoth, including for purposes of applying state and federal antidiscrimination laws.

41.     Plaintiff was an employee of The Behemoth and protected by the FEHA, Gov. Code § 12940 *et seq*., from being subjected to sexual harassment in the workplace on the basis of sex, including hostile work environment.

42.     Throughout Plaintiff's employment, Defendants subjected Plaintiff to an unwanted, severe, and pervasively sexual hostile work environment through the sexually-charged actions alleged herein in violation of FEHA because of his sex.  Plaintiff openly regarded the working environment to be abusive and hostile.

43.     The hostile work environment at The Behemoth altered the terms and conditions of Plaintiff's employment and had the purpose or effect of unreasonably interfering with Plaintiff's ability to perform his employment duties.

Exhibit 1
10

44.     Defendants' discriminatory behavior was continuous throughout Plaintiff's employment.  Consequently, Plaintiff is entitled to application of the continuing violation or hostile work environment doctrine with respect to the allegations raised herein.

45.     Because the sexually-charged conduct occurred with such regularity that it became routine, a reasonable person in Plaintiff's circumstances would consider the working environment to be abusive and hostile.

46.     As a direct and proximate result of Defendants' aforementioned discriminatory and harassing conduct, Plaintiff suffered damages including, without limitation, lost income and benefits, mental and emotional distress, humiliation, and pain and suffering, and has incurred costs and attorneys' fees, for which Plaintiff is entitled to recover in an amount to be proven at trial.

47.     Due to the repetitive nature and obviousness of the course of misconduct of its employees, The Behemoth: (a) had advance knowledge that certain of its managerial-level employees, agents, and contractors within its control were engaging in unlawful behavior against Plaintiff and continued to employ the managerial-level employees, agents, and contractors with conscious disregard of the rights or safety of employees, particularly those known to be affected (*i.e.*, Plaintiff); (b) expressly authorized or ratified its managerial-level employees', agents', and contractors' wrongful acts; and (c) in permitting these managerial-level employees, agents, and contractors to commit tortious actions against Plaintiff, or in failing to take immediate and appropriate corrective action when The Behemoth knew of the conduct, The Behemoth acted wrongfully, willfully, oppressively, maliciously, and/or with the intent to harm Plaintiff or with conscious disregard to his rights and/or safety.  Alternatively, The Behemoth's actions constituted or contributed to the intentional discrimination of Plaintiff in the face of a perceived risk that those actions or omissions would violate the law.  Therefore, Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish and deter The Behemoth and all others from harming employees on the basis of sex.

48.     Plaintiff is also entitled to an award of punitive damages in an amount sufficient to punish and deter the Individual Defendants from harming employees on the basis of sex.

Exhibit 1
11

## COUNT II

### RETALIATION IN VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT,
### GOV. CODE, § 12940 *et seq.*
### (AGAINST THE BEHEMOTH)

49.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above.

50.     Plaintiff was an employee for such terms, conditions, and privileges of employment under the control of The Behemoth, including for purposes of applying state and federal antidiscrimination laws.

51.     Plaintiff is protected by FEHA from being subjected to sexual harassment in the workplace on the basis of sex, including hostile work environment.

52.     FEHA, Gov. Code § 12940(h), forbids terminating or otherwise taking adverse action against an employee based on the employee's sex, or based on an employee's opposition to what they reasonably believe to be his employer's discriminatory practices.

53.     Plaintiff opposed unlawful employment discrimination when he complained of repeated discriminatory and harassing actions to management, on the ground that such actions constituted sexual harassment.

54.     The Behemoth terminated, or constructively terminated, Plaintiff because of his opposition to unlawful employment practices.  This retaliatory termination violated FEHA.

55.     As a direct and proximate result of The Behemoth's aforementioned retaliatory conduct, Plaintiff suffered damages including, without limitation, lost income and benefits, mental and emotional distress, humiliation, and pain and suffering, and has incurred costs and attorneys' fees, for which Plaintiff is entitled to recover in an amount to be proven at trial.

56.     Due to the repetitive nature and obviousness of the course of misconduct of its employees, The Behemoth: (a) had advance knowledge that certain of its managerial-level employees, agents, and contractors were engaging in unlawful behavior against Plaintiff and continued to employ the managerial-level employees, agents, and contractors with conscious disregard of the rights or safety of employees, particularly those known to be affected

10
COMPLAINT

**Exhibit 1**

**12**

1   (*i.e.*, Plaintiff); (b) expressly authorized or ratified its managerial-level employees', agents', and

2   contractors' wrongful acts; and (c) in permitting these managerial-level employees, agents, and

3   contractors to commit tortious actions against Plaintiff, or in failing to take immediate and

4   appropriate corrective action when The Behemoth knew of the conduct, The Behemoth acted

5   wrongfully, willfully, oppressively, maliciously, and/or with the intent to harm Plaintiff or with

6   conscious disregard to his rights and/or safety.   Alternatively, The Behemoth's actions

7   constituted or contributed to the intentional discrimination of Plaintiff in the face of a perceived

8   risk that those actions or omissions would violate the law.  Therefore, Plaintiff is entitled to an

9   award of punitive damages in an amount sufficient to punish and deter The Behemoth and all

10  others from harming employees on the basis of sex.

## COUNT III

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (AGAINST THE BEHEMOTH)

14  57.    Plaintiff re-alleges and incorporates by reference each and every allegation

15  contained in the paragraphs above.

16  58.    Plaintiff was an employee for such terms, conditions, and privileges of

17  employment under the control of The Behemoth, including for purposes of applying state and

18  federal antidiscrimination laws.

19  59.    It is the public policy of the California Constitution, art. 1, § 1 and § 8, the

20  California Fair Employment and Housing Act, and/or Title VII that individuals shall not be

21  discriminated against in his employment on the basis of sex (*i.e.*, by being sexually harassed),

22  or based upon the fact that they have made reported sexual harassment in violation of the

23  California Constitution, art. 1, § 1 and § 8, the California Fair Employment and Housing Act,

24  and/or Title VII.

25  60.    Plaintiff was terminated by The Behemoth solely as a consequence of reporting

26  sexual harassment violative of the California Constitution, art. 1, § 1 and § 8, the California Fair

27  Employment and Housing Act, and/or Title VII, which Plaintiff had been subjected to by

28  Defendants, or was constructively discharged because Plaintiff's working conditions and his

1  failure to acquiesce to, *inter alia*, conduct violative of the California Constitution, art. 1, § 1 and

2  § 8, the California Fair Employment and Housing Act, and/or Title VII, rendered his job so

3  intolerable that he was forced to resign.

4    61. As a direct and proximate result of The Behemoth's termination of Plaintiff in

5  violation of public policy, Plaintiff suffered and will continue to suffer pain and suffering,

6  extreme and severe mental anguish, and emotional distress.  Plaintiff suffered and will continue

7  to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is

8  thereby entitled to general and compensatory damages in amounts to be proven at trial.

9    62. The Behemoth's actions were wrongful, willful, oppressive, malicious, and done

10  with the intent to harm Plaintiff or with conscious disregard to the rights and/or safety of

11  Plaintiff.  Plaintiff is thus entitled to an award of punitive damages in an amount sufficient to

12  punish and deter The Behemoth from engaging in such conduct.

13  <u>**COUNT IV**</u>

14  **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, *et seq*.**
**(AGAINST THE BEHEMOTH)**

15

16    63. Plaintiff re-alleges and incorporates by reference each and every allegation

17  contained in the paragraphs above.

18    64. California's Unfair Competition Law ("UCL"), Business and Professions

19  Code § 17200, prohibits any "unlawful…business act or practice."  The Behemoth, through its

20  agents, employees, and/or subsidiaries, in subjecting Plaintiff to a severe and pervasive hostile

21  work environment, and/or in wrongfully terminating Plaintiff, violated the UCL's prohibition

22  against engaging in unlawful acts and practices by, *inter alia*, violating Plaintiff's rights and

23  privileges under the California Constitution, the California Fair Employment and Housing Act,

24  and Title VII.

25    65. The UCL also prohibits any "unfair or fraudulent business act or practice."  As

26  described above, The Behemoth engaged in unfair business acts and practices by subjecting

27  Plaintiff to a severe and pervasive hostile work environment, and/or by wrongfully terminating

28  Plaintiff.   These violations were unfair within the meaning of Business and Professions

**Exhibit 1**

**14**

Code § 17200 in that The Behemoth's conduct is substantially injurious to Plaintiff, offends public policy, and is immoral, unethical, oppressive, unscrupulous, unconscionable, and the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

66.    As a direct and proximate result of The Behemoth's unlawful and unfair business practices, Plaintiff suffered damages in an amount to be proven at trial.

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST THE BEHEMOTH)

67.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above.

68.    The conduct of Stamper and Plaintiff's management-level employees was extreme and outrageous and done with the intention to cause emotional distress to Plaintiff.

69.    By failing to prevent, and then by acquiescing to the extreme and outrageous conduct of Stamper and Plaintiff's management-level employees, The Behemoth permitted its management-level employees to intentionally abuse their positions and authority to threaten, humiliate, and embarrass Plaintiff.

70.    Defendants' extreme and outrageous conduct was calculated by Defendants to cause Plaintiff humiliation, intimidation, embarrassment, mental anguish, and extreme emotional distress, exceeded the inherent risks of employment, and was not the sort of conduct normally expected to occur in the workplace.

71.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered extreme humiliation, embarrassment, intimidation, mental anguish, and emotional and physical distress, and has been injured in his bodies and minds.  Plaintiff is entitled to general and compensatory damages in amounts to be proven at trial.

72.    Defendants' actions were wrongful, willful, oppressive, malicious, and done with the intent to harm Plaintiff or with conscious disregard to the rights and/or safety of Plaintiff. Plaintiff is thus entitled to an award of punitive damages in an amount sufficient to punish and deter Defendants from engaging in such conduct.

Exhibit 1
15

## COUNT VI

**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(AGAINST THE BEHEMOTH)**

73.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above.

74.     As a special employee of Defendants, Plaintiff was owed a duty of due care by Defendants to ensure that he was not exposed to foreseeable harms.

75.     Defendants knew, or should have known, that Plaintiff was being subjected to harassment, and that failing to exercise due care to prevent The Behemoth's employees, officers, agents, or supervisors from engaging in a harassing course of conduct could and would cause Plaintiff to suffer severe emotional distress.

76.     Defendants failed to exercise due care to prevent employees, managers, contractors, supervisors, and/or officers from subjecting Plaintiff to sexual harassment.

77.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## COUNT VII

**FAILURE TO PREVENT HARASSMENT,
GOV. CODE, § 12940(k) *et seq.*
(AGAINST THE BEHEMOTH)**

78.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above.

79.     Plaintiff was an employee for such terms, conditions and privileges of employment under the control of The Behemoth, including for purposes of applying state and federal antidiscrimination laws.

**Exhibit 1**

**16**

80.     As Plaintiff's employer, The Behemoth had a duty under the California Fair Employment and Practices Act, § 12940(k) of the Government Code, to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.  The Behemoth breached this duty by failing to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.

81.     The Behemoth was informed by Plaintiff or otherwise knew that he was subjected to incidents of egregious sexual harassment by Stamper and Plaintiff's management-level employees.

82.     The Behemoth never fully investigated the claims of sexual harassment by Plaintiff, never took sufficient steps to prevent the harassment of Plaintiff, failed to maintain an effective complaint procedure for incidents of sexual harassment, and failed to educate managers regarding proper responses to complaints.

83.     The Behemoth also failed to take all reasonable steps to prevent harassment by not taking adequate remedial action after becoming aware of ongoing sexual harassment.

84.     As a direct and proximate result of The Behemoth's conduct, Plaintiff suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

85.     The Behemoth's actions were wrongful, willful, oppressive, malicious, and done with the intent to harm Plaintiff or with conscious disregard to the rights and/or safety of Plaintiff.  Plaintiff is thus entitled to an award of punitive damages in an amount sufficient to punish and deter The Behemoth from engaging in such conduct.

## COUNT VIII

**HOSTILE WORK ENVIRONMENT/SEXUAL HARASSMENT IN VIOLATION OF
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
42 U.S.C. § 2000(e), et seq.
(AGAINST THE BEHEMOTH)**

86.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above.

87.     Plaintiff was an employee for such terms, conditions, and privileges of employment under the control of The Behemoth, including for purposes of applying state and federal antidiscrimination laws.

88.     Plaintiff is protected by Title VII of the Civil Rights Act of 1964 ("Title VII") from being subjected to sexual harassment in the workplace on the basis of sex, including hostile work environment.

89.     Throughout Plaintiff's employment, The Behemoth subjected Plaintiff to an unwelcome, severe, and pervasive sexually hostile work environment through the sexually-charged actions alleged herein in violation of Title VII.  Plaintiff openly regarded the working environment to be abusive and hostile.

90.     The hostile work environment at The Behemoth altered the terms and conditions of Plaintiff's employment and had the purpose or effect of unreasonably interfering with Plaintiff's ability to perform his employment duties.

91.     The Behemoth's discriminatory behavior was continuous throughout Plaintiff's employment.  Consequently, Plaintiff is entitled to application of the continuing violation or hostile work environment doctrine with respect to the allegations raised herein.

92.     Because the sexually-charged conduct occurred with such regularity that it became routine, a reasonable person in Plaintiff's circumstances would consider the working environment to be abusive or hostile.

93.     As a direct and proximate result of The Behemoth's aforementioned discriminatory and harassing conduct, Plaintiff suffered damages including, without limitation, lost income and benefits, mental and emotional distress, humiliation, and pain and suffering, and

16

**Exhibit 1**

**18**

1   has incurred costs and attorneys' fees, for which Plaintiff is entitled to recover in an amount to

2   be proven at trial.

3       94.     Due to the repetitive nature and obviousness of the course of misconduct of its

4   employees, The Behemoth: (a) had advance knowledge that several of its managerial-level

5   employees, agents, and contractors within its control were engaging in unlawful behavior against

6   Plaintiff and continued to employ the managerial-level employees, agents, and contractors

7   within its control with conscious disregard of the rights or safety of employees, particularly those

8   known to be affected (*i.e.*, Plaintiff); (b) expressly authorized or ratified its managerial-level

9   employees', agents', and contractors' wrongful acts; and (c) in permitting these managerial-

10  level employees, agents, and contractors to commit tortious actions against Plaintiff, The

11  Behemoth acted wrongfully, willfully, oppressively, maliciously, and/or with the intent to harm

12  Plaintiff or with conscious disregard to their rights and/or safety.  Alternatively, The Behemoth's

13  actions constituted or contributed to the intentional discrimination of Plaintiff in the face of a

14  perceived risk that those actions or omissions would violate federal law.  Therefore, Plaintiff is

15  entitled to an award of punitive damages in an amount sufficient to punish and deter The

16  Behemoth and all others from harming employees on the basis of sex.

17                                  **COUNT IX**

18      **RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
                **OF 1964, 42 U.S.C. § 2000(e), et seq.**
19                          **(AGAINST THE BEHEMOTH)**

20      95.     Plaintiff re-alleges and incorporates by reference each and every allegation

21  contained in the paragraphs above.

22      96.     Plaintiff was an employee for such terms, conditions, and privileges of

23  employment under the control of The Behemoth, including for purposes of applying state and

24  federal antidiscrimination laws.

25      97.     Plaintiff is protected by Title VII from being subjected to sexual harassment in

26  the workplace on the basis of sex, including hostile work environment.

27

28

**Exhibit 1**
**19**

98.     Title VII forbids terminating or otherwise taking adverse action against an employee based on the employee's race or based on an employee's opposition to what they reasonably believe to be their employer's racially discriminatory practices.

99.     Plaintiff opposed unlawful employment discrimination when he complained of repeated discriminatory and harassing actions to management, on the ground that such actions constituted sexual harassment.

100.     The Behemoth terminated, or constructively terminated, Plaintiff because of his opposition to unlawful employment practices.  These retaliatory terminations violated Title VII.

101.     As a direct and proximate result of The Behemoth's aforementioned retaliatory conduct, Plaintiff has suffered damages including, without limitation, lost income and benefits, mental and emotional distress, humiliation, and pain and suffering, and has incurred costs and attorneys' fees, for which Plaintiff is entitled to recover in an amount to be proven at trial.

102.     Due to the repetitive nature and obviousness of the course of misconduct of its employees, The Behemoth: (a) had advance knowledge that several of its managerial-level employees, agents, and contractors within its control were engaging in unlawful behavior against Plaintiff and continued to employ the managerial-level employees, agents, and contractors with conscious disregard of the rights or safety of employees, particularly those known to be affected (*i.e.*, Plaintiff); (b) expressly authorized or ratified its managerial-level employees', agents', and contractors' wrongful acts; (c) expressly authorized or ratified retaliation against Plaintiff for complaining of its managerial-level employees', agents', and contractors' wrongful acts; and (d) in permitting these managerial-level employees, agents, and contractors to commit tortious actions against Plaintiff, The Behemoth acted wrongfully, willfully, oppressively, maliciously, and/or with the intent to harm Plaintiff or with conscious disregard to his rights and/or safety. Alternatively, The Behemoth's actions constituted or contributed to the intentional retaliation against Plaintiff in the face of a perceived risk that those actions or omissions would violate federal law.  Therefore, Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish and deter The Behemoth and all others from retaliating against employees on the basis of their opposition to sexual harassment and sex discrimination.

Exhibit 1
20

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.    For general, compensatory, and/or special damages in an amount to be proven at trial;

2.    For punitive damages, in an amount sufficient to punish and deter The Behemoth and all others from harming employees;

3.    For interest at the appropriate rate on the sums awarded;

4.    For costs of suit and attorneys' fees as allowed by law; and

5.    For any and all such other and further relief as the Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

Respectfully Submitted,

Dated: February 19, 2019          JOHNSON FISTEL, LLP

By: _____
KRISTEN O'CONNOR

FRANK J. JOHNSON
655 West Broadway, Suite 1400
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856
kristeno@johnsonfistel.com
frankj@johnsonfistel.com

*Counsel for Plaintiff*

19
COMPLAINT

**Exhibit 1**
**21**

# EXHIBIT A

**Exhibit 1**

**22**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

November 14, 2018

Robert Cleveland
1710 S. Jentilly Ln, #31
Tempe, AZ 85281

RE:   **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 201811-04232014
        Right to Sue: Cleveland / The Behemoth

Dear Robert Cleveland,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
November 2, 2018 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**Exhibit 1**
**23**



# CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
## RIGHT-TO-SUE

Your submission of this document acknowledges that you have read and agree to the DFEH's Privacy Policy. By submitting this document, you are declaring under penalty of perjury under the laws of the State of California that to the best of your knowledge all information stated is true and correct, except matters stated on information and belief, which you believe to be true.

**DFEH CASE NUMBER (IF APPLICABLE):**
201811-04232014

**COMPLAINANT:**

| NAME: | TELEPHONE NUMBER: |
|---|---|
| Robert Cleveland | 858-663-8120 |

| ADDRESS: | EMAIL ADDRESS: |
|---|---|
| 1710 S. Jentilly Lane #31 | kharsus@gmail.com |

CITY/STATE/ZIP:
Tempe, Arizona 85281

**RESPONDENT:**

| NAME: | TELEPHONE NUMBER: |
|---|---|
| The Behemoth c/o Andrew Glatt, Esq. | 619-232-4604 |

ADDRESS:

Judkins Glatt & Rich LLP, 600 B Street, Suite 2350, San Diego, California 92101

CITY/STATE/ZIP:

San Diego, California

NUMBER OF EMPLOYEES: Approx. 22       TYPE OF EMPLOYER: Private

RECEIVED
NOV 2 2018

Department of Fair Employment & Housing
Elk Grove

**Exhibit 1**
**24**

**ADD CO-RESPONDENT:**

    NAME:_____

    TITLE:_____

    ADDRESS:_____

    _____

    TELEPHONE NUMBER:_____

**ADD CO-RESPONDENT:**

    NAME:_____

    TITLE:_____

    ADDRESS:_____

    _____

    TELEPHONE NUMBER:_____

**DATE OF HARM:**

    LAST DATE OF HARM (Month/Day/Year):   02/02/2018_____

1. I ALLEGE THAT I EXPERIENCED: ☑ Discrimination   ☑ Harassment

**BECAUSE OF MY ACTUAL OR PERCEIVED:**

☐ Age (40 and over)

☐ Ancestry

☐ Association with a member of a protected class

☐ Baby Bonding Leave (employers of 20-49 people)

☐ Color

☐ Criminal History

☐ Disability (physical or mental)

☐ Family Care or Medical Leave (CFRA) (employers of 50 or more people)

☐ Gender Identity or Expression

☐ Genetic Information or Characteristic

☐ Marital Status

☐ Medical Condition (cancer or genetic characteristic)

☐ Military and Veteran Status

☐ National Origin (includes language restrictions)

☐ Pregnancy, childbirth, breastfeeding, and/or related medical conditions

☐ Race

☐ Religious creed (includes dress and grooming practices)

☑ Sex/Gender

☑ Sexual harassment – hostile environment

☐ Sexual harassment – quid pro quo

☐ Sexual orientation

☐ Other (specify) _____

Right-to-Sue (DFEH 902-6M) Revised 10/2018

**Exhibit 1**
**26**

**AS A RESULT, I WAS:**

- [✓] Asked impermissible non-job-related questions
- [ ] Demoted
- [✓] Denied a work environment free of discrimination and/or retaliation
- [ ] Denied accommodation for pregnancy
- [ ] Denied accommodation for religious beliefs
- [✓] Denied any employment benefit or privilege
- [ ] Denied Baby Bonding Leave (employers of 20-49 people)
- [ ] Denied employer paid health care while on pregnancy disability leave
- [ ] Denied equal pay
- [ ] Denied Family Care or Medical Leave (CFRA) (employers of 50 or more
- [ ] people) Denied hire or promotion
- [ ] Denied or forced to transfer
- [ ] Denied reasonable accommodation for a disability
- [ ] Denied the right to wear pants
- [ ] Denied work opportunities or assignments
- [ ] Forced to quit
- [✓] Laid off
- [ ] Reprimanded
- [ ] Suspended
- [✓] Terminated
- [ ] Other (specify)_____

I ALLEGE THAT I EXPERIENCED:    [✓] Retaliation

**BECAUSE I:**

- [✓] Participated as a witness in a discrimination or harassment complaint
- [✓] Reported or resisted any form of discrimination or harassment
- [ ] Reported patient abuse (hospital employees only)
- [ ] Requested or used a disability-related accommodation
- [ ] Requested or used a pregnancy-disability-related accommodation
- [ ] Requested or used a religious accommodation
- [ ] Requested or used baby bonding leave (employers of 20-49 people)
- [ ] Requested or used leave under the California Family Rights Act or FMLA (employers of 50 or more people)

Right-to-Sue (DFEH 902-6M) Revised 10/2018

**Exhibit 1**

**27**

**AS A RESULT I WAS:**

☐ Asked impermissible non-job-related questions

☐ Demoted

☑ Denied a work environment free of discrimination and/or retaliation

☐ Denied accommodation for pregnancy

☐ Denied accommodation for religious beliefs

☑ Denied any employment benefit or privilege

☐ Denied baby bonding leave (employers of 20-49 people)

☐ Denied employer paid health care while on pregnancy disability leave

☐ Denied equal pay

☐ Denied Family Care or Medical Leave (CFRA) (employers of 50 or more people)

☐ Denied hire or promotion

☐ Denied or forced to transfer

☐ Denied reasonable accommodation for a disability

☐ Denied the right to wear pants

☐ Denied work opportunities or assignments

☐ Forced to quit

☑ Laid off

☐ Reprimanded

☐ Suspended

☑ Terminated

☐ Other (specify)_____

2. Do you have an attorney who agreed to represent you in this matter? ⬤ Yes ◯ No

   If yes, please provide the attorney's contact information.

**COMPLAINANT'S REPRESENTATIVE INFORMATION**

Attorney Name: Kristen O'Connor

Attorney Firm Name: Johnson Fistel, LLP

Attorney Address: 655 W Broadway Suite 1400

Attorney City, State, and Zip: San Diego, California 92101

3. Briefly describe what you believe to be the reason(s) for the discrimination, harassment, or retaliation. (Optional)

The Behemoth hired Mr. Cleveland in March 2016 through Eastridge Workforce Solutions. From Mr. Cleveland's first day of work through the date of his unlawful and retaliatory termination, The Behemoth subjected Mr. Cleveland and others to systemic and pervasive sexual harassment and engendered, endorsed, and/or ratified a hostile work environment violative of state and federal law. Mr. Cleveland's exposure to The Behemoth's flagrant disregard for its employees and the law was immediately apparent on his first day of work on March 21, 2016, when he observed an obscene doll intentionally placed directly in front of the Company's mounted Equal Employment Opportunity Commission and Department of Fair Employment and Housing posters. The doll depicted a unicorn with ejaculating male genitalia emerging from its head, which Mr. Cleveland's manager, Jay Fernandes, identified to Mr. Cleveland as "the HR rep." Similar dolls were also placed on various employee desks, including Mr. Cleveland's, and disbursed throughout the office. Mr. Cleveland learned later that the doll, referred to by the Company as a "penicorn," was designed by the Company's voiceover actor, Will Stamper ("Stamper") following a Company-endorsed contest where employees were asked to draw male genitalia on a unicorn. Stamper's influence on The Behemoth and its hostile work environment manifested exponentially over the course of Mr. Cleveland's tenure at the Company. Stamper, who is well-known for his voiceover talent in the video game industry, made routine visits to Mr. Cleveland's office throughout 2016, 2017, and 2018. He possessed an employee badge which allowed him to enter the Company's office at will, was listed under the Company's umbrella credit on The Behemoth's games, and routinely engaged with Mr. Cleveland's colleagues during his visits to the office. Because of Stamper's industry clout and because of his frequent interactions with other employees of the Company, many Company employees—including Mr. Cleveland and Mr. Cleveland's supervisors—followed Stamper's Twitter account. Stamper's influence was inextricably linked to The Behemoth's daily business operations and company culture.

Beginning on or around November 2017 through February 2018, Stamper routinely posted obscene, discriminatory, and sexually violent tweets that shocked and distressed Mr. Cleveland. Stamper's tweets were nearly daily discussed on The Behemoth's internal messaging system and fan chat/engagement platform, which were the communication mediums the Company encouraged its staff to utilize during work hours. Mr. Cleveland could not avoid his exposure to Stamper's offensive and harassing tweets because they permeated Mr. Cleveland's work environment on a daily basis. Mr. Cleveland's distress was only exacerbated by The Behemoth's wanton disregard for the safety and protection of its employees: employees, managers, and/or owners of The Behemoth 1) regularly made sexually offensive comments to and around Mr. Cleveland, 2) posted pornographic photos on fixtures around the office and 3) ratified and encouraged Stamper's conduct. Worse, when Mr. Cleveland and his colleagues routinely complained to their managers about Stamper's tweets and the Company's culture, including in writing in December 2017, they failed to take any remedial action whatsoever and in fact ratified Stamper's conduct by continuing to employ Stamper and endorsing his posts on Twitter. As a result, the harassing and obscene tweets and conduct continued throughout 2018 and Mr. Cleveland continued to suffer harm. On February 2, 2018, after months of complaining about Stamper's conduct and the Company's work environment, Mr. Cleveland was terminated from The Behemoth, which he believes was retaliatory for his complaints about the Company's work environment and Stamper.

**VERIFICATION PAGE – THIS PAGE MUST BE COMPLETED**

**Before submitting the form, you must verify who you are and whether you are submitting this information for yourself or someone else.**

Verifier Name:   Kristen O'Connor

Verifier's Relationship to Complainant:  Attorney

Verifier's City and State: San Diego, California

**By submitting this document, you are declaring under penalty of perjury under the laws of the State of California that to the best of your knowledge all information stated is true and correct, except matters stated on information and belief, which you believe to be true.**

Right-to-Sue (DFEH 902-6M) Revised 10/2018

Page 8 of 14

**Exhibit 1
30**

## DEMOGRAPHIC INFORMATION
### THIS INFORMATION IS OPTIONAL AND IS ONLY USED FOR STATISTICAL PURPOSES.

Primary Language:_____     Age: _____

**GENDER / GENDER IDENTITY:**

☐ Male   ☐ Female   ☐ Non-Binary   ☐ Other

**MARITAL STATUS:**

☐ Single   ☐ Married   ☐ Cohabitation   ☐ Divorced

**RACE:**

☐ American Indian, Native American or Alaskan Native     ☐ Native Hawaiian or Other Pacific Islander
☐ Asian     ☐ White
☐ Black or African American     ☐ Other

**ETHNICITY:**

☐ Hispanic or Latino     ☐ Non-Hispanic or Latino

**NATIONAL ORIGIN:**

| | | | |
|---|---|---|---|
| ☐ Afghani | ☐ German | ☐ Japanese | ☐ Other Middle Eastern |
| ☐ American [U.S.A] | ☐ Ghanaian | ☐ Korean | ☐ Pakistani |
| ☐ Asian Indian | ☐ Guamanian | ☐ Laotian | ☐ Puerto Rican |
| ☐ Bangladeshi | ☐ Haitian | ☐ Lebanese | ☐ Salvadoran |
| ☐ Cambodian | ☐ Hawaiian | ☐ Malaysian | ☐ Samoan |
| ☐ Canadian | ☐ Hmong | ☐ Mexican | ☐ Sri Lankan |
| ☐ Chinese | ☐ Indonesian | ☐ Nigerian | ☐ Syrian |
| ☐ Cuban | ☐ Iranian | ☐ Other | ☐ Taiwanese |
| ☐ Dominican | ☐ Iraqi | ☐ Other African | ☐ Thai |
| ☐ Egyptian | ☐ Irish | ☐ Other Asian | ☐ Tongan |
| ☐ English | ☐ Israeli | ☐ Other Caribbean | ☐ Vietnamese |
| ☐ Ethiopian | ☐ Italian | ☐ Other European | |
| ☐ Fijian | ☐ Jamaican | ☐ Other Hispanic/Latino | |
| ☐ Filipino | | | |

Right-to-Sue (DFEH 902-6M) Revised 10/2018

**Exhibit 1**

**31**

## DEMOGRAPHIC INFORMATION
### THIS INFORMATION IS OPTIONAL AND IS ONLY USED FOR STATISTICAL PURPOSES.

**DISABILITY:**

- ☐ AIDS or HIV
- ☐ Blood / Circulation
- ☐ Brain / Nerves / Muscles
- ☐ Digestive / Urinary / Reproduction
- ☐ Hearing
- ☐ Heart
- ☐ Limbs [Arms / Legs]
- ☐ Mental
- ☐ Sight
- ☐ Speech / Respiration
- ☐ Spinal / Back / Respiration
- ☐ Other Disability

**RELIGION:**

- ☐ Agnostic
- ☐ Atheist
- ☐ Bahai
- ☐ Buddhism
- ☐ Catholicism
- ☐ Christianity
- ☐ Confucianism
- ☐ Hinduism
- ☐ Islam
- ☐ Jehovah's Witness
- ☐ Judaism
- ☐ Neo-Paganism
- ☐ Nonreligious
- ☐ Protestantism
- ☐ Primal-indigenous
- ☐ Quakers
- ☐ Rastafarianism
- ☐ Spiritism
- ☐ Shinto
- ☐ Sikhism
- ☐ Taoism
- ☐ Unitarian-Universalism
- ☐ Zoroastrianism
- ☐ Other

**SEXUAL ORIENTATION:**

- ☐ Straight or Heterosexual
- ☐ Gay or Lesbian
- ☐ Bisexual
- ☐ Other

Right-to-Sue (DFEH 902-6M) Revised 10/2018

**Exhibit 1**
**32**

## ATTACHMENT A

The Behemoth hired Mr. Cleveland in March 2016 through Eastridge Workforce Solutions.

From Mr. Cleveland's first day of work through the date of his unlawful and retaliatory termination, The Behemoth subjected Mr. Cleveland and others to systemic and pervasive sexual harassment and engendered, endorsed, and/or ratified a hostile work environment violative of state and federal law. Mr. Cleveland's exposure to The Behemoth's flagrant disregard for its employees and the law was immediately apparent on his first day of work on March 21, 2016, when he observed an obscene doll intentionally placed directly in front of the Company's mounted Equal Employment Opportunity Commission and Department of Fair Employment and Housing posters. The doll depicted a unicorn with ejaculating male genitalia emerging from its head, which Mr. Cleveland's manager, Jay Fernandes, identified to Mr. Cleveland as "the HR rep." Similar dolls were also placed on various employee desks, including Mr. Cleveland's, and disbursed throughout the office. Mr. Cleveland learned later that the doll, referred to by the Company as a "penicorn," was designed by the Company's voiceover actor, Will Stamper ("Stamper") following a Company-endorsed contest where certain employees were asked to draw male genitalia on a unicorn. Stamper's influence on The Behemoth and its hostile work environment manifested exponentially over the course of Mr. Cleveland's tenure at the Company.

Stamper, who is well-known for his voiceover talent in the video game industry, made routine visits to Mr. Cleveland's office throughout 2016, 2017, and 2018. He possessed an employee badge which allowed him to enter the Company's office at will, was listed under the Company's umbrella credit on The Behemoth's games, and routinely engaged with Mr. Cleveland's colleagues during his visits to the office. Because of Stamper's industry clout and because of his frequent interactions with other employees of the Company, many Company employees—including Mr. Cleveland and Mr. Cleveland's supervisors—followed Stamper's Twitter account. Stamper's influence was inextricably linked to The Behemoth's daily business operations and company culture.

Beginning on or around November 2017 through February 2018, Stamper routinely posted obscene, discriminatory, and sexually violent tweets that shocked and distressed Mr. Cleveland. Stamper's tweets were nearly daily discussed on The Behemoth's internal messaging system, Slack, and via its mandatory chat and fan engagement platform, Steam, which were the communication mediums the Company encouraged its staff to utilize during work hours. Mr. Cleveland could not avoid his exposure to Stamper's offensive and harassing tweets because they permeated Mr. Cleveland's work environment on a daily basis. Mr. Cleveland's distress was only exacerbated by The Behemoth's wanton disregard for the safety and protection of its employees: employees, managers, and/or owners of The Behemoth 1) regularly made sexually offensive comments to and around Mr. Cleveland, 2) posted pornographic photos on fixtures around the office, 3) failed to remediate problems in the men's restroom (which had small saloon doors and exposed and humiliated Mr. Cleveland), and 4) ratified and encouraged Stamper's conduct. Worse, when Mr. Cleveland and his colleagues routinely complained to their managers about Stamper's tweets and the Company's culture, including in writing in December 2017, they failed to take any remedial action whatsoever and in fact ratified Stamper's conduct by continuing to employ Stamper and endorsing his posts on Twitter. As a result, the harassing and obscene tweets and conduct continued throughout 2018 and Mr. Cleveland continued to suffer

**Exhibit 1**

33

Attachment A
Page 2 of 2

harm. On February 2, 2018, after months of complaining about Stamper's conduct and the Company's work environment, Mr. Cleveland was terminated from The Behemoth, which he believes was retaliatory for his complaints about the Company's work environment and Stamper.

**Exhibit 1**

**34**

# EXHIBIT B

**Exhibit 1**

**35**

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: **Robert Cleveland**<br>**1710 S Jentilly Lane #31**<br>**Tempe, AZ 85281** | From: **San Diego Local Office**<br>**555 W. Beech Street**<br>**Suite 504**<br>**San Diego, CA 92101** |

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **488-2019-00119** | **Garrett D. Hoover,**<br>**Supervisor** | **(619) 557-7288** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐   More than 180 days have passed since the filing of this charge.

☒   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____          11/20/18
**Christopher S. Green,**                              *(Date Mailed)*
**Local Office Director**

Enclosures(s)

cc:      **John Baez**                                      **Kristen O'Connor**
         **President**                                       **JOHNSON FISTEL LLP**
         **THE BEHEMOTH**                          **655 W Broadway, Suite 1400**
         **302 WASHINGTON ST #616**          **San Diego, CA 92101**
         **San Diego, CA 92103**

**Exhibit 1**

**36**

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the payment, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**Exhibit 1**

37

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>THE BEHEMOTH, a California Corporation; and DOES 1 through 10<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>Robert Cleveland, an individual | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**02/20/2019** at 10:05:22 AM<br>Clerk of the Superior Court<br>By Linda Sheffa,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Hall of Justice Courthouse<br><br>330 W. Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):*<br><br>37-2019-00009443-CU-OE-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Kristen O'Connor (305113), Johnson Fistel, LLP, 655 W. Broadway Suite 1400, San Diego, CA 92101

| | | |
|---|---|---|
| DATE: 02/20/2019<br>*(Fecha)* | Clerk, by<br>*(Secretario)*    *L. Shebba*<br>**L. Sheffa** | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

    under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
             [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
             [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

**Exhibit 1**

**38**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Johnson Fistel, LLP<br>Frank Johnson (174882); Kristen O'Connor (305113)<br>655 West Broadway Suite 1400<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 230-0063   FAX NO.: (619) 255-1856<br>ATTORNEY FOR *(Name):* Plaintiff Robert Cleveland | *FOR COURT USE ONLY*<br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**02/20/2019** at 10:05:22 AM<br>Clerk of the Superior Court<br>By Linda Sheffa, Deputy Clerk |
| --- | --- |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice Courthouse

CASE NAME:
Robert Cleveland v. The Behemoth

| **CIVIL CASE COVER SHEET**<br>[✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | **Complex Case Designation**<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | CASE NUMBER:<br>37-2019-00009443-CU-OE-CTL<br>JUDGE: Judge Kenneth J Medel<br>DEPT: |
| --- | --- | --- |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):* Nine
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 2/19/2019
Kristen O'Connor
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
| --- | --- | --- |

**Exhibit 1**

**39**

# EXHIBIT 2

Exhibit 2
40

# SCHOR VOGELZANG LLP

**Belinda Owens**
**Legal Assistant**

(619) 906-2400
Belinda@schorvogelzang.com

March 13, 2019

<u>VIA U.S. MAIL</u>

Kristen O'Connor, Esq.
Johnson Fistel, LLP
655 West Broadway, Suite 1400
San Diego, California 92101

      Re:    *Robert Cleveland v. The Behemoth*
               San Diego Superior Court
               Case No. 37-2019-00009443-CU-OE-CTL

Dear Ms. O'Connor,

Enclosed is the signed *Notice and Acknowledgment of Receipt–Civil* for your files. If you have any questions or concerns, please do not hesitate to contact our office. Thank you.

Sincerely,

Belinda Owens

Enclosures

**Exhibit 2**
**41**

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Johnson Fistel, LLP<br>Frank Johnson (174882); Kristen O'Connor (305113)<br>655 West Broadway Suite 1400<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 230-0063   FAX NO. *(Optional):* (619) 255-1856<br>E-MAIL ADDRESS *(Optional):* frankj@johnsonfistel.com; kristen@johnsonfistel.com<br>ATTORNEY FOR *(Name):* Plaintiff Robert Cleveland | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice Courthouse

PLAINTIFF/PETITIONER: Robert Cleveland

DEFENDANT/RESPONDENT: The Behemoth

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2019-00009443-CU-OE-CTL |
|---|---|

TO *(insert name of party being served):* The Behemoth

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 2/21/2019

Kristen O'Connor
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
   Civil Case Cover Sheet; Notice of Case Assignment and Case Management Conference;
   and ADR Packet Information

*(To be completed by recipient):*

Date this form is signed: 3/13/19

Lisa Hird Chung
_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1
Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

**Exhibit 2**

42

1   JOHNSON FISTEL, LLP
    Frank J. Johnson, Esq. (SBN 174882)
2   FrankJ@johnsonfistel.com
    Kristen O'Connor, Esq. (SBN 305113)
3   KristenO@johnsonfistel.com
    655 West Broadway, Suite 1400
4   San Diego, CA 92101
    Telephone: (619) 230-0063
5   Facsimile: (619) 255-1856

6   *Counsel for Plaintiff*

7

8                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                       **FOR THE COUNTY OF SAN DIEGO**

10  ROBERT CLEVELAND,                    Case No.:   37-2019-00009443-CU-OE-CTL
    an individual,
11                                       *[Case Assigned for All Purposes to the*
              Plaintiff,                 *Hon. Kenneth J. Medel, Dept. C-66]*
12
          v.
13                                       **PROOF OF SERVICE**
    THE BEHEMOTH, a California
14  corporation; and DOES 1 through 10.
                                         Complaint Filed: February 19, 2019
15            Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28                                       1

                            PROOF OF SERVICE
                    Case No.:37-2019-00009443-CU-OE-CTL

**Exhibit 2**
43

## PROOF OF SERVICE

I am employed in the County of San Diego.  I am over the age of eighteen years and not a party to the within entitled action.  My business address is 655 West Broadway, Suite 1400, San Diego, CA.  On March 14, 2019, I served the following documents:

1)    **NOTICE AND ACKNOWLEDGMENT OF RECEIPT**

☒    **[BY MAIL]**  By placing a true copy thereof in a sealed envelope addressed as below, and placing it for collection and mailing following ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business on the interested parties listed below.

Lisa Hird Chung, Esq.
SCHOR VOGELZANG LLP
600 B Street, Suite 2200
San Diego, California 92101
Telephone: (619) 906-2400
lisa@schorvogelzang.com

*Counsel for Defendant, The Behemoth*

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.  Executed on March 14, 2019, at San Diego, California.

Serena Lee

2

# EXHIBIT 3

Exhibit 3

45

1  Lisa Hird Chung (SBN 246766)
   Janelle R. Thornton (SBN 294514)
2  **SCHOR VOGELZANG LLP**
   2170 Fourth Avenue
3  San Diego, CA 92101
   Telephone: 619.906.2400
4  Facsimile: 619.906.2401
   E-mail:   Lisa@SchorVogelzang.com
5             Janelle@SchorVogelzang.com

6  Attorneys for Defendant The Behemoth

7

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**04/08/2019** at 12:31:00 PM

Clerk of the Superior Court
By Marc David,Deputy Clerk

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **COUNTY OF SAN DIEGO, CENTRAL DIVISION**

10 ROBERT CLEVELAND, an individual,        Case No. 37-2019-00009443-CU-OE-CTL

11            Plaintiff,                   **DEFENDANT'S ANSWER TO**
                                           **COMPLAINT**
12      v.
                                           Judge:          Hon. Kenneth J. Medel
13 THE BEHEMOTH, a California corporation; and   Dept.            C-66
   DOES 1 through 10.                      Complaint Filed: February 20, 2019
14
15            Defendants.

16

17      Defendant The Behemoth ("Defendant") answers the unverified Complaint of plaintiff

18 Robert Cleveland ("Plaintiff") as follows:

19                    **I.    GENERAL DENIAL**

20      1.      Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies

21 each and every material allegation in each of the causes of action asserted in Plaintiff's Complaint.

22 Defendant further denies that Plaintiff has sustained or will sustain any loss or damage due to any

23 of Defendant's acts or omissions or the acts or omissions of Defendant's agents, servants, or

24 employees.

25                   **II.   AFFIRMATIVE DEFENSES**

26      2.      Without admitting any facts alleged by Plaintiff, Defendant pleads the following

27 separate and additional affirmative defenses to Plaintiff's Complaint and to each cause of action

28 purportedly stated therein.  Defendant pleads these affirmative defenses on information and belief

                                    1

and, except as expressly stated otherwise, each defense applies to the entire Complaint and to each purported cause of action or claim for relief therein. Defendant reserves the right to amend or withdraw any or all affirmative defenses. By setting forth these affirmative defenses, Defendant does not assume the burden of providing any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended to nor shall it be interpreted as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

3.      Each of Plaintiff's claims is barred due to Plaintiff's failure to state facts sufficient to constitute any cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

(No Employment Relationship)

4.      Plaintiff's first through fourth and seventh through ninth causes of action fail because no employment relationship existed between Plaintiff and Defendant.

## THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

5.      As to the Complaint and the claims for relief therein, Defendant alleges that Plaintiff is barred from recovery by reason of his unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

6.      As to the Complaint and the claims for relief therein, Plaintiff is estopped by his conduct, acts or omissions from asserting claims, recovering damages, or seeking other relief from Defendant.

## FIFTH AFFIRMATIVE DEFENSE

(Waiver)

7.      Plaintiff by his actions and conduct has waived any and all claims, rights and/or demands that he may have and upon which the Complaint and claims for relief therein are based.

### SIXTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

8.      On information and belief, Defendant alleges that Plaintiff failed to take all reasonable steps to avoid or mitigate his alleged damages, which damages could have been avoided in whole or in part had Plaintiff taken such reasonable steps, and he is therefore barred in whole or in part from recovering monetary damages.

### SEVENTH AFFIRMATIVE DEFENSE

(Proximate Cause)

9.      None of the acts, conduct, and/or omissions attributed to Defendant in the Complaint may be regarded as the actual or proximate cause of any damages Plaintiff seeks to recover.

### EIGHTH AFFIRMATIVE DEFENSE

(Legitimate Business Purpose)

10.      Each of Plaintiff's causes of action in the Complaint is barred because Defendant's actions taken with respect to Plaintiff were justified by legitimate, bona fide, non-discriminatory business reasons unrelated to any unlawful basis.

### NINTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

11.      Plaintiff's Complaint and the causes of action therein are barred by the doctrine of after-acquired evidence.

### TENTH AFFIRMATIVE DEFENSE

(Act or Omission by Plaintiff)

12.      Plaintiff's Complaint and the causes of action therein are barred, in whole or in part, because the loss or harm sustained by Plaintiff, if any, resulted from Plaintiff's own acts or omissions and was not due to any act or omission on part of Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

(Superseding or Intervening Cause)

13.      As to the Complaint and the claims for relief therein, any and all injuries and damages sustained or suffered by Plaintiff were proximately caused or contributed to by the acts or omissions of other persons or entities.  Said acts or omissions were an intervening and/or superseding cause of

1   the injuries, if any, thus barring Plaintiff from any recovery against Defendant.

2   ## TWELFTH AFFIRMATIVE DEFENSE

3   (No Managing Agent)

4   14.   Without admitting any wrongful conduct by Defendant or any of Defendant's

5   employees, to the extent the alleged wrongdoing was undertaken by any of Defendant's employees

6   outside the course and scope of their employment, Defendant is not liable for the resulting damages,

7   if any.

8   ## THIRTEENTH AFFIRMATIVE DEFENSE

9   (Reasonable Good Faith)

10   15.   At all relevant times as alleged in Plaintiff's Complaint, Defendant had a subjective

11   good faith belief that Defendant's treatment of Plaintiff was appropriate and did not violate any

12   applicable laws, and Defendant's good faith belief was reasonable.

13   ## FOURTEENTH AFFIRMATIVE DEFENSE

14   (Damages Not Ascertainable)

15   16.   Defendant alleges that some or all of the claims for damages in the Complaint are

16   barred because the damages alleged, if any, are not ascertainable in their nature and origin and

17   therefore cannot be recovered pursuant to California Civil Code section 3301.

18   ## FIFTEENTH AFFIRMATIVE DEFENSE

19   (Same Decision)

20   17.   Plaintiff's Complaint and the causes of action therein are barred, in whole or in part,

21   because assuming the presence of improper motive(s), the prohibited motive was not a substantial

22   factor in any decision, and Defendant would have made the same decision(s) with respect to

23   Plaintiff in the absence of a prohibited motive.

24   ## SIXTEENTH AFFIRMATIVE DEFENSE

25   (Reasonable Care)

26   18.   Plaintiff's claims are barred, in whole or in part, because Defendant exercised

27   reasonable care to promptly prevent and correct any alleged harassing, discriminatory, and/or

28   retaliatory conduct.

4

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Avoidable Consequences)

19.    Plaintiff's causes of action are barred, in whole or in part, or the recovery is reduced, based on the doctrine of avoidable consequences because Plaintiff failed to utilize readily available and effective corrective measures.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Justification and Privilege)

20.    Defendant's actions respecting the subject matters alleged in Plaintiff's causes of action, and each of them, were undertaken to exercise Defendant's legal rights or to protect its economic interests, with a good-faith belief that Defendant had a legal right to engage in the conduct and in the absence of malicious intent to injure Plaintiff, and constitute lawful, proper, and justified means consistent with community standards to further Defendant's sole purpose of engaging in and continuing its businesses.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Ratification)

21.    Plaintiff's claims are barred, in whole or in part, because Plaintiff ratified, consented to or acquiesced to Defendant's acts or omissions.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

22.    All of Plaintiff's causes of action are barred by the applicable statutes of limitations, including but not limited to those limitations set forth in California Code of Civil Procedure sections 335.1, 337, 338, 339, 340, and 343, California Government Code §§ 12900 *et seq.*, and 42 U.S.C. §§ 2000 *et seq.*, as well as any  other statutes that might include applicable time bars.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Workers' Compensation Preemption)

23.    All claims for physical or emotional distress other than arising out of discrimination are preempted by the California Workers' Compensation Act.

/ /

1

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

2

(Punitive Damages Unconstitutional)

3

24.      Regarding all of Plaintiff's causes of action, imposition of punitive damages would

4

violate Defendant's due process and equal protection rights under the United States Constitution.

5

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

6

(Reservation of Additional Affirmative Defenses)

7

25.      Defendant does not presently know all of the facts and circumstances respecting

8

Plaintiff's claims.  Defendant reserves the right to amend its Answer should it later discover facts

9

demonstrating the existence of additional affirmative defenses.

10

**III.    PRAYER**

11

WHEREFORE, Defendant prays for judgment as follows:

12

1.      That Plaintiff's Complaint and the claim therein be dismissed with prejudice;

13

2.      That Plaintiff take nothing by virtue of this action;

14

3.      For costs of suit incurred herein, including attorneys' fees;

15

4.      For an order of this Court denying all relief sought by Plaintiff herein; and

16

5.      For such other and further relief as this Court may deem just and proper.

17

Dated: April 8, 2019              **SCHOR VOGELZANG LLP**

18

19

By:    _____

Lisa Hird Chung

20

Janelle R. Thornton

Attorneys for Defendant The Behemoth

21

22

23

24

25

26

27

28

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:  330 W Broadway<br>MAILING ADDRESS:  330 W Broadway<br>CITY AND ZIP CODE:  San Diego CA 92101-3827<br>BRANCH NAME:  Central | |

| Short Title: Cleveland vs The Behemoth [IMAGED] | |
|---|---|

| NOTICE OF CONFIRMATION OF ELECTRONIC FILING | CASE NUMBER:<br>37-2019-00009443-CU-OE-CTL |
|---|---|

San Diego Superior Court has reviewed the electronic filing described below. The fee assessed for processing and the filing status of each submitted document are also shown below.

**Electronic Filing Summary Data**

| | |
|---|---|
| Electronically Submitted By: | LISA CHUNG |
| On Behalf of: | The Behemoth |
| Transaction Number: | 2627147 |
| Court Received Date: | 04/08/2019 |
| Filed Date: | 04/08/2019 |
| Filed Time: | 12:31 PM |
| Fee Amount Assessed: | $435.00 |
| Case Number: | 37-2019-00009443-CU-OE-CTL |
| Case Title: | Cleveland vs The Behemoth [IMAGED] |
| Location: | Central |
| Case Type: | Other employment |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| **Status** | **Documents Electronically Filed/Received** |
|---|---|
| Accepted | Answer |
| Accepted | Proof of Service by Mail |

**Comments**

**Clerk's Comments:**

**Electronic Filing Service Provider Information**

| | |
|---|---|
| Service Provider: | OneLegal |
| Email: | support@onelegal.com |
| Contact Person: | Customer Support |
| Phone: | (800) 938-8815 |

1  Julie A. Vogelzang (SBN 174411)
   Lisa Hird Chung (SBN 246766)
2  Janelle Thornton (SBN 294514)
   **SCHOR VOGELZANG LLP**
3  2170 Fourth Avenue
   San Diego, CA 92101
4  Telephone: 619.906.2400
   Facsimile: 619.906.2401
5  E-mail:    Julie@SchorVogelzang.com
              Lisa@SchorVogelzang.com
6              Janelle@SchorVogelzang.com

7  Attorneys for Defendant The Behemoth

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**04/08/2019** at 12:31:00 PM
Clerk of the Superior Court
By Marc David, Deputy Clerk

8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                    **COUNTY OF SAN DIEGO**

11  ROBERT CLEVELAND, an individual,        Case No. 37-2019-00009443-CU-OE-CTL

12              Plaintiff,

13          v.                              **PROOF OF SERVICE**

14  THE BEHEMOTH, a California corporation; and   Assigned for All Purposes To:
    DOES 1 through 10.
15                                          Judge:        Hon. Kenneth J. Medel
                                            Dept.         C-66
16              Defendants.                 Complaint Filed:   February 20, 2019

17

18          I am employed in the County of San Diego, State of California.  I am over the age of 18 and

19  not a party to the within action; my business address is **2170 Fourth Avenue, San Diego, CA**

20  **92101.**

21          On April 8, 2019, I served the documents described as:

22

23          **DEFENDANT'S ANSWER TO COMPLAINT**

24  on all counsel listed below by the following means:

25

26

27

28

                                       1

| | |
|---|---|
| Frank J. Johnson, Esq.<br>Kristen O'Connor, Esq.<br>JOHNSON FISTEL, LLP<br>655 West Broadway, Suite 1400<br>San Diego, CA 92101-2013<br>Phone: (619) 230-0063 / Fax: (619) 255-1856<br>Email: FrankJ@johnsonfistel.com<br>       KristenO@johnsonfistel.com | Attorneys for Plaintiff Robert Cleveland |

☐ **(BY PERSONAL SERVICE) [C.C.P. § 1011]** I caused to be delivered such envelope by hand via messenger service, Cal Express, to the parties listed above and left the envelope with the party, the receptionist or person in charge thereof between the hours of 9:00 a.m. and 5:00 p.m.

☒ **(BY MAIL) [C.C.P. § 1013(a)(3) Business Practice to Entrust Deposit to Others]** I placed such envelope for collection, deposit and mailing with the United States Postal Service following ordinary business practices at my place of business. I am readily familiar with the business practice of my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. I am aware that, on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

☐ **(BY FACSIMILE) [C.C.P. § 1013(e), (f)]** I caused a true copy of the document(s) to be transmitted via facsimile to a facsimile machine maintained by the person on whom the document(s) is served. Facsimile service has been agreed upon by the parties. I am aware that the service is complete at the time of transmission, but any period of notice shall be extended after service by facsimile transmission by two <u>court</u> days.

☐ **(BY FEDEX) [C.C.P. § 1013(c)]** I deposited such envelope in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by this express service carrier to receive documents in an envelope or other package designated by this express service carrier, with delivery fees paid or provided for.

2

1   ☐ **(BY ELECTRONIC SERVICE):** On _____, at **San Diego, California**,

2   I attached a true and correct copy of the above-entitled document(s) to the One Legal LLC electronic

3   court service system and requested that system to serve all of the above attorneys.

4   ☐ **(BY ELECTRONIC MAIL):** I attached a true and correct copy of the above-entitled

5   document(s) to the email sent to each of the listed counsel to the email address noted above.

6   ☐ **(BY ELECTRONIC SERVICE):** I attached a true and correct copy of the above-

7   entitled document(s) to the Lexis/Nexis website Court service system.

8   ☒ **STATE:** I declare under penalty of perjury under the laws of the State of California

9   that the foregoing is true and correct.

10   ☐ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this

11   Court at whose direction the service was made.

12   Executed on April 8, 2019, at San Diego, California.

13

14   Belinda M. Owens

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1    JOHNSON FISTEL, LLP
Frank J. Johnson, Esq. (SBN 174882)
2    FrankJ@johnsonfistel.com
Kristen O'Connor, Esq. (SBN 305113)
3    KristenO@johnsonfistel.com
655 West Broadway, Suite 1400
4    San Diego, CA 92101
Telephone: (619) 230-0063
5    Facsimile: (619) 255-1856

6    *Counsel for Plaintiff*

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF SAN DIEGO**

10   ROBERT CLEVELAND,              Case No.:   37-2019-00009443-CU-OE-CTL
     an individual,
11                                  *[Case Assigned for All Purposes to the*
                    Plaintiff,      *Hon. Kenneth J. Medel, Dept. C-66]*
12
          v.
13                                  **NOTICE OF ENTRY OF ORDER**
     THE BEHEMOTH, a California
14   corporation; and DOES 1 through 10.
                                    Complaint Filed: February 19, 2019
15                   Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         1

1    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2          PLEASE TAKE NOTICE that on March 6, 2019, the Court in the above-referenced

3    matter entered the attached Order.

4

5                                        Respectfully Submitted,

6    Dated: March 11, 2019              JOHNSON FISTEL, LLP

7
                                        By: _____
8                                           KRISTEN O'CONNOR

9                                        FRANK J. JOHNSON
                                         655 West Broadway, Suite 1400
10                                       San Diego, CA 92101
                                         Telephone: (619) 230-0063
11                                       Facsimile: (619) 255-1856
                                         kristeno@johnsonfistel.com
12                                       frankj@johnsonfistel.com

13                                       *Counsel for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF SAN DIEGO
## CENTRAL

## MINUTE ORDER

DATE: 03/06/2019             TIME: 08:30:00 AM      DEPT: C-66

JUDICIAL OFFICER PRESIDING: Kenneth J Medel
CLERK: Grachelle Mendoza
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: V. Acevedo

CASE NO: **37-2019-00009443-CU-OE-CTL**  CASE INIT.DATE: 02/20/2019
CASE TITLE: **Cleveland vs The Behemoth [IMAGED]**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

---

**EVENT TYPE**: Ex Parte

---

**APPEARANCES**
Kristen L. O'Connor, counsel, present for Plaintiff(s).

**PLAINTIFF'S EX PARTE APPLICATION FOR ENTRY OF NUNC PRO TUNC ORDER DEEMING PLAINTIFF'S COMPLAINT FILED ON 2/19/2019**

Plaintiff's counsel represents to the Court that defense counsel does not oppose the ex parte request.

The Court, having read the moving papers and having heard from counsel, grants the application.

Plaintiff's complaint is deemed filed as of 2/19/2019.

*Kenneth J. Medel*

_____
Judge Kenneth J Medel

---

DATE: 03/06/2019                    MINUTE ORDER                        Page 1
DEPT: C-66                                                         Calendar No. 1

**Exhibit 3**

**58**

1   JOHNSON FISTEL, LLP
    Frank J. Johnson, Esq. (SBN 174882)
2   FrankJ@johnsonfistel.com
    Kristen O'Connor, Esq. (SBN 305113)
3   KristenO@johnsonfistel.com
    655 West Broadway, Suite 1400
4   San Diego, CA 92101
    Telephone: (619) 230-0063
5   Facsimile: (619) 255-1856

6   *Counsel for Plaintiff*

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF SAN DIEGO**

10  ROBERT CLEVELAND,              Case No.:   37-2019-00009443-CU-OE-CTL
    an individual,
                                   *[Case Assigned for All Purposes to the*
11            Plaintiff,           *Hon. Kenneth J. Medel, Dept. C-66]*

12       v.

13  THE BEHEMOTH, a California     **PROOF OF SERVICE OF NOTICE OF**
    corporation; and DOES 1 through 10.   **ENTRY OF ORDER**
14
              Defendants.
15                                 Complaint Filed: February 19, 2019

16

17

18

19

20

21

22

23

24

25

26

27

28                                    1

---

**PROOF OF SERVICE**

1

2  I am employed in the County of San Diego.  I am over the age of eighteen years and not

3 a party to the within entitled action.  My business address is 655 West Broadway, Suite 1400,

4 San Diego, CA.  On March 11, 2019, I served the following documents:

5  **1)**  **NOTICE OF ENTRY OF ORDER**

6  ☒  **[BY MAIL]**  By placing a true copy thereof in a sealed envelope addressed as
below, and placing it for collection and mailing following ordinary business practices.  I am

7 readily familiar with the firm's practice of collection and processing correspondence for mailing.
Under that practice it would be deposited with the U.S. Postal Service on that same day with

8 postage thereon fully prepaid at San Diego, California, in the ordinary course of business on the
interested parties listed below.

9

10 Lisa Hird Chung, Esq.
SCHOR VOGELZANG LLP

11 600 B Street, Suite 2200
San Diego, California 92101

12 Telephone: (619) 906-2400
lisa@schorvogelzang.com

13

14 *Counsel for Defendant The Behemoth*

15  I declare under penalty of perjury under the laws of the State of California, that the above

16 is true and correct.  Executed on March 11, 2019, at San Diego, California.

17

18          Serena Lee

19

20

21

22

23

24

25

26

27

28         2

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | *FOR COURT USE ONLY* |
|---|---|
| Johnson Fistel, LLP<br>Frank Johnson (174882); Kristen O'Connor (305113)<br>655 West Broadway Suite 1400, San Diego, CA 92101<br><br>TELEPHONE NO.: (619) 230-0063    FAX NO.(Optional): (619) 255-1856<br>EMAIL ADDRESS (Optional): frankj@johnsonfistel.com; kristeno@johnsonfistel.com<br>ATTORNEY FOR (Name): Plaintiff Robert Cleveland | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☐ CENTRAL DIVISION, CENTRAL COURTHOUSE, 1100 UNION ST., SAN DIEGO, CA 92101
☒ CENTRAL DIVISION, HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101
☐ CENTRAL DIVISION, KEARNY MESA, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123
☐ CENTRAL DIVISION, JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123
☐ CENTRAL DIVISION, JUV. MINOR OFFENSE, 2901 MEADOW LARK DR., SAN DIEGO, CA 92123
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910

| PLAINTIFF(S)/PETITIONER(S)<br>Robert Cleveland | |
|---|---|
| DEFENDANT(S)/ RESPONDENT(S)<br>The Behemoth | JUDGE/DEPT<br>Hon. Kenneth J. Medel, Dept. C-66 |
| **EX PARTE APPLICATION AND ORDER** | CASE NUMBER<br>37-2019-00009443-CU-OE-CTL |

Hearing Date: 3/06/2019       Time: 8:30       ☒ a.m. ☐ p.m.       ☐ Opposed ☒ Unopposed

1. Type of relief requested: Entry of nunc pro tunc order deeming Plaintiff's complaint filed on February 19, 2019.

2. Reason(s) ex parte relief is necessary: See Memorandum in Support of Plaintiff's Ex Parte Application, the Declaration of Kristen O'Connor in Support of Plaintiff's Ex Parte Application, and the Declaration of Serena Lee in Support of Plaintiff's Ex Parte Application filed concurrently herewith.

3. Name of opposing parties (or attorneys): Lisa Hird Chung, Esq., Schor Vogelzang LLP

4. Was notice of the ex parte application given to the opposing parties? ☒ Yes ☐ No

5. ☒ **NOTICE GIVEN:** The opposing parties were notified of the relief request and that the ex parte application would be heard by the court on *(date)* 3/6/19 _____, at *(time)* 8:30 _____ ☒ a.m. ☐ p.m., as indicated below:

   a. Notice was given to the ☒ attorney for the ☐ plaintiff/petitioner ☒ defendant/respondent.

   b. Notification occurred on *(date)*: 2/27/19 _____, at *(time)* 2:11 _____ ☐ a.m. ☒ p.m.

   c. Manner of notification:

      ☐ By telephone. Name of the person you spoke to: _____

      ☐ By letter ☐ mailed ☐ personally delivered on *(date)* _____, at *(time)* _____ ☐ a.m. ☐ p.m.

      ☐ By fax *(specify fax number)* _____, which I know to be the fax number of the person served.

      ☒ Other manner of notification *(specify)*: Electronic mail _____

   d. Response to notice: Ms. Chung replied by electronic mail on February 27, 2019: "No opposition"

---

SDSC ADM-252 (Rev. 3/12)                **EX PARTE APPLICATION AND ORDER**                Page 1 of 2

**Exhibit 3**
**61**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Cleveland v. The Behemoth | 37-2019-00009443-CU-OE-CTL |

☐ **NOTICE NOT GIVEN:** Notice of the application was not given for the reason(s) indicated below:

    ☐ Notice of the ex parte application would frustrate the purpose of the order sought for the following reason(s):

_____

_____

_____

    ☐ Applicant would suffer immediate and irreparable harm before the matter can be heard on notice. *(explain in detail the nature of the immediate and irreparable harm):* _____

_____

_____

    ☐ A reasonable and good faith effort to notify the opposing party was made but notification was unsuccessful. *(describe in detail attempts made):* _____

_____

_____

6.  Have you appeared ex parte before for the same relief? ☐ Yes ☒ No.    If yes, relief was ☐ granted ☐ denied

7.  If required, have Points & Authorities been submitted? *(Cal. Rules of Court, rule 3.1202)* ☒ Yes ☐ No

**I declare under penalty of perjury under the laws of the State of California that the above information and all attachments are true and correct.**

Date: March 1, 2019 _____       _Kristin O'Connor_ _____

                                                             Signature

<strong>ORDER</strong>

**IT IS SO ORDERED.**

☐ The requested relief is ☐ DENIED ☐ GRANTED as follows: _____ _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

☐ Hearing is continued to _____ at _____ ☐ a.m. ☐ p.m. in dept. _____.

Date: _____       _____

                                           Judge/Commissioner of the Superior Court

<strong>Exhibit 3</strong><br/><strong>62</strong>

1  JOHNSON FISTEL, LLP
Frank J. Johnson, Esq. (SBN 174882)
2  FrankJ@johnsonfistel.com
Kristen O'Connor, Esq. (SBN 305113)
3  KristenO@johnsonfistel.com
655 West Broadway, Suite 1400
4  San Diego, CA 92101
Telephone: (619) 230-0063
5  Facsimile: (619) 255-1856

6  *Counsel for Plaintiff*

7

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **FOR THE COUNTY OF SAN DIEGO**

10 ROBERT CLEVELAND,                    Case No.:   37-2019-00009443-CU-OE-CTL
an individual,
11                                       [*Case Assigned for All Purposes to the
Plaintiff,                *Hon. Kenneth J. Medel, Dept. C-66]*
12
v.
13                                       **MEMORANDUM IN SUPPORT OF
THE BEHEMOTH, a California              PLAINTIFF ROBERT CLEVELAND'S EX
14 corporation; and DOES 1 through 10.  PARTE APPLICATION FOR NUNC PRO
TUNC ORDER DEEMING COMPLAINT
15 Defendants.                          AS FILED ON THE ORIGINAL FILING
DATE**
16
17                                       [*Filed concurrently with Plaintiff's Ex Parte
Application and Order, Declaration of Kristen
18                                       O'Connor, and Declaration of Serena Lee in
Support of Plaintiff's Ex Parte Application and
19                                       Order]*
20
21
22      Plaintiff Robert Cleveland ("Plaintiff"), through his undersigned counsel, hereby moves
23 for the entry of an Order *nunc pro tunc*, deeming as filed on February 19, 2019, the original
24 filing date, Plaintiff's complaint against The Behemoth (the "Motion").   In support of his
25 Motion, Plaintiff states as follows:
26      1.      On February 19, 2019, Plaintiff originally filed his complaint against The
27 Behemoth.  *See* Declaration of Kristen O'Connor ("O'Connor Decl."), at ¶ 2.
28

1
MEMORANDUM IN SUPPORT OF PLAINTIFF ROBERT CLEVELAND'S EX PARTE APPLICATION
FOR NUNC PRO TUNC ORDER DEEMING COMPLAINT AS FILED ON THE ORIGINAL FILING DATE;
Case No.:37-2019-00009443-CU-OE-CTL

Exhibit 3
63

2.     On the next court day, February 20, 2019, the Clerk rejected the filing because of an apparent clerical error, in that the PDF containing Plaintiff's exhibits was not bookmarked. *See* O'Connor Decl., at ¶ 3.  Immediately thereafter, Plaintiff resubmitted the documents with the corrections that the Clerk required, but with no substantive change.

3.     Plaintiff's counsel has previously filed complaints in this Court where the PDF containing Plaintiff's exhibits was not bookmarked, and the filing was not rejected. *See* O'Connor Decl., at ¶ 4.

4.     Pursuant to this Court's Electronic Filing Requirements of the San Diego Superior Court—Civil Division, page 1, "documents that are determined to be unacceptable for eFiling by the Court due to eFiling system restrictions or for failure to comply with these requirements will be rejected subject to being allowed to be filed nunc pro tunc to the original submittal date upon ex-parte application to the court and upon good cause shown."

5.     A *nunc pro tunc* order is allowed for the purpose of preserving the rights of litigants.  *Hess v. Gross,* 56 Cal. App. 2d 529, 532 (1943).  "All courts have the inherent power to enter orders nunc pro tunc to show that a thing was done at one time which ought to have been shown at that time.  It is an entry now for something previously done so that the record may actually speak the truth."  *Martin v. Martin*, 2 Cal. 3d 752, 760-761 (1970) (internal citations omitted).

6.     Because the filing date of Plaintiff's complaint is potentially consequential to certain of Plaintiff's claims, a *nunc pro tunc* order will "preserve the rights" of Plaintiff providing good cause for the relief sought herein.  *Hess*, 56 Cal. App. 2d 529, 532 (1943). *See* O'Connor Decl., at ¶ 5.

7.     The requested relief will cause Defendant The Behemoth no prejudice because Plaintiff's submitted original documents are in substance identical to the versions that the Clerk subsequently accepted and filed.  *See* O'Connor Decl., at ¶ 4.

8.     Defendant The Behemoth does not oppose this Motion.  *See* O'Connor Decl., at ¶ 6.

MEMORANDUM IN SUPPORT OF PLAINTIFF ROBERT CLEVELAND'S EX PARTE APPLICATION FOR NUNC PRO TUNC ORDER DEEMING COMPLAINT AS FILED ON THE ORIGINAL FILING DATE; Case No.:37-2019-00009443-CU-OE-CTL

**Exhibit 3**

1    9.    Plaintiff therefore respectfully submits that this ex parte application should be

2    granted and that the Court should issue a *nunc pro tunc* order deeming Plaintiff's complaint as

3    filed on February 19, 2019.

4                                                    Respectfully Submitted,

5    Dated: March 1, 2019                            JOHNSON FISTEL, LLP

6

7    By: _____
                                                     KRISTEN O'CONNOR

8                                                    FRANK J. JOHNSON
9                                                    655 West Broadway, Suite 1400
                                                     San Diego, CA 92101
10                                                   Telephone: (619) 230-0063
                                                     Facsimile: (619) 255-1856
11                                                   kristeno@johnsonfistel.com
                                                     frankj@johnsonfistel.com

12                                                   *Counsel for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 3

65

**PROOF OF SERVICE**

I am employed in the County of San Diego.  I am over the age of eighteen years and not a party to the within entitled action.  My business address is 655 West Broadway, Suite 1400, San Diego, CA.  On March 1, 2019, I served the following documents:

    1)    **PLAINTIFF'S EX PARTE APPLICATION AND ORDER;**

    2)    **MEMORANDUM IN SUPPORT OF PLAINTIFF ROBERT CLEVELAND'S EX PARTE APPLICATION FOR *NUNC PRO TUNC* ORDER DEEMING COMPLAINT AS FILED ON THE ORIGINAL FILING DATE;**

    3)    **DECLARATION OF KRISTEN O'CONNOR IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR *NUNC PRO TUNC* ORDER DEEMING COMPLAINT AS FILED ON THE ORIGINAL FILING;**

    4)    **DECLARATION OF SERENA LEE IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR *NUNC PRO TUNC* ORDER DEEMING COMPLAINT AS FILED ON THE ORIGINAL FILING DATE; AND**

    5)    **[PROPOSED] ORDER *NUNC PRO TUNC* DEEMING PLAINTIFF'S COMPLAINT AS FILED ON THE ORIGINAL FILING DATE**

☒    **[BY MAIL]**  By placing a true copy thereof in a sealed envelope addressed as below, and placing it for collection and mailing following ordinary business practices.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course of business on the interested parties listed below.

Lisa Hird Chung, Esq.
SCHOR VOGELZANG LLP
600 B Street, Suite 2200
San Diego, California 92101
Telephone: (619) 906-2400
lisa@schorvogelzang.com

*Counsel for Defendant, The Behemoth.*

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct.  Executed on March 1, 2019, at San Diego, California.

_____
Serena Lee

4
MEMORANDUM IN SUPPORT OF PLAINTIFF ROBERT CLEVELAND'S EX PARTE APPLICATION
FOR NUNC PRO TUNC ORDER DEEMING COMPLAINT AS FILED ON THE ORIGINAL FILING DATE;
Case No.:37-2019-00009443-CU-OE-CTL

Exhibit 3

66

1  JOHNSON FISTEL, LLP
   Frank J. Johnson, Esq. (SBN 174882)
2  FrankJ@johnsonfistel.com
   Kristen O'Connor, Esq. (SBN 305113)
3  KristenO@johnsonfistel.com
   655 West Broadway, Suite 1400
4  San Diego, CA 92101
   Telephone: (619) 230-0063
5  Facsimile: (619) 255-1856

6  *Counsel for Plaintiff*

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF SAN DIEGO**

10  ROBERT CLEVELAND,                    Case No.:   37-2019-00009443-CU-OE-CTL
    an individual,
11                                       [*Case Assigned for All Purposes to the*
                   Plaintiff,            *Hon. Kenneth J. Medel, Dept. C-66*]
12
          v.
13                                       **DECLARATION OF SERENA LEE IN**
                                         **SUPPORT OF PLAINTIFF'S EX PARTE**
14  THE BEHEMOTH, a California           **APPLICATION FOR** *NUNC PRO TUNC*
    corporation; and DOES 1 through 10.  **ORDER DEEMING COMPLAINT AS**
15                                        **FILED ON THE ORIGINAL FILING**
                   Defendants.           **DATE**
16

17

18         I, Serena Lee, hereby declare as follows:

19         1.      I am a paralegal at the law firm of Johnson Fistel, LLP, which serves as counsel

20  for Plaintiff Robert Cleveland ("Plaintiff") in the above-captioned action.   I submit this

21  declaration in support of Plaintiff's ex parte application for a *nunc pro tunc* order deeming

22  Plaintiff's complaint as filed on February 19, 2019.  I have personal knowledge of the facts stated

23  in this declaration.  I could and would competently testify to these facts, if called upon to do so.

24         2.      On February 19, 2019, at 7:55 p.m., I facilitated the electronic filing of the

25  Complaint appended with exhibits and other related initiating documents (the "Complaint") on

26  behalf of Plaintiff Robert Cleveland in the Superior Court of San Diego County via One Legal.

27  Attached hereto as Exhibit A is a true and correct copy of the One Legal summary details

28

1
DECLARATION OF SERENA LEE IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR
*NUNC PRO TUNC* ORDER DEEMING COMPLAINT AS FILED ON THE ORIGINAL FILING DATE;
Case No.:37-2019-00009443-CU-OE-CTL

Exhibit 3
67

confirming receipt of the Complaint along with the as filed Complaint with exhibits appended but not PDF bookmarked to Complaint.

3.       The next day, on February 20, 2019, at 8:43 a.m., I received an email from One Legal notifying our office that the electronically filed Complaint was rejected on the basis that documents containing exhibits were submitted without PDF bookmarks.  Attached hereto as Exhibit B is a true and correct copy of the One Legal email and the attached Notice of Rejection of Electronic Filing entered at 7:57 p.m. on February 19, 2019.

4.       I have previously filed complaints appended with exhibits in this Court which were accepted for filing without PDF bookmarks.  For example, on July 30, 2018, at 1:52 p.m., I facilitated the electronic filing of a complaint appended with exhibits and other related initiating documents (the "Cannizzo Complaint") in the Superior Court of San Diego County via One Legal.  *Cannizzo v. Clarvan Inc., et al.*, Case No. 37-2018-00037879-CU-OE-NC, Dkt. 1. The Cannizzo Complaint was accepted for filing, notwithstanding that the exhibits appended to the Cannizzo Complaint was not bookmarked.

DATED:  March 1, 2019

_____
SERENA LEE

DECLARATION OF SERENA LEE IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR *NUNC PRO TUNC* ORDER DEEMING COMPLAINT AS FILED ON THE ORIGINAL FILING DATE; Case No.:37-2019-00009443-CU-OE-CTL

Exhibit 3

68

# EXHIBIT A

Exhibit 3
69



**Confirmation #:**  22294271
**Case Title:**  Robert Cleveland v. The Behemoth

Thank you for choosing One Legal. If you have any questions about this order, please email us at support@onelegal.com.

## CASE INFORMATION

| | |
|---|---|
| **Court Name:** | San Diego County, Superior Court of California |
| **Court Branch:** | Central |
| **Case Title:** | Robert Cleveland v. The Behemoth |
| **Case Category:** | Civil - Unlimited |
| **Case Type:** | Other employment |
| **Jurisdictional Amount:** | Over $25,000 |

## ORDER DETAILS

| | |
|---|---|
| **Order Type:** | eFiling |
| **Filing order #:** | 12839290 |
| **Date/Time Submitted:** | 2/19/2019 7:55 PM PT |
| **Client Billing Code:** | $ The Behemoth |
| **Contact Name:** | Johnson Fistel Paralegal |
| **Attorney Name:** | Kristen O'Connor |
| **Email Notification:** | Both |

## DOCUMENTS

| Document Type | Document Title | Pages Uploaded |
|---|---|---|
| Complaint | Complaint | 35 |
| Civil Case Cover Sheet | Civil Case Cover Sheet | 1 |
| Original Summons | Original Summons | 1 |

1   JOHNSON FISTEL, LLP
    Frank J. Johnson, Esq. (SBN 174882)
2   FrankJ@johnsonfistel.com
    Kristen O'Connor, Esq. (SBN 305113)
3   KristenO@johnsonfistel.com
    655 West Broadway, Suite 1400
4   San Diego, CA 92101
    Telephone: (619) 230-0063
5   Facsimile: (619) 255-1856

6   *Counsel for Plaintiff*

7

8               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **FOR THE COUNTY OF SAN DIEGO**

10  ROBERT CLEVELAND,                      Case No.:
    an individual,
11                                         **COMPLAINT FOR:**
                Plaintiff,
12                                         1. **HOSTILE WORK**
            v.                                **ENVIRONMENT/SEXUAL**
13                                            **HARASSMENT IN VIOLATION OF**
    THE BEHEMOTH, a California               **CALIFORNIA FAIR EMPLOYMENT**
14  corporation; and DOES 1 through 10.      **AND HOUSING ACT**
                                           2. **RETALIATION IN VIOLATION OF**
15              Defendants.                    **CALIFORNIA FAIR EMPLOYMENT**
                                              **AND HOUSING ACT**
16                                         3. **WRONGFUL TERMINATION IN**
                                              **VIOLATION OF PUBLIC POLICY**
17                                         4. **VIOLATION OF CALIFORNIA**
                                              **BUSINESS & PROFESSIONS CODE**
18                                            **§ 17200,** *et seq.*
                                           5. **INTENTIONAL INFLICTION OF**
19                                            **EMOTIONAL DISTRESS**
                                           6. **NEGLIGENT INFLICTION OF**
20                                            **EMOTIONAL DISTRESS**
                                           7. **FAILURE TO PREVENT**
21                                            **HARASSMENT**
                                           8. **HOSTILE WORK**
22                                            **ENVIRONMENT/SEXUAL**
                                              **HARASSMENT IN VIOLATION OF**
23                                            **TITLE VII [42 U.S.C. § 2000(e),** *et seq.***]**
                                           9. **RETALIATION IN VIOLATION OF**
24                                            **TITLE VII [42 U.S.C. § 2000(e),** *et seq.***]**

25
                                           **JURY TRIAL DEMANDED**
26

27

28

                                    1
                                COMPLAINT

                                            **Exhibit 3**

# **INTRODUCTION**

1.     Plaintiff Robert Cleveland ("Plaintiff") brings this action against Defendant The Behemoth, a California corporation ("The Behemoth" or the "Company"), and Doe Defendants 1-10 (collectively and with The Behemoth, the "Defendants"), seeking damages and other relief as the Court deems just and proper.

2.     Plaintiff is a former quality assurance specialist at The Behemoth.  The Behemoth is a video game developer founded in 2003 by John Baez, Dan Paladin, Tom Fulp ("Fulp"), Brandon LaCava, and Nick Dryburgh, and is headquartered in San Diego, California.

3.     As detailed further below, from March 2016 to, and including, February 2018, Defendants subjected Plaintiff to systemic employment discrimination based on his gender, which included but was not limited to: being forced to work in a hostile work environment resulting from severe and pervasive sexual harassment in the workplace; discriminatory policies, practices, and/or procedures; retaliation; wrongful termination; and other manifestations of sex discrimination.

4.     Indeed, The Behemoth's work culture was heavily and daily polluted with harassment and discrimination which seriously affected Plaintiff's psychological well-being. This harassment and discrimination included the Company's open endorsement of pedophilic and sexually violent social media content, encouragement of its employees to "follow" the author of the pedophilic and sexually violent social media content, endorsement of flagrantly hostile discussion threads on a website The Behemoth controlled, encouragement and placement of sexual paraphernalia and pornographic photos throughout the work premises, written requirement that employees access websites with flagrantly hostile discussion threads, and its willful and wanton disregard of all complaints about the foregoing.

5.     The Behemoth also failed to properly educate its managers and agents, and/or to implement or enforce policies and procedures that would prevent or assuage instances of harassment, retaliation, and/or discrimination.

6.     When Plaintiff complained to The Behemoth about the sexual harassment and sex discrimination he had endured and was continuously enduring, The Behemoth failed to take

Exhibit 3
72

1  appropriate steps to correct the discrimination and/or harassment, and further retaliated against
2  Plaintiff by terminating his employment.

3        7.     Plaintiff is requesting damages under a variety of state and federal laws
4  prohibiting discrimination in order to redress the deprivation of his rights.

5  **PARTIES**

6        8.     Plaintiff Robert Cleveland is an individual residing in the County of Maricopa,
7  in the State of Arizona.  At the time the causes of action alleged herein arose, Plaintiff resided
8  in the County of San Diego, in the State of California.

9        9.     The Behemoth is a California corporation with its principal place of business in
10 the County of San Diego, in the State of California.

11       10.    Doe Defendants 1-10 are persons, entities, or organizations who engaged in,
12 oversaw, directed, ratified, and/or assisted in the wrongful actions against Plaintiff, together with
13 The Behemoth, or who may be individual owners, officers, agents, managers, or employees of
14 The Behemoth.  Plaintiff will seek leave to amend this complaint and substitute the true names
15 of the Doe Defendants as soon as their identities are revealed.

16 **JURISDICTION AND VENUE**

17       11.    Pursuant to Article VI, § 10 of the California Constitution, subject matter
18 jurisdiction is proper in the Superior Court of California, County of San Diego.

19       12.    Venue is proper under § 395 of the Code of Civil Procedure in that Plaintiff's
20 injuries were incurred within this jurisdiction, and the actions that give rise to Plaintiff's
21 complaint arose within this jurisdiction.

22 **CONDITIONS PRECEDENT TO SUIT UNDER FEHA AND TITLE VII**

23       13.    Plaintiff filed appropriate charges of sexual harassment with the California
24 Department of Fair Employment and Housing ("DFEH") on November 2, 2018 along with a
25 Request for Notice of Right to Sue.  Plaintiff was issued a Notice of Right to Sue on
26 November 14, 2018.  A true and correct copy of the DFEH Notice of Right to Sue is attached
27 hereto as **Exhibit A**.

28

3
COMPLAINT

**Exhibit 3**
**73**

1    14.    Plaintiff filed appropriate charges of sexual harassment with the U.S. Equal

2    Employment Opportunity Commission ("EEOC") on November 6, 2018 along with a Request

3    for Notice of Right to Sue.  Plaintiff executed a formal Charge of Discrimination form on

4    November 9, 2018, and was issued a Notice of Right to Sue on November 20, 2018.  A true and

5    correct copy of the EEOC Notice of Right to Sue is attached hereto as **Exhibit B**.

6    15.    Plaintiff has thus fulfilled all conditions precedent to the institution of this action

7    under both state and federal law.

8                              **FACTUAL ALLEGATIONS**

9    16.    The Behemoth hired Plaintiff in March 2016 through Eastridge Workforce

10   Solutions, a recruiting and staffing agency.   At all times relevant herein, The Behemoth

11   exercised substantial control and discretion over Plaintiff's hiring, supervision, work

12   assignments, salary, and ultimate termination, and was Plaintiff's employer for such terms,

13   conditions, and privileges of employment under the control of The Behemoth, including for

14   purposes of applying state and federal antidiscrimination laws.

15   17.    Plaintiff was hired as a Quality Assurance Specialist in the Research Centaur

16   UX+QA, the self-touted "Usability & Testing Division of [T]he Behemoth."  According to the

17   Research Centaur's "Welcome Guidebook," the Research Centaur operated under the legal and

18   financial umbrella of The Behemoth and was primarily responsible for testing The Behemoth's

19   games, from test entry to submission.

20   18.    Plaintiff received a copy of the Welcome Guidebook, along with a copy of The

21   Behemoth's "Glorious Workers' Manual of Operations" (the "Manual"), on March 21, 2016.

22   The Welcome Guidebook contained a prominent subsection entitled "Our Values & Culture"

23   which trumpeted the Behemoth's corporate culture as "respectful, diverse, and welcoming."

24   19.    The Manual included a subsection entitled "Prohibition of Sexual and Other

25   Unlawful Harassment" which proscribed "unlawful harassment of employees by non-

26   employees, including customers, vendors and clients" including "verbal, visual or physical

27   conduct . . . when . . . the conduct has the purpose or effect of unreasonably interfering with the

28

1  individual's work performance or creating an intimidating, hostile, or offensive working

2  environment."

3       20.    The Behemoth's professed commitment to ensuring a safe and respectful work

4  environment for its employees was no more than a veneer.  From Plaintiff's first day of work

5  through the date of his unlawful and retaliatory termination, The Behemoth subjected Plaintiff

6  and others to systemic and pervasive sexual harassment and engendered, endorsed, and/or

7  ratified a hostile work environment violative of state and federal law.

8       21.    Plaintiff's exposure to The Behemoth's flagrant disregard for its employees and

9  the law was immediately apparent on his first day of work on March 21, 2016, when he observed

10 an obscene doll intentionally placed directly in front of the Company's mounted EEOC and

11 DFEH posters.

12      22.    The doll depicted a unicorn with ejaculating male genitalia emerging from its

13 head, which Plaintiff's direct manager, Jay Fernandes, identified to Plaintiff as "the HR rep."

14      23.    Similar dolls were also placed on various employee desks, including Plaintiff's,

15 and disbursed throughout the office.  Plaintiff learned later that the doll, referred to by the

16 Company as a "penicorn," was designed by the Company's voiceover actor, Will Stamper

17 ("Stamper") following a contest endorsed by Fulp where certain employees were asked to draw

18 male genitalia on a unicorn.  Stamper's influence on The Behemoth and its hostile work

19 environment manifested exponentially over the course of Plaintiff's tenure at the Company.

20      24.    Stamper, who is well-known for his voiceover talent in the video game industry,

21 made routine visits to Plaintiff's office throughout 2016, 2017, and 2018.  He possessed an

22 employee badge which allowed him to enter the Company's office at will, was listed under the

23 Company's umbrella credit on The Behemoth's games, and routinely engaged with Plaintiff's

24 colleagues during his visits to the office.

25      25.    Because of Stamper's industry clout and because of his frequent interactions with

26 other employees of the Company, many Company employees—including Plaintiff and

27 Plaintiff's supervisors—followed Stamper's Twitter account.  In fact, Plaintiff's supervisors

28 encouraged Plaintiff and The Behemoth's employees to follow Stamper's Twitter account.

26.     Stamper was the celebrated "voice of the Company."  He was a regular topic of discussion at the workplace by and among Plaintiff's colleagues, and his influence was inextricably linked to The Behemoth's daily business operations and company culture.

27.     Beginning in or around November 2017 through February 2018, Stamper routinely posted obscene, discriminatory, and sexually violent tweets that shocked and distressed Plaintiff.  The tweets included descriptions of child sexual abuse (*i.e.*, "Sometimes I want to throw a baby up in the air over and over again and let him fall back on my **** when he least expects it;" "I'm trying to f*ck some kids;" "RT if you like putting your penis in kid's mouths;" and "For the record, I'm trying to abduct some kids.")[1], actual photographs of Stamper's genitals, rape and suicide endorsement, and racial slurs ("n*ggers," "dot heads," and "chinks").  Fulp, co-owner of The Behemoth, frequently "liked" or posted supportive tweets below Stamper's tweets.

28.     Because Stamper was something of an industry celebrity and a critical part of The Behemoth's business operations, his tweets were frequently discussed by and among Plaintiff's colleagues.

29.     In fact, Stamper's tweets were nearly daily discussed on The Behemoth's internal messaging system, Slack, and via its mandatory chat and fan engagement platforms, Steam and Discord, which were the communication mediums the Company encouraged its staff to utilize during work hours.

30.     Stamper's tweets, and the discussions thereof during regular office hours, distressed and shocked Plaintiff and interfered with his ability to work in an environment free of insult, harassment, and discrimination.  Put simply, Plaintiff could not avoid his exposure to Stamper's offensive and harassing tweets because they permeated Plaintiff's work environment on a daily basis.

31.     Stamper's obscene, discriminatory, and harassing tweets were also routinely posted on newgrounds.com, which The Behemoth management instructed its employees and

---

[1]  Asterisks denote expletives edited for this Complaint.

1   staff, including Plaintiff, to browse for work research in The Welcome Guidebook.   The

2   Behemoth management also verbally instructed its employees and staff to access

3   newgrounds.com, which hosted many of the Company's internal web services.

4        32.    Plaintiff's distress was only exacerbated by The Behemoth's wanton disregard

5   for the safety and protection of its employees and staff, as certain employees, managers, and/or

6   owners of The Behemoth 1) regularly made sexually offensive comments to and around

7   Plaintiff, 2) posted pornographic photographs or magazines around the Company's offices,

8   3) failed to remediate problems in the men's restroom (which had small saloon doors and

9   exposed and humiliated Plaintiff), and 4) ratified and encouraged Stamper's conduct.

10        33.    When Plaintiff routinely complained to his managers about Stamper's tweets and

11   the Company's culture, including in writing in December 2017, The Behemoth failed to take

12   any remedial action whatsoever and in fact ratified Stamper's conduct by continuing to employ

13   Stamper and endorsing his posts on Twitter.

14        34.    Plaintiff continued to complain to The Behemoth management through 2018

15   about the Company culture and Stamper's conduct.   Plaintiff's managers, including Jay

16   Fernandes and The Behemoth's owners, failed to take any remedial action whatsoever.

17        35.    As a result of The Behemoth's abject failure to remediate known harassment

18   permeating the Company workplace, the harassing and obscene tweets and conduct continued

19   throughout 2018 and Plaintiff continued to suffer harm.

20        36.    On February 2, 2018, after months of complaining about Stamper's conduct and

21   the Company's work environment, Plaintiff was informed he was going to be terminated from

22   The Behemoth on the pretextual basis of operational downsizing.   Plaintiff is informed and

23   believes that he was terminated in retaliation for complaining to The Behemoth about Stamper,

24   and to allow Stamper—the Company's prized celebrity—to continue working for the Company

25   free of complaints by Plaintiff and others.   Plaintiff remained employed by the Company through

26   March 2018.

27        37.    On February 21, 2018, two days after Plaintiff complained to The Behemoth

28   about a tweet by Stamper which detailed sodomizing a baby, Stamper engaged in a Twitter

attack against an unnamed person, tweeting: "I was just about to rip the f*ck out of somebody again but my mom is keeping me nice, let's just say [O]hio is where he's from and he's a massive f*ggot piece of sh*t."  Plaintiff's last name is Cleveland and he is informed and believes he was the target of Stamper's tweet.

38.     Despite that Stamper's conduct continued to permeate The Behemoth work environment through Plaintiff's final day at The Behemoth, The Behemoth continued to ignore Plaintiff's complaints, continued to invite and include Stamper at Company events where Plaintiff was present, and continued to employ or contract Stamper.

## <u>COUNT I</u>

**HOSTILE WORK ENVIRONMENT/SEXUAL HARASSMENT IN VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, GOV. CODE, § 12940 *et seq*. (AGAINST THE BEHEMOTH)**

39.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above.

40.     Plaintiff was an employee for such terms, conditions, and privileges of employment under the control of The Behemoth, including for purposes of applying state and federal antidiscrimination laws.

41.     Plaintiff was an employee of The Behemoth and protected by the FEHA, Gov. Code § 12940 *et seq*., from being subjected to sexual harassment in the workplace on the basis of sex, including hostile work environment.

42.     Throughout Plaintiff's employment, Defendants subjected Plaintiff to an unwanted, severe, and pervasively sexual hostile work environment through the sexually-charged actions alleged herein in violation of FEHA because of his sex.  Plaintiff openly regarded the working environment to be abusive and hostile.

43.     The hostile work environment at The Behemoth altered the terms and conditions of Plaintiff's employment and had the purpose or effect of unreasonably interfering with Plaintiff's ability to perform his employment duties.

44.    Defendants' discriminatory behavior was continuous throughout Plaintiff's employment.  Consequently, Plaintiff is entitled to application of the continuing violation or hostile work environment doctrine with respect to the allegations raised herein.

45.    Because the sexually-charged conduct occurred with such regularity that it became routine, a reasonable person in Plaintiff's circumstances would consider the working environment to be abusive and hostile.

46.    As a direct and proximate result of Defendants' aforementioned discriminatory and harassing conduct, Plaintiff suffered damages including, without limitation, lost income and benefits, mental and emotional distress, humiliation, and pain and suffering, and has incurred costs and attorneys' fees, for which Plaintiff is entitled to recover in an amount to be proven at trial.

47.    Due to the repetitive nature and obviousness of the course of misconduct of its employees, The Behemoth: (a) had advance knowledge that certain of its managerial-level employees, agents, and contractors within its control were engaging in unlawful behavior against Plaintiff and continued to employ the managerial-level employees, agents, and contractors with conscious disregard of the rights or safety of employees, particularly those known to be affected (*i.e.*, Plaintiff); (b) expressly authorized or ratified its managerial-level employees', agents', and contractors' wrongful acts; and (c) in permitting these managerial-level employees, agents, and contractors to commit tortious actions against Plaintiff, or in failing to take immediate and appropriate corrective action when The Behemoth knew of the conduct, The Behemoth acted wrongfully, willfully, oppressively, maliciously, and/or with the intent to harm Plaintiff or with conscious disregard to his rights and/or safety.  Alternatively, The Behemoth's actions constituted or contributed to the intentional discrimination of Plaintiff in the face of a perceived risk that those actions or omissions would violate the law.  Therefore, Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish and deter The Behemoth and all others from harming employees on the basis of sex.

48.    Plaintiff is also entitled to an award of punitive damages in an amount sufficient to punish and deter the Individual Defendants from harming employees on the basis of sex.

Exhibit 3
79

## COUNT II

**RETALIATION IN VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT,**
**GOV. CODE, § 12940 *et seq.***
**(AGAINST THE BEHEMOTH)**

49.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above.

50.    Plaintiff was an employee for such terms, conditions, and privileges of employment under the control of The Behemoth, including for purposes of applying state and federal antidiscrimination laws.

51.    Plaintiff is protected by FEHA from being subjected to sexual harassment in the workplace on the basis of sex, including hostile work environment.

52.    FEHA, Gov. Code § 12940(h), forbids terminating or otherwise taking adverse action against an employee based on the employee's sex, or based on an employee's opposition to what they reasonably believe to be his employer's discriminatory practices.

53.    Plaintiff opposed unlawful employment discrimination when he complained of repeated discriminatory and harassing actions to management, on the ground that such actions constituted sexual harassment.

54.    The Behemoth terminated, or constructively terminated, Plaintiff because of his opposition to unlawful employment practices.  This retaliatory termination violated FEHA.

55.    As a direct and proximate result of The Behemoth's aforementioned retaliatory conduct, Plaintiff suffered damages including, without limitation, lost income and benefits, mental and emotional distress, humiliation, and pain and suffering, and has incurred costs and attorneys' fees, for which Plaintiff is entitled to recover in an amount to be proven at trial.

56.    Due to the repetitive nature and obviousness of the course of misconduct of its employees, The Behemoth: (a) had advance knowledge that certain of its managerial-level employees, agents, and contractors were engaging in unlawful behavior against Plaintiff and continued to employ the managerial-level employees, agents, and contractors with conscious disregard of the rights or safety of employees, particularly those known to be affected

10

1  (*i.e.*, Plaintiff); (b) expressly authorized or ratified its managerial-level employees', agents', and

2  contractors' wrongful acts; and (c) in permitting these managerial-level employees, agents, and

3  contractors to commit tortious actions against Plaintiff, or in failing to take immediate and

4  appropriate corrective action when The Behemoth knew of the conduct, The Behemoth acted

5  wrongfully, willfully, oppressively, maliciously, and/or with the intent to harm Plaintiff or with

6  conscious disregard to his rights and/or safety.   Alternatively, The Behemoth's actions

7  constituted or contributed to the intentional discrimination of Plaintiff in the face of a perceived

8  risk that those actions or omissions would violate the law.   Therefore, Plaintiff is entitled to an

9  award of punitive damages in an amount sufficient to punish and deter The Behemoth and all

10  others from harming employees on the basis of sex.

## COUNT III

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (AGAINST THE BEHEMOTH)

14  57.   Plaintiff re-alleges and incorporates by reference each and every allegation

15  contained in the paragraphs above.

16  58.   Plaintiff was an employee for such terms, conditions, and privileges of

17  employment under the control of The Behemoth, including for purposes of applying state and

18  federal antidiscrimination laws.

19  59.   It is the public policy of the California Constitution, art. 1, § 1 and § 8, the

20  California Fair Employment and Housing Act, and/or Title VII that individuals shall not be

21  discriminated against in his employment on the basis of sex (*i.e.*, by being sexually harassed),

22  or based upon the fact that they have made reported sexual harassment in violation of the

23  California Constitution, art. 1, § 1 and § 8, the California Fair Employment and Housing Act,

24  and/or Title VII.

25  60.   Plaintiff was terminated by The Behemoth solely as a consequence of reporting

26  sexual harassment violative of the California Constitution, art. 1, § 1 and § 8, the California Fair

27  Employment and Housing Act, and/or Title VII, which Plaintiff had been subjected to by

28  Defendants, or was constructively discharged because Plaintiff's working conditions and his

1  failure to acquiesce to, *inter alia*, conduct violative of the California Constitution, art. 1, § 1 and

2  § 8, the California Fair Employment and Housing Act, and/or Title VII, rendered his job so

3  intolerable that he was forced to resign.

4        61.    As a direct and proximate result of The Behemoth's termination of Plaintiff in

5  violation of public policy, Plaintiff suffered and will continue to suffer pain and suffering,

6  extreme and severe mental anguish, and emotional distress.  Plaintiff suffered and will continue

7  to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff is

8  thereby entitled to general and compensatory damages in amounts to be proven at trial.

9        62.    The Behemoth's actions were wrongful, willful, oppressive, malicious, and done

10  with the intent to harm Plaintiff or with conscious disregard to the rights and/or safety of

11  Plaintiff.  Plaintiff is thus entitled to an award of punitive damages in an amount sufficient to

12  punish and deter The Behemoth from engaging in such conduct.

13  **<u>COUNT IV</u>**

14  **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, *et seq*.**
**(AGAINST THE BEHEMOTH)**

15

16        63.    Plaintiff re-alleges and incorporates by reference each and every allegation

17  contained in the paragraphs above.

18        64.    California's Unfair Competition Law ("UCL"), Business and Professions

19  Code § 17200, prohibits any "unlawful…business act or practice."  The Behemoth, through its

20  agents, employees, and/or subsidiaries, in subjecting Plaintiff to a severe and pervasive hostile

21  work environment, and/or in wrongfully terminating Plaintiff, violated the UCL's prohibition

22  against engaging in unlawful acts and practices by, *inter alia*, violating Plaintiff's rights and

23  privileges under the California Constitution, the California Fair Employment and Housing Act,

24  and Title VII.

25        65.    The UCL also prohibits any "unfair or fraudulent business act or practice."  As

26  described above, The Behemoth engaged in unfair business acts and practices by subjecting

27  Plaintiff to a severe and pervasive hostile work environment, and/or by wrongfully terminating

28  Plaintiff.   These violations were unfair within the meaning of Business and Professions

Exhibit 3
82

Code § 17200 in that The Behemoth's conduct is substantially injurious to Plaintiff, offends public policy, and is immoral, unethical, oppressive, unscrupulous, unconscionable, and the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

66.     As a direct and proximate result of The Behemoth's unlawful and unfair business practices, Plaintiff suffered damages in an amount to be proven at trial.

**COUNT V**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(AGAINST THE BEHEMOTH)**

67.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above.

68.     The conduct of Stamper and Plaintiff's management-level employees was extreme and outrageous and done with the intention to cause emotional distress to Plaintiff.

69.     By failing to prevent, and then by acquiescing to the extreme and outrageous conduct of Stamper and Plaintiff's management-level employees, The Behemoth permitted its management-level employees to intentionally abuse their positions and authority to threaten, humiliate, and embarrass Plaintiff.

70.     Defendants' extreme and outrageous conduct was calculated by Defendants to cause Plaintiff humiliation, intimidation, embarrassment, mental anguish, and extreme emotional distress, exceeded the inherent risks of employment, and was not the sort of conduct normally expected to occur in the workplace.

71.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered extreme humiliation, embarrassment, intimidation, mental anguish, and emotional and physical distress, and has been injured in his bodies and minds.  Plaintiff is entitled to general and compensatory damages in amounts to be proven at trial.

72.     Defendants' actions were wrongful, willful, oppressive, malicious, and done with the intent to harm Plaintiff or with conscious disregard to the rights and/or safety of Plaintiff. Plaintiff is thus entitled to an award of punitive damages in an amount sufficient to punish and deter Defendants from engaging in such conduct.

## COUNT VI

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST THE BEHEMOTH)

73.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above.

74.     As a special employee of Defendants, Plaintiff was owed a duty of due care by Defendants to ensure that he was not exposed to foreseeable harms.

75.     Defendants knew, or should have known, that Plaintiff was being subjected to harassment, and that failing to exercise due care to prevent The Behemoth's employees, officers, agents, or supervisors from engaging in a harassing course of conduct could and would cause Plaintiff to suffer severe emotional distress.

76.     Defendants failed to exercise due care to prevent employees, managers, contractors, supervisors, and/or officers from subjecting Plaintiff to sexual harassment.

77.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## COUNT VII

### FAILURE TO PREVENT HARASSMENT,
### GOV. CODE, § 12940(k) *et seq.*
### (AGAINST THE BEHEMOTH)

78.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above.

79.     Plaintiff was an employee for such terms, conditions and privileges of employment under the control of The Behemoth, including for purposes of applying state and federal antidiscrimination laws.

14
COMPLAINT

Exhibit 3
84

80.     As Plaintiff's employer, The Behemoth had a duty under the California Fair Employment and Practices Act, § 12940(k) of the Government Code, to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.  The Behemoth breached this duty by failing to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.

81.     The Behemoth was informed by Plaintiff or otherwise knew that he was subjected to incidents of egregious sexual harassment by Stamper and Plaintiff's management-level employees.

82.     The Behemoth never fully investigated the claims of sexual harassment by Plaintiff, never took sufficient steps to prevent the harassment of Plaintiff, failed to maintain an effective complaint procedure for incidents of sexual harassment, and failed to educate managers regarding proper responses to complaints.

83.     The Behemoth also failed to take all reasonable steps to prevent harassment by not taking adequate remedial action after becoming aware of ongoing sexual harassment.

84.     As a direct and proximate result of The Behemoth's conduct, Plaintiff suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.  Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

85.     The Behemoth's actions were wrongful, willful, oppressive, malicious, and done with the intent to harm Plaintiff or with conscious disregard to the rights and/or safety of Plaintiff.  Plaintiff is thus entitled to an award of punitive damages in an amount sufficient to punish and deter The Behemoth from engaging in such conduct.

## COUNT VIII

**HOSTILE WORK ENVIRONMENT/SEXUAL HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,
42 U.S.C. § 2000(e), et seq.
(AGAINST THE BEHEMOTH)**

86.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above.

87.     Plaintiff was an employee for such terms, conditions, and privileges of employment under the control of The Behemoth, including for purposes of applying state and federal antidiscrimination laws.

88.     Plaintiff is protected by Title VII of the Civil Rights Act of 1964 ("Title VII") from being subjected to sexual harassment in the workplace on the basis of sex, including hostile work environment.

89.     Throughout Plaintiff's employment, The Behemoth subjected Plaintiff to an unwelcome, severe, and pervasive sexually hostile work environment through the sexually-charged actions alleged herein in violation of Title VII.  Plaintiff openly regarded the working environment to be abusive and hostile.

90.     The hostile work environment at The Behemoth altered the terms and conditions of Plaintiff's employment and had the purpose or effect of unreasonably interfering with Plaintiff's ability to perform his employment duties.

91.     The Behemoth's discriminatory behavior was continuous throughout Plaintiff's employment.  Consequently, Plaintiff is entitled to application of the continuing violation or hostile work environment doctrine with respect to the allegations raised herein.

92.     Because the sexually-charged conduct occurred with such regularity that it became routine, a reasonable person in Plaintiff's circumstances would consider the working environment to be abusive or hostile.

93.     As a direct and proximate result of The Behemoth's aforementioned discriminatory and harassing conduct, Plaintiff suffered damages including, without limitation, lost income and benefits, mental and emotional distress, humiliation, and pain and suffering, and

16

1   has incurred costs and attorneys' fees, for which Plaintiff is entitled to recover in an amount to

2   be proven at trial.

3        94.    Due to the repetitive nature and obviousness of the course of misconduct of its

4   employees, The Behemoth: (a) had advance knowledge that several of its managerial-level

5   employees, agents, and contractors within its control were engaging in unlawful behavior against

6   Plaintiff and continued to employ the managerial-level employees, agents, and contractors

7   within its control with conscious disregard of the rights or safety of employees, particularly those

8   known to be affected (*i.e.*, Plaintiff); (b) expressly authorized or ratified its managerial-level

9   employees', agents', and contractors' wrongful acts; and (c) in permitting these managerial-

10  level employees, agents, and contractors to commit tortious actions against Plaintiff, The

11  Behemoth acted wrongfully, willfully, oppressively, maliciously, and/or with the intent to harm

12  Plaintiff or with conscious disregard to their rights and/or safety.  Alternatively, The Behemoth's

13  actions constituted or contributed to the intentional discrimination of Plaintiff in the face of a

14  perceived risk that those actions or omissions would violate federal law.  Therefore, Plaintiff is

15  entitled to an award of punitive damages in an amount sufficient to punish and deter The

16  Behemoth and all others from harming employees on the basis of sex.

17                              **COUNT IX**

18  **RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**
    **OF 1964, 42 U.S.C. § 2000(e), et seq.**
19                      **(AGAINST THE BEHEMOTH)**

20       95.    Plaintiff re-alleges and incorporates by reference each and every allegation

21  contained in the paragraphs above.

22       96.    Plaintiff was an employee for such terms, conditions, and privileges of

23  employment under the control of The Behemoth, including for purposes of applying state and

24  federal antidiscrimination laws.

25       97.    Plaintiff is protected by Title VII from being subjected to sexual harassment in

26  the workplace on the basis of sex, including hostile work environment.

27

28

98.    Title VII forbids terminating or otherwise taking adverse action against an employee based on the employee's race or based on an employee's opposition to what they reasonably believe to be their employer's racially discriminatory practices.

99.    Plaintiff opposed unlawful employment discrimination when he complained of repeated discriminatory and harassing actions to management, on the ground that such actions constituted sexual harassment.

100.    The Behemoth terminated, or constructively terminated, Plaintiff because of his opposition to unlawful employment practices.  These retaliatory terminations violated Title VII.

101.    As a direct and proximate result of The Behemoth's aforementioned retaliatory conduct, Plaintiff has suffered damages including, without limitation, lost income and benefits, mental and emotional distress, humiliation, and pain and suffering, and has incurred costs and attorneys' fees, for which Plaintiff is entitled to recover in an amount to be proven at trial.

102.    Due to the repetitive nature and obviousness of the course of misconduct of its employees, The Behemoth: (a) had advance knowledge that several of its managerial-level employees, agents, and contractors within its control were engaging in unlawful behavior against Plaintiff and continued to employ the managerial-level employees, agents, and contractors with conscious disregard of the rights or safety of employees, particularly those known to be affected (*i.e.*, Plaintiff); (b) expressly authorized or ratified its managerial-level employees', agents', and contractors' wrongful acts; (c) expressly authorized or ratified retaliation against Plaintiff for complaining of its managerial-level employees', agents', and contractors' wrongful acts; and (d) in permitting these managerial-level employees, agents, and contractors to commit tortious actions against Plaintiff, The Behemoth acted wrongfully, willfully, oppressively, maliciously, and/or with the intent to harm Plaintiff or with conscious disregard to his rights and/or safety. Alternatively, The Behemoth's actions constituted or contributed to the intentional retaliation against Plaintiff in the face of a perceived risk that those actions or omissions would violate federal law.  Therefore, Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish and deter The Behemoth and all others from retaliating against employees on the basis of their opposition to sexual harassment and sex discrimination.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.      For general, compensatory, and/or special damages in an amount to be proven at trial;

2.      For punitive damages, in an amount sufficient to punish and deter The Behemoth and all others from harming employees;

3.      For interest at the appropriate rate on the sums awarded;

4.      For costs of suit and attorneys' fees as allowed by law; and

5.      For any and all such other and further relief as the Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.

Respectfully Submitted,

Dated: February 19, 2019            JOHNSON FISTEL, LLP

By: _____
KRISTEN O'CONNOR

FRANK J. JOHNSON
655 West Broadway, Suite 1400
San Diego, CA 92101
Telephone: (619) 230-0063
Facsimile: (619) 255-1856
kristeno@johnsonfistel.com
frankj@johnsonfistel.com

*Counsel for Plaintiff*

19
COMPLAINT

**Exhibit 3**
**89**

# EXHIBIT A

Exhibit 3
90



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

November 14, 2018

Robert Cleveland
1710 S. Jentilly Ln, #31
Tempe, AZ 85281

RE: **Notice of Case Closure and Right to Sue**
     DFEH Matter Number: 201811-04232014
     Right to Sue: Cleveland / The Behemoth

Dear Robert Cleveland,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective November 2, 2018 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**Exhibit 3**
91

 **CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
# RIGHT-TO-SUE

Your submission of this document acknowledges that you have read and agree to the DFEH's Privacy Policy. By submitting this document, you are declaring under penalty of perjury under the laws of the State of California that to the best of your knowledge all information stated is true and correct, except matters stated on information and belief, which you believe to be true.

**DFEH CASE NUMBER (IF APPLICABLE):**
    201811-04232014

**COMPLAINANT:**

| NAME: | TELEPHONE NUMBER: |
|---|---|
| Robert Cleveland | 858-663-8120 |

| ADDRESS: | EMAIL ADDRESS: |
|---|---|
| 1710 S. Jentilly Lane #31 | kharsus@gmail.com |

CITY/STATE/ZIP:
Tempe, Arizona 85281

**RESPONDENT:**

| NAME: | TELEPHONE NUMBER: |
|---|---|
| The Behemoth c/o Andrew Glatt, Esq. | 619-232-4604 |

ADDRESS:

Judkins Glatt & Rich LLP, 600 B Street, Suite 2350, San Diego, California 92101

CITY/STATE/ZIP:

San Diego, California

NUMBER OF EMPLOYEES: Approx. 22      TYPE OF EMPLOYER: Private

RECEIVED

NOV 2 2018

Department of Fair Employment & Housing
Elk Grove

**Exhibit 3**
**92**

**ADD CO-RESPONDENT:**

    NAME:_____

    TITLE:_____

    ADDRESS:_____

    _____

    TELEPHONE NUMBER:_____

**ADD CO-RESPONDENT:**

    NAME:_____

    TITLE:_____

    ADDRESS:_____

    _____

    TELEPHONE NUMBER:_____

**DATE OF HARM:**

    LAST DATE OF HARM (Month/Day/Year):   02/02/2018_____

1. I ALLEGE THAT I EXPERIENCED: ☑ Discrimination    ☑ Harassment

**BECAUSE OF MY ACTUAL OR PERCEIVED:**

☐ Age (40 and over)

☐ Ancestry

☐ Association with a member of a protected class

☐ Baby Bonding Leave (employers of 20-49 people)

☐ Color

☐ Criminal History

☐ Disability (physical or mental)

☐ Family Care or Medical Leave (CFRA) (employers of 50 or more people)

☐ Gender Identity or Expression

☐ Genetic Information or Characteristic

☐ Marital Status

☐ Medical Condition (cancer or genetic characteristic)

☐ Military and Veteran Status

☐ National Origin (includes language restrictions)

☐ Pregnancy, childbirth, breastfeeding, and/or related medical conditions

☐ Race

☐ Religious creed (includes dress and grooming practices)

☑ Sex/Gender

☑ Sexual harassment -- hostile environment

☐ Sexual harassment -- quid pro quo

☐ Sexual orientation

☐ Other (specify) _____

Right-to-Sue (DFEH 902-6M) Revised 10/2018

Exhibit 3
94

**AS A RESULT, I WAS:**

- [x] Asked impermissible non-job-related questions
- [ ] Demoted
- [x] Denied a work environment free of discrimination and/or retaliation
- [ ] Denied accommodation for pregnancy
- [ ] Denied accommodation for religious beliefs
- [x] Denied any employment benefit or privilege
- [ ] Denied Baby Bonding Leave (employers of 20-49 people)
- [ ] Denied employer paid health care while on pregnancy disability leave
- [ ] Denied equal pay
- [ ] Denied Family Care or Medical Leave (CFRA) (employers of 50 or more people) Denied hire or promotion
- [ ] Denied or forced to transfer
- [ ] Denied reasonable accommodation for a disability
- [ ] Denied the right to wear pants
- [ ] Denied work opportunities or assignments
- [ ] Forced to quit
- [x] Laid off
- [ ] Reprimanded
- [ ] Suspended
- [x] Terminated
- [ ] Other (specify)_____

I ALLEGE THAT I EXPERIENCED:     [x] Retaliation

**BECAUSE I:**

- [x] Participated as a witness in a discrimination or harassment complaint
- [x] Reported or resisted any form of discrimination or harassment
- [ ] Reported patient abuse (hospital employees only)
- [ ] Requested or used a disability-related accommodation
- [ ] Requested or used a pregnancy-disability-related accommodation
- [ ] Requested or used a religious accommodation
- [ ] Requested or used baby bonding leave (employers of 20-49 people)
- [ ] Requested or used leave under the California Family Rights Act or FMLA (employers of 50 or more people)

Right-to-Sue (DFEH 902-6M) Revised 10/2018

Page 5 of 14

**Exhibit 3**
**95**

**AS A RESULT I WAS:**

- ☐ Asked impermissible non-job-related questions
- ☐ Demoted
- ☑ Denied a work environment free of discrimination and/or retaliation
- ☐ Denied accommodation for pregnancy
- ☐ Denied accommodation for religious beliefs
- ☑ Denied any employment benefit or privilege
- ☐ Denied baby bonding leave (employers of 20-49 people)
- ☐ Denied employer paid health care while on pregnancy disability leave
- ☐ Denied equal pay
- ☐ Denied Family Care or Medical Leave (CFRA) (employers of 50 or more people)
- ☐ Denied hire or promotion
- ☐ Denied or forced to transfer
- ☐ Denied reasonable accommodation for a disability
- ☐ Denied the right to wear pants
- ☐ Denied work opportunities or assignments
- ☐ Forced to quit
- ☑ Laid off
- ☐ Reprimanded
- ☐ Suspended
- ☑ Terminated
- ☐ Other (specify)_____

2. Do you have an attorney who agreed to represent you in this matter? ● Yes ○ No
   If yes, please provide the attorney's contact information.

**COMPLAINANT'S REPRESENTATIVE INFORMATION**

Attorney Name: Kristen O'Connor

Attorney Firm Name: Johnson Fistel, LLP

Attorney Address: 655 W Broadway Suite 1400

Attorney City, State, and Zip: San Diego, California 92101

---

Right-to-Sue (DFEH 902-6M) Revised 10/2018

Exhibit 3
96

3. Briefly describe what you believe to be the reason(s) for the discrimination, harassment, or retaliation. (Optional)

The Behemoth hired Mr. Cleveland in March 2016 through Eastridge Workforce Solutions. From Mr. Cleveland's first day of work through the date of his unlawful and retaliatory termination, The Behemoth subjected Mr. Cleveland and others to systemic and pervasive sexual harassment and engendered, endorsed, and/or ratified a hostile work environment violative of state and federal law. Mr. Cleveland's exposure to The Behemoth's flagrant disregard for its employees and the law was immediately apparent on his first day of work on March 21, 2016, when he observed an obscene doll intentionally placed directly in front of the Company's mounted Equal Employment Opportunity Commission and Department of Fair Employment and Housing posters. The doll depicted a unicorn with ejaculating male genitalia emerging from its head, which Mr. Cleveland's manager, Jay Fernandes, identified to Mr. Cleveland as "the HR rep." Similar dolls were also placed on various employee desks, including Mr. Cleveland's, and disbursed throughout the office. Mr. Cleveland learned later that the doll, referred to by the Company as a "penicorn," was designed by the Company's voiceover actor, Will Stamper ("Stamper") following a Company-endorsed contest where employees were asked to draw male genitalia on a unicorn. Stamper's influence on The Behemoth and its hostile work environment manifested exponentially over the course of Mr. Cleveland's tenure at the Company. Stamper, who is well-known for his voiceover talent in the video game industry, made routine visits to Mr. Cleveland's office throughout 2016, 2017, and 2018. He possessed an employee badge which allowed him to enter the Company's office at will, was listed under the Company's umbrella credit on The Behemoth's games, and routinely engaged with Mr. Cleveland's colleagues during his visits to the office. Because of Stamper's industry clout and because of his frequent interactions with other employees of the Company, many Company employees— including Mr. Cleveland and Mr. Cleveland's supervisors—followed Stamper's Twitter account. Stamper's influence was inextricably linked to The Behemoth's daily business operations and company culture.
Beginning on or around November 2017 through February 2018, Stamper routinely posted obscene, discriminatory, and sexually violent tweets that shocked and distressed Mr. Cleveland. Stamper's tweets were nearly daily discussed on The Behemoth's internal messaging system and fan chat/engagement platform, which were the communication mediums the Company encouraged its staff to utilize during work hours. Mr. Cleveland could not avoid his exposure to Stamper's offensive and harassing tweets because they permeated Mr. Cleveland's work environment on a daily basis. Mr. Cleveland's distress was only exacerbated by The Behemoth's wanton disregard for the safety and protection of its employees: employees, managers, and/or owners of The Behemoth 1) regularly made sexually offensive comments to and around Mr. Cleveland, 2) posted pornographic photos on fixtures around the office and 3) ratified and encouraged Stamper's conduct. Worse, when Mr. Cleveland and his colleagues routinely complained to their managers about Stamper's tweets and the Company's culture, including in writing in December 2017, they failed to take any remedial action whatsoever and in fact ratified Stamper's conduct by continuing to employ Stamper and endorsing his posts on Twitter. As a result, the harassing and obscene tweets and conduct continued throughout 2018 and Mr. Cleveland continued to suffer harm. On February 2, 2018, after months of complaining about Stamper's conduct and the Company's work environment, Mr. Cleveland was terminated from The Behemoth, which he believes was retaliatory for his complaints about the Company's work environment and Stamper.

**Exhibit 3**
97

**VERIFICATION PAGE – THIS PAGE MUST BE COMPLETED**

**Before submitting the form, you must verify who you are and whether you are submitting this information for yourself or someone else.**

Verifier Name:  Kristen O'Connor

Verifier's Relationship to Complainant:  Attorney

Verifier's City and State: San Diego, California

**By submitting this document, you are declaring under penalty of perjury under the laws of the State of California that to the best of your knowledge all information stated is true and correct, except matters stated on information and belief, which you believe to be true.**

Right-to-Sue (DFEH 902-6M) Revised 10/2018

**Exhibit 3**
**98**

## DEMOGRAPHIC INFORMATION
THIS INFORMATION IS OPTIONAL AND IS ONLY USED FOR STATISTICAL PURPOSES.

Primary Language: _____     Age: _____

**GENDER / GENDER IDENTITY:**

☐ Male     ☐ Female     ☐ Non-Binary     ☐ Other

**MARITAL STATUS:**

☐ Single     ☐ Married     ☐ Cohabitation     ☐ Divorced

**RACE:**

☐ American Indian, Native American or Alaskan Native

☐ Asian

☐ Black or African American

☐ Native Hawaiian or Other Pacific Islander

☐ White

☐ Other

**ETHNICITY:**

☐ Hispanic or Latino     ☐ Non-Hispanic or Latino

**NATIONAL ORIGIN:**

| | | | |
|---|---|---|---|
| ☐ Afghani | ☐ German | ☐ Japanese | ☐ Other Middle Eastern |
| ☐ American [U.S.A] | ☐ Ghanaian | ☐ Korean | ☐ Pakistani |
| ☐ Asian Indian | ☐ Guamanian | ☐ Laotian | ☐ Puerto Rican |
| ☐ Bangladeshi | ☐ Haitian | ☐ Lebanese | ☐ Salvadoran |
| ☐ Cambodian | ☐ Hawaiian | ☐ Malaysian | ☐ Samoan |
| ☐ Canadian | ☐ Hmong | ☐ Mexican | ☐ Sri Lankan |
| ☐ Chinese | ☐ Indonesian | ☐ Nigerian | ☐ Syrian |
| ☐ Cuban | ☐ Iranian | ☐ Other | ☐ Taiwanese |
| ☐ Dominican | ☐ Iraqi | ☐ Other African | ☐ Thai |
| ☐ Egyptian | ☐ Irish | ☐ Other Asian | ☐ Tongan |
| ☐ English | ☐ Israeli | ☐ Other Caribbean | ☐ Vietnamese |
| ☐ Ethiopian | ☐ Italian | ☐ Other European | |
| ☐ Fijian | ☐ Jamaican | ☐ Other Hispanic/Latino | |
| ☐ Filipino | | | |

Right-to-Sue (DFEH 902-6M) Revised 10/2018

Exhibit 3
99

## DEMOGRAPHIC INFORMATION
THIS INFORMATION IS OPTIONAL AND IS ONLY USED FOR STATISTICAL PURPOSES.

**DISABILITY:**

☐ AIDS or HIV        ☐ Limbs [Arms / Legs]

☐ Blood / Circulation        ☐ Mental

☐ Brain / Nerves / Muscles        ☐ Sight

☐ Digestive / Urinary / Reproduction        ☐ Speech / Respiration

☐ Hearing        ☐ Spinal / Back / Respiration

☐ Heart        ☐ Other Disability

**RELIGION:**

☐ Agnostic        ☐ Nonreligious

☐ Atheist        ☐ Protestantism

☐ Bahai        ☐ Primal-indigenous

☐ Buddhism        ☐ Quakers

☐ Catholicism        ☐ Rastafarianism

☐ Christianity        ☐ Spiritism

☐ Confucianism        ☐ Shinto

☐ Hinduism        ☐ Sikhism

☐ Islam        ☐ Taoism

☐ Jehovah's Witness        ☐ Unitarian-Universalism

☐ Judaism        ☐ Zoroastrianism

☐ Neo-Paganism        ☐ Other

**SEXUAL ORIENTATION:**

☐ Straight or Heterosexual    ☐ Gay or Lesbian    ☐ Bisexual    ☐ Other

Right-to-Sue (DFEH 902-6M) Revised 10/2018

**Exhibit 3**
**100**

## ATTACHMENT A

The Behemoth hired Mr. Cleveland in March 2016 through Eastridge Workforce Solutions.

From Mr. Cleveland's first day of work through the date of his unlawful and retaliatory termination, The Behemoth subjected Mr. Cleveland and others to systemic and pervasive sexual harassment and engendered, endorsed, and/or ratified a hostile work environment violative of state and federal law. Mr. Cleveland's exposure to The Behemoth's flagrant disregard for its employees and the law was immediately apparent on his first day of work on March 21, 2016, when he observed an obscene doll intentionally placed directly in front of the Company's mounted Equal Employment Opportunity Commission and Department of Fair Employment and Housing posters. The doll depicted a unicorn with ejaculating male genitalia emerging from its head, which Mr. Cleveland's manager, Jay Fernandes, identified to Mr. Cleveland as "the HR rep." Similar dolls were also placed on various employee desks, including Mr. Cleveland's, and disbursed throughout the office. Mr. Cleveland learned later that the doll, referred to by the Company as a "penicorn," was designed by the Company's voiceover actor, Will Stamper ("Stamper") following a Company-endorsed contest where certain employees were asked to draw male genitalia on a unicorn. Stamper's influence on The Behemoth and its hostile work environment manifested exponentially over the course of Mr. Cleveland's tenure at the Company.

Stamper, who is well-known for his voiceover talent in the video game industry, made routine visits to Mr. Cleveland's office throughout 2016, 2017, and 2018. He possessed an employee badge which allowed him to enter the Company's office at will, was listed under the Company's umbrella credit on The Behemoth's games, and routinely engaged with Mr. Cleveland's colleagues during his visits to the office. Because of Stamper's industry clout and because of his frequent interactions with other employees of the Company, many Company employees— including Mr. Cleveland and Mr. Cleveland's supervisors—followed Stamper's Twitter account. Stamper's influence was inextricably linked to The Behemoth's daily business operations and company culture.

Beginning on or around November 2017 through February 2018, Stamper routinely posted obscene, discriminatory, and sexually violent tweets that shocked and distressed Mr. Cleveland. Stamper's tweets were nearly daily discussed on The Behemoth's internal messaging system, Slack, and via its mandatory chat and fan engagement platform, Steam, which were the communication mediums the Company encouraged its staff to utilize during work hours. Mr. Cleveland could not avoid his exposure to Stamper's offensive and harassing tweets because they permeated Mr. Cleveland's work environment on a daily basis. Mr. Cleveland's distress was only exacerbated by The Behemoth's wanton disregard for the safety and protection of its employees: employees, managers, and/or owners of The Behemoth 1) regularly made sexually offensive comments to and around Mr. Cleveland, 2) posted pornographic photos on fixtures around the office, 3) failed to remediate problems in the men's restroom (which had small saloon doors and exposed and humiliated Mr. Cleveland), and 4) ratified and encouraged Stamper's conduct. Worse, when Mr. Cleveland and his colleagues routinely complained to their managers about Stamper's tweets and the Company's culture, including in writing in December 2017, they failed to take any remedial action whatsoever and in fact ratified Stamper's conduct by continuing to employ Stamper and endorsing his posts on Twitter. As a result, the harassing and obscene tweets and conduct continued throughout 2018 and Mr. Cleveland continued to suffer

Exhibit 3

101

Attachment A
Page 2 of 2

harm. On February 2, 2018, after months of complaining about Stamper's conduct and the Company's work environment, Mr. Cleveland was terminated from The Behemoth, which he believes was retaliatory for his complaints about the Company's work environment and Stamper.

Exhibit 3
102

# EXHIBIT B

Exhibit 3
103

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: **Robert Cleveland**<br>**1710 S Jentilly Lane #31**<br>**Tempe, AZ 85281** | From: **San Diego Local Office**<br>**555 W. Beech Street**<br>**Suite 504**<br>**San Diego, CA 92101** |

☐ On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **488-2019-00119** | **Garrett D. Hoover,**<br>**Supervisor** | **(619) 557-7288** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <ins>WITHIN 90 DAYS</ins> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <ins>WITHIN 90 DAYS</ins> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <ins>more than 2 years (3 years)</ins> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____     _____
**Christopher S. Green,**                                 11/20/18
**Local Office Director**                                 *(Date Mailed)*

Enclosures(s)

cc:
| | |
|---|---|
| **John Baez**<br>**President**<br>**THE BEHEMOTH**<br>**302 WASHINGTON ST #616**<br>**San Diego, CA 92103** | **Kristen O'Connor**<br>**JOHNSON FISTEL LLP**<br>**655 W Broadway, Suite 1400**<br>**San Diego, CA 92101** |

**Exhibit 3**
**104**

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**Exhibit 3**

# EXHIBIT B

Exhibit 3
106

**Serena Lee**

| | |
|---|---|
| **From:** | One Legal <noreply@onelegal.com> |
| **Sent:** | Wednesday, February 20, 2019 8:43 AM |
| **To:** | Paralegal; Kristen O'Connor |
| **Subject:** | eFiling rejected for Robert Cleveland v. The Behemoth |

# eFiling Rejected by Court Clerk

| | |
|---|---|
| **Order #** | 12839290 |
| **Submitted** | 2/19/2019 7:55 PM PT by Johnson Fistel Paralegal |
| **Case** | Robert Cleveland v. The Behemoth |
| **Court** | Superior Court of California, San Diego County (Central) |
| **Client billing** | $ The Behemoth |
| **Court transaction #** | 2603482 |

**Message from the court clerk**
Other - Documents that contain exhibits must be bookmarked.

**Rejected Documents**

**What happens next?**
Review the attached Rejection Notice from the court. You can elect to have the One Legal concierge review your documents and re-file on your behalf via the order status page. Alternatively, you can re-file corrected documents by placing a new order.

Thank you,
The One Legal Team

How are we doing? Share your feedback.

You are receiving this email in response to an order that was placed on www.onelegal.com
Get help on our Support Center or by email at support@onelegal.com.
© 2018 One Legal, LLC - 504 Redwood Blvd, Novato, CA 94947



**Exhibit 3**
**107**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS:  330 W Broadway<br>MAILING ADDRESS:  330 W Broadway<br>CITY AND ZIP CODE:  San Diego, CA 92101-3827<br>BRANCH NAME:  Central | |

| Short Title: N/A | |
|---|---|

| **NOTICE OF REJECTION OF ELECTRONIC FILING** | CASE NUMBER:<br>N/A |
|---|---|

The electronic filing described by the summary data below was reviewed and rejected by the Superior Court of California, County of San Diego

**E-Filing Summary Data**

Electronically Submitted
         on Behalf of:    Robert Cleveland

Transaction Number:    2603482
Court received Date:    02/19/2019
Court received Time:    07:57:10 PM

This electronic filing was rejected based on the following reason(s):

**Reject Reason 1:**  Other

    Clerk's Comments to Submitter:
    Documents that contain exhibits must be bookmarked.

**E-Filing Service Provider Information**

Name:             OneLegal
Email:             support@onelegal.com
Contact Person:  Customer Support
Phone:           (800) 938-8815

Exhibit 3
108

1    JOHNSON FISTEL, LLP
     Frank J. Johnson, Esq. (SBN 174882)
2    FrankJ@johnsonfistel.com
     Kristen O'Connor, Esq. (SBN 305113)
3    KristenO@johnsonfistel.com
     655 West Broadway, Suite 1400
4    San Diego, CA 92101
     Telephone: (619) 230-0063
5    Facsimile: (619) 255-1856

6    *Counsel for Plaintiff*

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                         **FOR THE COUNTY OF SAN DIEGO**

10   ROBERT CLEVELAND,                    Case No.:   37-2019-00009443-CU-OE-CTL
     an individual,
11                                        [*Case Assigned for All Purposes to the*
                    Plaintiff,            *Hon. Kenneth J. Medel, Dept. C-66]*
12
            v.
13                                        **DECLARATION OF KRISTEN**
     THE BEHEMOTH, a California           **O'CONNOR IN SUPPORT OF**
14   corporation; and DOES 1 through 10.  **PLAINTIFF'S EX PARTE APPLICATION**
                                          **FOR *NUNC PRO TUNC* ORDER**
15                  Defendants.           **DEEMING COMPLAINT AS FILED ON**
                                          **THE ORIGINAL FILING**
16

17

18          I, Kristen O'Connor, hereby declare as follows:

19          1.      I am an associate at the law firm of Johnson Fistel, LLP, counsel for Plaintiff

20   Robert Cleveland ("Plaintiff") in the above-captioned action.  I submit this declaration in support

21   of Plaintiff's ex parte application for a *nunc pro tunc* order deeming Plaintiff's complaint as filed

22   on February 19, 2019.  I have personal knowledge of the facts stated in this declaration.  I could

23   and would competently testify to these facts, if called upon to do so.

24          2.      On February 19, 2019, at 7:55 p.m., one of my firm's paralegals, Serena Lee,

25   facilitated the electronic filing of the Complaint appended with exhibits and other related

26   initiating documents (the "Complaint") on behalf of Plaintiff Robert Cleveland in the Superior

27   Court of San Diego County via One Legal.  *See* Declaration of Serena Lee ("Lee Decl."), at ¶ 2.

28

1
DECLARATION OF KRISTEN O'CONNOR IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION
FOR *NUNC PRO TUNC* ORDER DEEMING COMPLAINT AS FILED ON THE ORIGINAL FILING DATE;
Case No.:37-2019-00009443-CU-OE-CTL

Exhibit 3
109

3.      The next day, on February 20, 2019, at 8:43 a.m., Ms. Lee and I received emails from One Legal notifying our office that the electronically-filed Complaint was rejected on the basis that documents containing exhibits were submitted without PDF bookmarks.  *See* Lee Decl., ¶ 3.

4.      Ms. Lee has previously filed complaints appended with exhibits in this Court which were accepted for filing without PDF bookmarks.  For example, on July 30, 2018, at 1:52 p.m., Ms. Lee facilitated the electronic filing of a complaint appended with exhibits and other related initiating documents (the "Cannizzo Complaint") in the Superior Court of San Diego County via One Legal.  *Cannizzo v. Clarvan Inc., et al.*, Case No. 37-2018-00037879-CU-OE-NC, Dkt. 1.  The Cannizzo Complaint was accepted for filing, notwithstanding that the exhibits appended to the Cannizzo Complaint was not bookmarked.  *See* Lee Decl., at ¶ 4.

5.      The filing date of Plaintiff's complaint is potentially consequential to certain of Plaintiff's claims.

6.      I emailed counsel for The Behemoth, Lisa Hird Chung, Esq. of Schor Vogelzang LLP (600 B Street, Suite 2200, San Diego, California 92101, Tel: (619) 906-2400, Email: lisa@schorvogelzang.com) on February 27, 2019 at 2:11 p.m. to indicate that I would be moving ex parte for a *nunc pro tunc* order and the reason therefor.  I also provided counsel with the hearing date and time and requested she advise whether The Behemoth intended to oppose the ex parte.  Counsel for The Behemoth replied by email on February 27, 2019 at 5:18 p.m.: "No opposition".

DATED:  March 1, 2019

_____
KRISTEN O'CONNOR

---

2

DECLARATION OF KRISTEN O'CONNOR IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR *NUNC PRO TUNC* ORDER DEEMING COMPLAINT AS FILED ON THE ORIGINAL FILING DATE; Case No.:37-2019-00009443-CU-OE-CTL

**Exhibit 3**

**110**

1

2

3

4

5

6

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **FOR THE COUNTY OF SAN DIEGO**

10   ROBERT CLEVELAND,                    Case No.:   37-2019-00009443-CU-OE-CTL
     an individual,

11                                        *[Case Assigned for All Purposes to the*
                Plaintiff,                *Hon. Kenneth J. Medel, Dept. C-66]*

12
           v.
13                                        **[PROPOSED] ORDER** *NUNC PRO TUNC*
                                          **DEEMING PLAINTIFF'S COMPLAINT**
14   THE BEHEMOTH, a California           **AS FILED ON THE ORIGINAL FILING**
     corporation; and DOES 1 through 10.  **DATE**

15              Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          1
[PROPOSED] ORDER *NUNC PRO TUNC* DEEMING PLAINTIFF'S COMPLAINT AS FILED ON THE
ORIGINAL FILING DATE; Case No.:37-2019-00009443-CU-OE-CTL   **Exhibit 3**

**111**

1

## [PROPOSED] ORDER *NUNC PRO TUNC* DEEMING COMPLAINT
## AS FILED ON THE ORIGINAL FILING DATE

2

3

Plaintiff Robert Cleveland ("Plaintiff"), having moved for an Order *nunc pro tunc*, and

the Court having considered Plaintiff's requested relief:

4

5

IT IS HEREBY ORDERED THIS _____ day of February, 2019, that:

6

1.      Plaintiff's ex parte application for Order *nunc pro tunc* deeming complaint as

filed on the original filing date is GRANTED;

7

8

2.      Plaintiff's Complaint shall be deemed filed as of February 19, 2019 at 7:55 p.m.

9

10

IT IS SO ORDERED.

11

DATED:

12

13

_____
HON. KENNETH J. MEDEL
JUDGE OF THE SUPERIOR COURT

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**Exhibit 3**

**112**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7066 |

| PLAINTIFF(S) / PETITIONER(S): | Robert Cleveland |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | The Behemoth |
|---|---|

CLEVELAND VS THE BEHEMOTH [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER: 37-2019-00009443-CU-OE-CTL |
|---|---|

## CASE ASSIGNMENT

Judge:  Kenneth J Medel                                        Department: C-66

**COMPLAINT/PETITION FILED:** 02/20/2019

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 10/11/2019 | 08:30 am | C-66 | Kenneth J Medel |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

**Exhibit 3**
**113**



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

**This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.**

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed.  Original documents should not be filed with pleadings.  If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program").  As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file.  The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150.  The paper filing will be imaged and held for 30 days.  After that time it will be destroyed and recycled.  **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.**  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

Page: 2

**Exhibit 3**
**114**



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2019-00009443-CU-OE-CTL        CASE TITLE: Cleveland vs The Behemoth [IMAGED]

<u>**NOTICE:**</u> **All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359),** <u>***and***</u>
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

<u>**Potential Advantages and Disadvantages of ADR**</u>
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

<u>**Most Common Types of ADR**</u>
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.