UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLEVELAND, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE BEHEMOTH, a California corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:  19-cv-0672-GPC-BGS<br><br>**ORDER OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S MAY 27, 2021 ORDER**<br><br>[ECF No. 44.] |

Before the Court is Plaintiff's Objection to the Magistrate Judge's May 27, 2021 discovery order. ("MJ Order" or "the challenged Order," ECF No. 42).  Pl. Mot., ECF No. 44. On June 25, 2021, Defendant opposed. ECF No. 46. On July 02, 2021, Plaintiff replied. ECF No. 47. Based on the reasoning below, the Court **OVERRULES** in part and **SUSTAINS** in part Plaintiff's objections to the Magistrate Judge's discovery order. In light of this ruling, the Court **VACATES** the hearing set for this matter on August 27, 2021.

\ \ \

\ \ \

## I. BACKGROUND

The underlying suit concerns allegations of a hostile work environment, sexual harassment, retaliation, wrongful termination, and related claims arising from Plaintiff's work for Defendant, a video game company. On December 23, 2020, Defendant made an untimely production of documents ("supplemental production"). MJ Order at 4. The supplemental production included Slack chats ("supplemental Slacks"), photographs, records purportedly relating to Plaintiff's performance reviews, emails between Mr. Fernandes and Mr. Baez, and a purported YouTube watch list—all of which Plaintiff alleged to be responsive to RFPs. *Id*. On January 11, 2021, Plaintiff filed a Motion for Evidence Preclusion and Monetary Sanctions for an untimely production of discovery, which Defendant opposed. ECF Nos. 37, 40. On May 28, 2021, the Magistrate Judge issued an Order Denying Plaintiff's Motion for Sanctions. ECF No. 42.

In the challenged Order, Magistrate Judge Skomal first considered the timeliness and responsiveness of Defendant's supplemental production, including whether Defendant had a duty to supplement and when such a duty arose. Magistrate Judge Skomal found that the Slack messages were responsive to Plaintiff's RFPs and were not timely produced, and that the YouTube Watch History, photographs identified as trial exhibits not previously produced, two emails from Jay Fernandes to John Baez, and the "One on One Notes" were not timely produced as supplements to initial disclosures. MJ Order at 13.  Magistrate Judge Skomal then considered whether these failures to timely disclose fell under an exception to Rule 37(c)(1) allowing the information to be introduced if the parties' failure to disclose was substantially justified or harmless. MJ Order at 15. As to each portion of the supplemental production at issue, Magistrate Judge Skomal found the untimely production fell under either the substantial justification exception, the harmlessness exception, or both.

\ \ \

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 72(a), aggrieved parties may file objections to a magistrate judge's rulings on non-dispositive matters within fourteen days. The district court reviews whether the decision is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). "The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *FDIC v. Fid. & Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) (citations omitted). The "contrary to law" standard "permits independent review of purely legal determinations by the magistrate judge." *Id.* at 378 (citations omitted).

The magistrate judge's decision on a nondispositive matter is entitled to great deference. *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he magistrate judge acted as the agent of, and not merely an assistant to, the district judge . . . the text of the Magistrates Act suggests that the magistrate judge's decision in such nondispositive matters is entitled to great deference by the district court"); *see McAdam v. State Nat. Ins. Co.*, 15 F. Supp. 3d 1009, 1013 (S.D. Cal. 2014) (describing the standard as "significantly deferential"). "Under Rule 72, the reviewing district judge may not supplant his or her own judgment in place of the deciding magistrate judge." *La Jolla Spa MD, Inc. v. Avidas Pharmaceuticals, LLC,* No. 17-cv-01124, 2019 WL 5088559, at *2 (S.D. Cal. Oct. 10, 2019). Consequently, discretionary orders, such as those granting or denying the imposition of sanctions in a discovery dispute, "will be overturned only if the district court is left with the definite and firm conviction that a mistake has been made." *Ctr. For Biological Diversity v. Fed. Highway Admin.*, 290 F. Supp. 2d 1175, 1199-1200 (S.D. Cal. 2003). To the extent that the district court reviews the challenged order, this Court's role is therefore not to probe into the aggrieved party's underlying assertions to root out any possible room for disagreement. Instead, this Court's function

is to review the challenged Order for clear error, and to intervene if this Court finds Magistrate Judge Skomal's conclusions are manifestly mistaken.

### III. DISCUSSION

Plaintiff objects to the Magistrate Judge's Order on two grounds: first, that the Order shifts the burden of proving substantial justification or harmlessness to Plaintiff in contravention of prevailing law, and second, that the Order impermissibly allows Defendant to introduce evidence it will rely on at trial despite Plaintiff's inability to depose witnesses or scrutinize bases of opinion before trial. Pl. Mot. at 2.

#### A. Burden to Show Substantial Justification or Harmlessness

Plaintiff takes issue with the challenged Order's statement that "Plaintiff does not specify which of the 582 pages is responsive to which RFP," arguing that through this and similar statements, the challenged Order erroneously shifts the burden of proving substantial justification or harmlessness to Plaintiff. Pl. Mot. at 10. However, Plaintiff has misconstrued the Magistrate Judge's purpose in addressing responsiveness. The challenged Order's discussions of responsiveness, and whether Plaintiff has identified which RFPs are at issue, do not relate to the burden of proving substantial justification or harmlessness. They deal instead with the threshold question of whether the production at issue falls under Rule 26's ambit ("Therefore, the Court must first ascertain which of the documents respond to Plaintiff's listed RFPs in order to determine whether the alleged belated discovery relates to an incomplete response to that RFP." MJ Order at 5.) Only after determining whether the production is responsive, and whether it qualifies as a supplement to initial disclosures, does Magistrate Judge Skomal move to a discussion of timeliness and the burden of proving that an exception applies. MJ Order at 11. The challenged Order's considerations of responsiveness do not impermissibly shift the burden onto Plaintiff, because they address a separate part of the applicable legal

4

standard—they do not pertain directly to the question of substantial justification or harmlessness.

As to that question, Federal Rule of Civil Procedure 26(e) governs supplemental discovery disclosures and responses. Federal Rule of Civil Procedure 37 addresses imposable sanctions related to the same. "If a party fails to provide information or identify a witness as required by 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1); *see Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). "[T]he burden is on the party facing sanctions to prove harmlessness." *Id.* at 1107. The challenged Order cites and applies the correct legal standard as to FRCP Rule 37 sanctions and its exceptions. MJ Order at 15 ("The party trying to avoid Rule 37 sanctions, here Defendant, bears the burden of proving substantial justification or harmlessness."). The challenged Order looks to the sufficiency of Defendant's arguments, not Plaintiff's, in determining substantial justification or harmlessness. *See* MJ Order at 19 ("As to substantial justification Defendant explains . . . in some detail how the deficiency was identified . . . ."). Magistrate Judge Skomal therefore requires Defendants to carry the burden of explanation, in accordance with caselaw. Accordingly, the challenged Order's citation to, and application of, the relevant legal standard was not erroneous or contrary to law.

B.   **Challenged Order's Findings**

Plaintiff next objects that Magistrate Judge Skomal impermissibly allows Defendant to introduce evidence without permitting Plaintiff to depose witnesses or scrutinize bases for opinion. In essence, Plaintiff advances an argument about the correctness of Magistrate Judge Skomal's findings as to substantial justification and harmlessness, as well as the Magistrate Judge's opinions as to necessary cure.

Under FRCP 37, the party seeking to avoid sanctions bears the burden of proving either substantial justification or harmless, not both. Fed. R. Civ. P. 37(c)(1). Magistrate Judge Skomal found, after careful and thorough analysis, that each of the portions of the supplemental production fell under one or both exceptions. The Court will further review, by category, the belated production of documents which were not previously produced and which Defendant has identified as a trial exhibit.

1.  **Supplemental Slack Messages**

Plaintiff objects to the Magistrate Judge's finding that the belated production of supplemental Slack messages was substantially justified and harmless. Defendants conceded that the supplemental Slack messages are responsive to Plaintiff's RFPs. MJ Order at 19. However, Magistrate Judge Skomal concluded that Defendant's detailed explanation of the flaw in Logikcull's algorithm constituted substantial justification. *Id.* Furthermore, the belated production was harmless because Magistrate Judge Skomal was not convinced that there was any basis for differentiating the supplemental Slack materials from Slack messages that had already been produced between Plaintiff and Mr. Banes. *Id.* Plaintiff argues that "[t]hey are different conversations, which happened on different days, with varying degrees of probative value…" Pl. Mot. at 13. It is of course true that different messages from different days may have different probative value. It is also a very generalized statement. And while it is not Plaintiff's burden to prove substantial justification or harmlessness in his Motion for Sanctions, it is Plaintiff's role as the objecting party to convince this Court that Magistrate Judge Skomal committed clear error. *See In re Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation*, No. 11-md-2286, 2020 WL 6504416, at *5 (S.D. Cal. Nov. 5, 2020) (finding Plaintiff had not carried his burden to show that the Magistrate Judge's order was clearly erroneous or contrary to law). Plaintiff argues by way of illustration that one of the supplemental Slacks, TRC_007806-007809, relates to Plaintiff and Mr. Banes'

respective interactions with Mr. Stamper, and thus a deposition of Mr. Banes would be a necessary cure. Pl. Mot. at 13. Neither party provided the supplemental Slack messages for this Court's review. Without the messages themselves, this Court is unable to evaluate whether, and how, TRC_007806-007809 would be different from the others which did not prompt Plaintiff to depose Mr. Banes. While there is a possibility that the message Plaintiff points to has probative value, that does not lead to the inescapable conclusion that Magistrate Judge Skomal committed clear error. In any case, Magistrate Judge Skomal found that both exceptions under Fed. R. Civ. P. 37(c)(1) applied to the supplemental Slack messages, where only one exception would be required to excuse their belated production. Even if this Court were to find that the late production of TRC_007806-007809 (and other supplemental Slack messages) were not harmless, Defendant would still be excused under the substantial justification exception. Therefore, this Court finds no clear error in Magistrate Judge Skomal's conclusions regarding the supplemental Slack messages.

### 2. YouTube Watch History

The bulk of the belated production consists of the Plaintiff's YouTube Watch History. MJ Order at 4. The challenged Order found that the Watch History was not responsive to Plaintiff's RFPs, but qualified as a supplement to initial disclosures. *Id*. at 21. Magistrate Judge Skomal considered Defendant's explanation for why the YouTube Watch History was not found earlier unavailing as substantial justification since Mr. Baez could have simply checked all folders. *Id.* The Court agrees that there is no substantial justification for Defendant's failure to more thoroughly check its folders and discover this part of the Google Takeout file.

Magistrate Judge Skomal next concluded that while there was not substantial justification, Defendant had shown harmlessness because Plaintiff himself is in the best position to evaluate and explain his own Watch History. *Id.* at 22. Plaintiff argues that

prejudice exists because he is not able to ascertain "custody of the purported email account and device from which the YouTube data was purportedly generated, or who has had access to the purported email account and device at all relevant times." Pl. Mot. at 14. The challenged Order notes that the Baez Declaration sufficiently "details how the account [including the Watch History] was preserved, how and when it was searched, what was found, when it was found, and when it was produced." MJ Order at 22. Plaintiff objects that this is insufficient where Defendant plans to present this viewing history, including links to hundreds of YouTube videos, at trial. Pl. Reply at 5.

The YouTube Watch History is a significant portion of the supplemental production that, unlike the supplemental Slack messages and two emails from Jay Fernandes to John Baez, is not similar to previously produced documents in content or form. While the Baez Declaration describes the creation, search, and production of the Google Takeout file as a whole, it does not specifically address the issues Plaintiff has raised: the circumstances of the creation, custody, and extraction of the YouTube Watch History's contents in particular. ECF No. 40-1 at 4. The Baez Declaration is therefore insufficient to address Plaintiff's concerns. The Court is also not convinced that the belated production of the Watch History should be considered harmless simply because Plaintiff can opine on his own YouTube history. As Plaintiff points out, it has been more than three years since Plaintiff worked for Defendant and had access to the computer on which this Watch History was purportedly generated. Pl. Reply at 4. The possibility of prejudice and surprise at trial still exists, even where a party may have had some insight into or control over the document in question. This is especially true where, as here, Plaintiff has not had access to or control over the purported YouTube Watch History since leaving Defendant's employ, or at the very least since Defendant exported Plaintiff's Google Suite data into the Takeout file in April 2019. ECF No. 40-1 at 4. Since Defendant plans to rely on the Watch History at trial, Plaintiff should be afforded

the opportunity to scrutinize the document's provenance. *See Chisolm v. 7-Eleven, Inc.*, 383 F. Supp. 3d 1032, 1045 (S.D.Cal. 2019), *aff'd* 814 F. Appx. 194 (9th Cir. 2020). Accordingly, the Court finds that it was error for Magistrate Judge Skomal to designate the belated production of the YouTube Watch History as harmless. The Court **SUSTAINS** Plaintiff's Objection to the extent that Plaintiff shall be allowed to reopen discovery for the limited purpose of propounding discovery addressing the origin, creation, custody, and extraction of the YouTube Watch History only. The parties shall contact the Magistrate Judge to reset deadlines.

### 3. Two Emails from Jay Fernandes to John Baez

While Magistrate Judge Skomal found that the belated production of the two emails was not substantially justified, the challenged Order concluded that Defendant had established harmlessness because the emails were "no more than minimally prejudicial and no cure is required." MJ Order at 24. Plaintiff argues that prejudice exists because Plaintiff should have had the opportunity to depose relevant witnesses on all communications relating to work performance. Pl. Reply (ECF No. 47) at 8. This Court has reviewed the emails at issue and finds no basis for disagreement with Magistrate Judge Skomal's conclusion that "references to Plaintiff's work hours would not require a deposition and Mr. Baez's impressions [of Plaintiff's work] have already been addressed." MJ Order at 24. Without further explanation from Plaintiff as to why more cure would be needed regarding these two emails, the Court finds no error in Magistrate Judge Skomal's conclusion.

### 4. Miscellaneous Photographs

Magistrate Judge Skomal found that the photographs of Plaintiff and co-workers at work (TRC_008264-8265, "Miscellaneous Photographs") were unresponsive to Plaintiff's RFPs but qualified as supplements to initial disclosures. MJ Order at 24. The challenged Order held these photographs were not prejudicial to Plaintiff, and therefore

their late production was harmless. *Id*. Addressing Plaintiff's generalized contention that the source and origin of the photographs were unknown, Magistrate Judge Skomal ordered Defendant to provide Plaintiff with a declaration addressing the source of the photographs. *Id.* Plaintiff has not raised arguments alleging error in the challenged Order's disposition of this particular part of the production. Accordingly, the Court finds no error in Magistrate Judge Skomal's findings as to the Miscellaneous Photographs.

### 5. "One on One Notes"

Magistrate Judge Skomal found this document was not responsive to Plaintiff's RFPs but qualified as a supplement to initial disclosures. *Id.* at 25. In the challenged Order's finding of harmlessness, Magistrate Judge Skomal noted that "there is not even a vague reference to this document" in Plaintiff's motion for sanctions, and that Defendant also did not explain why it was not identified sooner. *Id.* However, Magistrate Judge Skomal found harmlessness because the document solely related to Mr. Baez and Mr. Fernandes' impressions of Plaintiff, which had already been addressed in previous deposition testimony. *Id.* Neither party provided this document for this Court's review. Plaintiff makes little reference to it in his Objection beyond urging generally that he should have had the opportunity to depose witnesses as to all communications relating to work performance. Pl. Mot. at 12, fn. 7. Based on the information before it, this Court finds no error in Magistrate Judge Skomal's conclusion that the belated production of the One on One Notes was harmless.

### 6. Magazine Photographs

The challenged Order found that the belated production of these photographs was both substantially justified and harmless, since Defendant produced them the same day it received them. *Id*. at 26. As to harmlessness, Plaintiff concedes that the Magazine Photographs are actually helpful to its arguments. Pl. Mot. at 11, fn. 6. This Court also finds no basis for error in Magistrate Judge Skomal's conclusion that the belated

production was substantially justified because Defendant could not have produced the photographs before Defendant had them. On the filings before the Court, there is no evidence to support Plaintiff's theory that, because Defendant hired the investigator who took the photographs, it necessarily had access to the photos before December 23, 2020. Pl. Reply (ECF No. 47) at 9.

## IV.   CONCLUSION

In sum, the Court **OVERRULES** in part and **SUSTAINS** in part Plaintiff's Objection to Magistrate Judge Skomal's Order.

**IT IS SO ORDERED.**

Dated:  August 19, 2021

Hon. Gonzalo P. Curiel
United States District Judge