UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLEVELAND, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE BEHEMOTH, a California corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.: 19-cv-00672-GPC<br><br>**ORDER REGARDING CLARIFICATION OF COURT'S AUGUST 20, 2021 ORDER** |

On August 20, 2021, this Court issued an Order Overruling in Part and Sustaining in Part Plaintiff's Objections to the Magistrate Judge's May 27, 2021 Order regarding belated production of discovery by Defendants. ECF No. 49. As part of that Order, this Court sustained Plaintiff's objection "to the extent that Plaintiff shall be allowed to reopen discovery for the limited purpose of propounding discovery addressing the origin, creation, custody, and extraction of the YouTube Watch History only." ECF No. 49.

On September 21, 2021, it was brought to this Court's attention via Plaintiff's *ex parte* motion that defense counsel insisted that the Court's use of the word "propound" limited permissible discovery to written discovery requests, rather than oral depositions. ECF No. 52-2 at 4. Plaintiff's counsel responded that

1

there was no definition of "propound" that excluded propounding questions in an oral deposition, and that the notes to FRCP 30 (Depositions by Oral Examination) themselves use the word "propound" in reference to telephonic oral depositions. *Id.* at 3. Plaintiff's counsel therefore brought a motion *ex parte* for clarification of the Court's Order.

The Court is disappointed that defense counsel has made it necessary for the parties and this Court to engage in further motions practice on a mere semantic issue, and admonishes Defendants not to engage in further dilatory tactics or to try and evade the directives of this Court's order. As Plaintiffs point out, the word "propound" is not strictly limited to written discovery requests. Since the issue has been put forward, this Court will clarify that the August 20, 2021 Order's use of the word "propound" was not intended to be limited to written discovery, and Plaintiff may take the deposition—including by telephonic means, if necessary—of relevant witnesses on the subjects of the origin, creation, custody, and extraction of the YouTube Watch History.

**IT IS SO ORDERED.**

Dated: September 22, 2021

Hon. Gonzalo P. Curiel
United States District Judge