# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLEVELAND, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE BEHEMOTH, a California corporation; and DOES 1 through 10,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:19-cv-00672-RBM-BGS<br><br>**ORDER DENYING DEFENDANT THE BEHEMOTH'S MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S EXPERT WITNESS, DR. ELLEN STEIN, PH.D.**<br><br>**[Doc. 63]** |

On March 4, 2022, Defendant The Behemoth ("Defendant") filed a Motion to Exclude the Testimony of Plaintiff's Expert Witness, Dr. Ellen Stein, Ph.D. ("Motion"). (Doc. 63.) On March 18, 2022, Plaintiff Robert Cleveland ("Plaintiff") filed an opposition to the Motion ("Opposition"). (Doc. 71.) In the Motion, Defendant argues that "Dr. Stein's testimony is (1) unreliable as it is not based on technical or other specialized knowledge; and (2) not helpful to the trier of fact." (Doc. 63–1 at 2.)

For the reasons discussed below, Defendant's Motion is **DENIED**.

## I.　　BACKGROUND

Plaintiff is a former quality assurance specialist at Defendant, a video game development company headquartered in San Diego. (Doc 1–2 at 4.) On February 20, 2019,

Plaintiff filed the instant action alleging that from March 2016 to February 2018, "Defendant[] subjected Plaintiff to systemic employment discrimination based on his gender" and "engendered, endorsed, and/or ratified a hostile work environment violative of state and federal law." (*Id.* at 4, 7.)

In particular, Plaintiff brings claims for: (1) hostile work environment/sexual harassment in violation of California Fair Employment and Housing Act, (2) retaliation in violation of California Fair Employment and Housing Act, (3) wrongful termination in violation of public policy, (4) violation of California Business and Professions Code § 17200, (5) intentional infliction of emotional distress, (6) negligent infliction of emotional distress, (7) failure to prevent harassment, (8) hostile work environment/sexual harassment in violation of Title VII [42 U.S.C. §§ 2000(e) et seq.], and (9) retaliation in violation of Title VII [42 U.S.C. §§ 2000(e) et seq.]. (*Id.* at 3.) Plaintiff's complaint has requested general, compensatory, and/or special damages in any amount to be proven at trial. (*Id.* at 21.) The complaint also requests punitive damages in an amount sufficient to punish and deter Defendant from harming other employees. (*Id.*)

In light of Plaintiff's claims of emotional distress, "both parties engaged in expert witnesses to render opinions relating to Plaintiff's mental health." (Doc. 71 at 3.) Plaintiff designated expert witness Dr. Ellen Stein, Ph.D., "a forensic and clinical psychologist of 25 years who holds a B.A. in Psychology, Philosophy, and Women's Studies, an M.S.W. in Clinical Forensic Social Work, an M.A. in Clinical Psychology, and a Ph.D. in Clinical Psychology." (*Id.*) Defendant contends that Dr. Stein's testimony should be excluded because it is not based on specialized knowledge and not helpful to the trier of fact. (Doc. 63–1 at 2.)

## II.  LEGAL STANDARD

Federal Rule of Evidence 702 provides that expert testimony is admissible if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the

product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702.  For expert testimony to be admitted, it must be useful to the trier of fact, the expert must be qualified to provide the testimony, and the proposed evidence must be reliable or trustworthy.  *Sterner v. U.S. Drug Enf't Agency*, 467 F. Supp. 2d 1017, 1033 (S.D. Cal. 2006).

A trial court acts as a gatekeeper in excluding unreliable expert testimony.  *Cooper v. Takeda Pharms. Am., Inc.*, 239 Cal. App. 4th 555, 576 (2015); *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 600 (1993) ("Rule 702 confides to the judge some gatekeeping responsibility in deciding questions of the admissibility of proffered expert testimony").  Moreover, a trial court has broad discretion in deciding whether to admit expert testimony and in determining an expert's reliability.  *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000); *see also United States v. Espinosa*, 827 F.2d 604, 611 (9th Cir. 1987) ("[t]he decision to admit expert testimony is committed to the discretion of the district court and will not be disturbed unless manifestly erroneous").

### III.  DISCUSSION

Defendant argues that "Dr. Stein relies almost solely upon Plaintiff's self-serving rendition of the facts to support her conclusions, which is not reliable, trustworthy, or helpful to the trier of fact" and that such testimony should be excluded from trial.  (Doc. 63–1 at 2–3.)  Defendant focuses on a technique Dr. Stein used in which "she asked Plaintiff to rate a series of events on a scale of 1 to 10, with 1 being the least stressful and 10 being the most stressful."  (*Id.*)  Dr. Stein listed thirty-nine (39) life events including Plaintiff's job termination from Defendant and lawsuit activities.  (*Id.*)  Defendant contends this testimony is of no use to the trier of fact because "they are simply recitations of Plaintiff's personal assessment of his own emotional distress, which he attributes to his version of events that occurred while working for the Defendant."  (*Id.* at 6.)  Defendant asserts that, rather than focusing on objective tests, Dr. Stein "almost exclusively" relies on what Plaintiff has told her.  (*Id.*)

3

    Plaintiff counters that Dr. Stein's "clinical judgment, observations, and diagnoses are clearly helpful to the trier of fact because—far from exclusively recapitulating Plaintiff's 'feelings'—they reflect specialized and scientific analyses of Plaintiff's emotional function and the clinical corollaries related to his potential emotional stressors." (Doc. 71 at 2.)  While Dr. Stein did take inventory of "Plaintiff's self-reported stressors," she did so "in conjunction with her clinical interview" and "used a battery of objective and subjective testing instruments to confirm his stated emotional distress symptoms and impairment, [which] objectively indicated that Plaintiff was not overreporting/underreporting (or 'malingering'), and, in an exercise of her clinical judgment, she rendered her opinions and analyses therefrom." (*Id.* at 12.)  Plaintiff emphasizes Ninth Circuit case law finding mental health evaluations necessarily include an individual's subjective complaints. (*Id.* at 13–14 (citing *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).)

    Moreover, "Dr. Stein's clinical methodologies included comprehensive forensic testing, a clinical interview, a full-scale analysis of the forensic test data, a review of hundreds of pages of medical and other evidentiary records, and a series of formal diagnoses based on the DSM-V," which is an official archive of conditions recognized as mental health disorders. (Doc. 71 at 16.)  Thus, even though Dr. Stein takes into consideration Plaintiff's subjective complaints, "[her] testimony and opinions offer scientifically valid insights into Plaintiff's personality functioning and psychopathology, including Plaintiff's emotional function." (*Id.* at 17.)  "Dr. Stein corroborated Plaintiff's self-apportionment with objective data and her own clinical observations and judgment." (*Id.* at 18.)

    The Court finds that Dr. Stein's testimony may be helpful to the trier of fact and shall not be excluded at trial.  As an initial matter, Dr. Stein has been a clinical psychologist for twenty-five (25) years and "has been retained as an expert witness in the field of clinical and forensic psychology approximately 450 times." (*Id.* at 4.)  Dr. Stein conducted a two-day psychological evaluation of Plaintiff which included a 5.75-hour interview and several

objective testing instruments. (*Id.* at 1.) While Dr. Stein did consider Plaintiff's subjective complaints and descriptions, such analysis was considered in conjunction with the objective clinical data. In any event, an expert may consider subjective testimony when examining an individual's mental health. *See Buck*, 869 F.3d at 1049 (noting that "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields. Diagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient. But such is the nature of psychiatry"); *see also Folsom v. Colvin*, No. ED CV 16-291-PLA, 2016 WL 6991194, at *8 (C.D. Cal. Nov. 29, 2016) (finding no reason to discount an expert's opinion when the plaintiff's subjective complaints were supported by testing results).

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

DATE:  October 6, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE