UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLEVELAND, an individual,<br><br>                                        Plaintiff,<br><br>v.<br><br>THE BEHEMOTH, a California corporation; and DOES 1 through 10,<br><br>                                        Defendants. | Case No.: 3:19-cv-00672-RBM-BGS<br><br>**ORDER DENYING PLAINTIFF ROBERT CLEVELAND'S DAUBERT MOTION TO EXCLUDE DEFENDANT FROM MAKING USE OF THE TESTIMONY OF DOMINICK ADDARIO, M.D.**<br><br>**[Doc. 65]** |

On March 4, 2022, Plaintiff Robert Cleveland ("Plaintiff") filed a Motion to Exclude Defendant from Making Use of the Testimony of Dominick Addario, M.D. ("Motion"). (Doc. 65.)  On March 18, 2022, Defendant The Behemoth ("Defendant") filed an opposition to the Motion ("Opposition"). (Doc. 80.)  In the Motion, Plaintiff argues Dr. Addario's testimony would not be helpful to the trier of fact and is irrelevant, unreliable, and inadmissible under the Federal Rules of Evidence ("Rules" or "Rule"). (Doc. 65–1 at 2.)

For the reasons discussed below, Plaintiff's Motion is **DENIED**.

///

1

## I. BACKGROUND

Plaintiff is a former quality assurance specialist at Defendant, a video game development company headquartered in San Diego. (Doc 1–2 at 4.) On February 20, 2019, Plaintiff filed the instant action alleging that from March 2016 to February 2018, "Defendant[] subjected Plaintiff to systemic employment discrimination based on his gender" and "engendered, endorsed, and/or ratified a hostile work environment violative of state and federal law." (*Id.* at 4, 7.)

In particular, Plaintiff brings claims for: (1) hostile work environment/sexual harassment in violation of California Fair Employment and Housing Act, (2) retaliation in violation of California Fair Employment and Housing Act, (3) wrongful termination in violation of public policy, (4) violation of California Business and Professions Code § 17200, (5) intentional infliction of emotional distress, (6) negligent infliction of emotional distress, (7) failure to prevent harassment, (8) hostile work environment/sexual harassment in violation of Title VII [42 U.S.C. §§ 2000(e) et seq.], and (9) retaliation in violation of Title VII [42 U.S.C. §§ 2000(e) et seq.]. (*Id.* at 3.) Plaintiff's complaint has requested general, compensatory, and/or special damages in any amount to be proven at trial. (*Id.* at 21.) The complaint also requests punitive damages in an amount sufficient to punish and deter Defendant from harming other employees. (*Id.*)

In light of Plaintiff's claims of emotional distress, "both parties engaged expert witnesses to render opinions relating to Plaintiff's mental health." (Doc. 71 at 3.) Defendant designated expert witness Dominick Addario, M.D., a medical doctor and licensed psychiatrist with over forty-five years of clinical and forensic psychiatric experience. (Doc. 80 at 6.) Plaintiff contends that Dr. Addario's testimony should be excluded because it is not helpful or reliable, and his "expert report and opinions suffer from a litany of evidentiary defects." (Doc. 65–1 at 6.)

///
///
///

## II.  LEGAL STANDARD

Rule 702 provides that expert testimony is admissible if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702. For expert testimony to be admitted, it must be useful to the trier of fact, the expert must be qualified to provide the testimony, and the proposed evidence must be reliable or trustworthy. *Sterner v. U.S. Drug Enf't Agency*, 467 F. Supp. 2d 1017, 1033 (S.D. Cal. 2006).

A trial court acts as a gatekeeper in excluding unreliable expert testimony. *Cooper v. Takeda Pharms. Am., Inc.*, 239 Cal. App. 4th 555, 576 (2015); *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 600 (1993) ("Rule 702 confides to the judge some gatekeeping responsibility in deciding questions of the admissibility of proffered expert testimony"). Moreover, a trial court has broad discretion in deciding whether to admit expert testimony and in determining an expert's reliability. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000); *see also United States v. Espinosa*, 827 F.2d 604, 611 (9th Cir. 1987) ("[t]he decision to admit expert testimony is committed to the discretion of the district court and will not be disturbed unless manifestly erroneous").

## III.  DISCUSSION

Plaintiff argues that Dr. Addario's testimony should be excluded from trial because it would not be helpful to the trier of fact, and it is irrelevant, unreliable, and inadmissible under the Rules. (Doc. 65–1 at 2.) In particular, Plaintiff alleges Dr. Addario: (1) made broad conclusions, (2) offered improper opinions relating to Plaintiff's credibility, (3) administered a single objective test to anchor his findings, and (4) allowed his assistant to administer the test in violation of industry practice. (*Id.* at 7.) Additionally, Plaintiff criticizes "Dr. Addario's reliance on Plaintiff's alleged electronic and social media communications to conclude that Plaintiff did not suffer a psychiatric disorder as a result

of [Defendant] exposing Plaintiff to pedophilic and obscene content is unscientific and unreliable" and argues such testimony is inadmissible. (*Id.* at 15.) Plaintiff contends Dr. Addario's testimony relating to Plaintiff's "foul language, derogatory statements, sexist comments, and dealing with very sexual issues" is a violation of Rule 412, which prohibits evidence offered to prove a victim's sexual behavior or predisposition unless its probative value outweighs any harm or unfair prejudice. (Doc. 65–1 at 20); FED. R. EVID. 712.

It is Defendant's position that Dr. Addario's testimony is helpful to the jury, reliable, not character evidence, and admissible under the Rules. Defendant alleges that Dr. Addario conducted an independent medical evaluation which "lasted approximately 2.25 hours and consisted of a clinical interview and a battery of psychological tests." (Doc. 80 at 7–8.) "Dr. Addario concluded that Plaintiff did not suffer severe emotional distress as a result of the alleged conduct by Defendant." (*Id.* at 10.) Rather, "Plaintiff's mild [generalized anxiety disorder] is a preexisting condition that was likely exacerbated by other events in Plaintiff's life, including the terminal illness and death of his mother, the death of a beloved pet rat, and having his car towed and resulting litigation." (*Id.*)

Moreover, Defendants claim that "Dr. Addario has not and will not offer an opinion at trial regarding Plaintiff's credibility as a witness in general." (*Id.* at 12.) Instead, Defendant explains that "documents that reflect Plaintiff's use of sexually explicit language are relevant to Dr. Addario's clinical assessment '[b]ecause they point towards his sensitivity to sexually laden material,'" which is relevant to whether and to what extent Plaintiff suffered emotional distress as a result of the alleged conduct. (*Id.*) Additionally, Defendants contend that Dr. Addario's administration of the objective test, the Minnesota Multiphasic Personality Inventory–2 ("MMPI–2"), was not improper. (*Id.* at 18.) Even though Dr. Addario's assistant explained the test to Plaintiff, "Dr. Addario subsequently explained the test to Plaintiff and gave him the opportunity to answer any question that he might have had about approaching the exam" and he "is a qualified psychiatrist who supervised the administration of the MMPI–2, including the brief portion in which Dr. Addario's assistant handed the test to Plaintiff." (*Id.* at 17.) Defendants also argue Dr.

4

Addario was not required to administer another test in addition to the MMPI–2. (*Id.*)

The Court finds Dr. Addario's testimony regarding causation of Plaintiff's emotional distress is admissible. *See Weekley v. City of Los Angeles*, 656 F. App'x 824, 827 (9th Cir. 2016) (finding the expert did not opine on the plaintiff's general credibility but rather "explained, based on his qualifications as an expert, that [the plaintiff's] responses to the testing he conducted suggested that [the plaintiff] has exaggerated his symptoms"). Dr. Addario is a qualified expert, and his testimony, similar to the testimony of Plaintiff's expert Ellen Stein, Ph.D., may be helpful to the trier of fact in determining whether and to what extent Plaintiff suffered emotional distress and whether such distress was caused by Defendant. However, Plaintiff's argument seeking exclusion of any broad, conclusory statements made by Dr. Addario as to Plaintiff's credibility is well taken, and any attempt by Dr. Addario to introduce inadmissible character evidence shall be excluded at trial. *See United States v. Barnard*, 490 F.2d 907, 913 (9th Cir.1973) (finding exclusion of psychiatrist's and psychologist's testimony that witness was a sociopath and not credible was proper, and that admitting such testimony "may cause juries to surrender their own common sense in weighing testimony").

In regard to Dr. Addario's clinical methodology and testing, the Court finds Dr. Addario used reliable principles and methods in his administration of the MMPI–2. Dr. Addario's expert testimony is based on a variety of factors including: (1) his review of medical documents, including medical records, employment records, and deposition testimony, (2) a clinical interview with Plaintiff, and (3) various clinical tests, including the MMPI–2. (*See* Doc. 80 at 16.) While Plaintiff argues the MMPI–2 testing is unreliable because Dr. Addario allowed his assistant to administer the test, Defendant clarifies that Dr. Addario's assistant explained the MMPI–2 test to Plaintiff and "Dr. Addario subsequently explained the test to Plaintiff and gave him the opportunity to answer any question that he might have had about approaching the exam." (Doc. 80 at 17.) Moreover, Dr. Addario's administration of the test is consistent with the test publisher's guidance which provides the test "can be administered by [a] trained secretary, clerk, or technician."

(*See* Doc. 80–2 at 72.)  Thus, the Court finds Dr. Addario's reliance on objective testing admissible.

In regard to Plaintiff's argument that the expert impermissibly relied upon communications made by Plaintiff that may be excluded under Rule 412, the Court incorporates by reference its ruling on the Plaintiff's Motion in Limine No. 1 (Doc. 68–1.)

Finally, any of Plaintiff's concerns regarding Dr. Addario's testimony may be examined on cross examination.  *See Daubert*, 509 U.S. at 596 ("[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence).

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

DATE:  October 6, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE