# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLEVELAND, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE BEHEMOTH, a California corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.: 3:19-cv-00672-RBM-BGS<br><br>**ORDER DENYING DEFENDANT THE BEHEMOTH'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S DAMAGES**<br><br>**[Doc. 57]** |

On March 4, 2022, Defendant The Behemoth ("Defendant") filed a Motion in Limine to Exclude Evidence of Plaintiff's Damages ("Motion"). (Doc. 57.) On March 18, 2022, Plaintiff Robert Cleveland ("Plaintiff") filed an opposition to the Motion ("Opposition"). (Doc. 72.) In the Motion, Defendant alleges that Plaintiff has not disclosed his damages in violation of Federal Rule of Civil Procedure ("Rule") 26(a)(1)(A)(iii). (Doc. 57 at 2.) Thus, pursuant to Rule 37, Defendant moves to preclude Plaintiff from presenting at trial: "(1) evidence of alleged economic damages, including lost income; (2) emotional distress damages and/or medical expense evidence; and (3) punitive damages." (*Id.*)

For the reasons discussed below, Defendant's Motion is **DENIED**.

/ / /

# I. BACKGROUND

Plaintiff is a former quality assurance specialist at Defendant, a video game development company headquartered in San Diego. (Doc 1–2 at 4.) On February 20, 2019, Plaintiff filed the instant action alleging that from March 2016 to February 2018, "Defendant[] subjected Plaintiff to systemic employment discrimination based on his gender" and "engendered, endorsed, and/or ratified a hostile work environment violative of state and federal law." (*Id.* at 4, 7.)

In particular, Plaintiff brings claims for: (1) hostile work environment/sexual harassment in violation of California Fair Employment and Housing Act, (2) retaliation in violation of California Fair Employment and Housing Act, (3) wrongful termination in violation of public policy, (4) violation of California Business and Professions Code § 17200, (5) intentional infliction of emotional distress, (6) negligent infliction of emotional distress, (7) failure to prevent harassment, (8) hostile work environment/sexual harassment in violation of Title VII [42 U.S.C. §§ 2000(e) et seq.], and (9) retaliation in violation of Title VII [42 U.S.C. §§ 2000(e) et seq.]. (*Id.* at 3.) Plaintiff's complaint has requested general, compensatory, and/or special damages in any amount to be proven at trial. (*Id.* at 21.) The complaint also requests punitive damages in an amount sufficient to punish and deter Defendant from harming other employees. (*Id.*)

On April 26, 2019, the Court issued an order requiring Plaintiff and Defendant (collectively, the "Parties") to make initial disclosures pursuant to Rule 26 on or before July 3, 2019. (Doc. 4 at 3.) Plaintiff subsequently served his initial disclosures on July 3, 2019. (Doc. 57 at 2; *see* Doc. 57–2, Ex. 1.) His initial disclosures state "Plaintiff seeks compensatory damages and such other relief as the Court deems just and proper. Plaintiff also plans to seek pre-judgment interest, post-judgment interest, reasonable attorneys' fees, reasonable costs, and expenses, each of which cannot be completed at this point in time." (Doc. 57–2 at 7, Ex. 1.)

On August 15, 2019, Defendant propounded Interrogatories, Set One, and Interrogatory No. 4 asked that Plaintiff describe in detail the total amount of economic

1  damages he suffered as a result of the acts alleged in the complaint.  (Doc. 57 at 3; Doc.
2  57–2 at 12, Ex. 2.)  Plaintiff objected to the interrogatory and did not answer.  (Doc. 57 at
3  3; Doc. 57–2 at 12, Ex. 2.)  Interrogatory No. 5 asked Plaintiff to describe in detail the
4  damage figure he provided in response to Interrogatory No. 4.  (Doc. 57–2 at 12, Ex. 2.)
5  Plaintiff's answer states, "Plaintiff incorporates his response to Interrogatory No. 4 herein."
6  (*Id.*)

7  Defendant claims Plaintiff did not supplement his initial disclosures or his responses
8  to Defendant's Interrogatories Nos. 4 and 5 and that "[t]o date, Plaintiff has failed to
9  provide any calculation of the amount of damages he allegedly suffered."  (Doc. 57 at 3.)

10  Plaintiff counters that "[t]his case has always been premised on Plaintiff's emotional
11  distress damages" and that emotional distress and punitive damages are not subject to the
12  computation disclosure requirements under Rule 26(a)(1)(A)(iii) because such damages
13  are for a jury to decide.  (Doc. 72 at 4.)  Moreover, in the context of economic damages,
14  Plaintiff "disclosed exactly what the law required of him to support his lost wages claim—
15  his hours worked and pay rate—in discovery and in writing thereafter" and "Plaintiff's
16  future medical expense calculations were disclosed in writing through his expert."  (*Id.* at
17  5, 12.)

## II.  LEGAL STANDARD

Rule 26 requires that a party's initial disclosures provide a "computation of each category of damages claimed by the disclosing party."  FED. R. CIV. P. 26(a)(1)(A)(iii). The purpose of Rule 26's initial disclosures requirement is to enable defendants to understand their potential exposure and make informed decisions as to settlement and discovery.  *City & Cty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003); *see also Hewlett Packard Co. v. Factory Mut. Ins. Co.*, No. Civ. 04-2791 TPG DF, 2006 WL 1788946, at *14 (S.D.N.Y. June 28, 2006) (explaining "early disclosure of a party's damages computation provide[s] [the] opposing party with an early understanding of the basis and amount of any damages claim it is facing, so that it may conduct meaningful discovery as to the underpinning of such a claim").

3

"A computation of damages may not need to be detailed early in the case before all relevant documents or evidence has been obtained by the plaintiff. As discovery proceeds, however, the plaintiff is required to supplement its initial damages computation to reflect the information obtained through discovery." *LT Game Int'l Ltd. v. Shuffle Master, Inc.*, No. 2:12-cv-01216-GMN, 2013 WL 321659, at *6 (D. Nev. Jan. 28, 2013); *see* FED. R. CIV. P. 26(e)(1)(A) (Rule 26(e)(1)(A) requires disclosing parties to supplement their prior disclosures "in a timely manner" when the prior response is "incomplete or incorrect"). Moreover, "[c]omputation of each category of damages," as used in Rule 26, "contemplates some analysis beyond merely setting forth a lump sum amount for a claimed element of damages." *Silver State Broad., LLC v. Beasley FM Acquisition*, No. 2:11-CV-01789-APG-CWH, 2016 WL 320110, at *2 (D. Nev. Jan. 25, 2016) (citing *Tutor-Saliba Corp.*, 218 F.R.D. at 221), *aff'd*, 705 F. App'x 640 (9th Cir. 2017); *see also Grouse River Outfitters, Ltd. v. Oracle Corp.*, 848 F. App'x 238, 244 (9th Cir. 2021) ("Rule 26(a)(1)(A)(iii) contemplates damages computation analysis and explanation").

Accordingly, a plaintiff "cannot shift to the defendant the burden of attempting to determine the amount of the plaintiff's alleged damages." *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 593–94 (D. Nev. 2011). Defendants are not required to compute damages, "Rule 26 requires plaintiffs to do so." *Villagomes v. Lab. Corp. of Am.*, 783 F. Supp. 2d 1121, 1129 (D. Nev. 2011).

Courts then consider whether a violation of Rule 26 should result in the exclusion of evidence. Rule 37(c)(1) provides for exclusion of any evidence or information that a party fails to disclose in a timely manner, unless the violation was harmless or substantially justified. FED. R. CIV. P. 37(c)(1); *see also Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37(c)(1) is an "automatic" sanction that prohibits the use of improperly disclosed evidence. *Yeti*, 259 F.3d at 1106. Litigants can escape the "harshness" of exclusion only if they prove that the discovery violations were substantially justified or harmless. *Id.* (citing FED. R. CIV. P. 37(c)(1)).

The Ninth Circuit further explained:

> [t]he automatic nature of the rule's application does not mean that a district court *must* exclude evidence that runs afoul of Rule 26(a) or (e)—Rule 37(c)(1) authorizes appropriate sanctions "[i]n addition to or instead of [exclusion]." FED. R. CIV. P. 37(c)(1). Rather, the rule is automatic in the sense that a district court *may* properly impose an exclusion sanction where a noncompliant party has failed to show that the discovery violation was either substantially justified or harmless.

*Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021).

Therefore, where a failure to provide a computation of damages was not substantially justified or harmless, courts have granted motions in limine to preclude evidence of those damages under Rule 37(c)(1)'s automatic sanction. *See, e.g.*, *Hoffman*, 541 F.3d at 1179–80 (holding district court did not abuse its discretion in excluding evidence of damages under the Fair Labor Standards Act and California Labor Code provisions where damage calculations were not disclosed); *Grouse River Outfitters*, 848 F. App'x at 244 (concluding district court did not abuse its discretion in excluding evidence of damages where plaintiff did not adequately disclose damages computation and explanation).

### III.   DISCUSSION

#### A.   Compliance with Rule 26

##### a.   Emotional Distress and Punitive Damages

As an initial matter, Plaintiff is seeking emotional distress and punitive damages. (*See* Doc. 1–2.) Courts have reasoned a computation is not required for these types of damages because they are "difficult to quantify" and are generally considered a fact issue for the jury. *E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639 (E.D. Wash. 2011); *see Crocker v. Sky View Christian Acad.*, No. 3:08CV00479LRHVPC, 2009 WL 77456, at *2 (D. Nev. Jan. 8, 2009); *see also, e.g.*, *Williams v. Trader Publ'g, Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000) ("[s]ince compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to

the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)"); *see also Creswell v. HCAL Corp.*, No. 04CV388BTMRBB, 2007 WL 628036, at *2 (S.D. Cal. Feb. 12, 2007) ("emotional damages, because of their vague and unspecific nature, are oftentimes not readily amenable to computation").

While Defendant acknowledges emotional distress damages are not readily amenable to computation, Defendant argues Plaintiff's claim for emotional distress damages is improper because such category of damages was not included in Plaintiff's initial disclosures pursuant to Rule 26. (Doc. 57 at 7–8.) The Court is aware that Plaintiff did not specifically mention emotional distress, nor punitive, damages in his initial disclosures. (*See* Doc. 57–2, Ex. 1.) However, the Court finds Defendant's disclosure-related objection lacks merit. Plaintiff's complaint expressly pled a request for emotional distress damages, and Plaintiff discussed his emotional suffering in his deposition testimony. (Doc. 1–2, Doc. 72–2, Ex. A.); *see Cramton v. Grabbagreen Franchising LLC*, No. CV-17-04663-PHX-DWL, 2020 WL 5880153, at *7 (D. Ariz. Oct. 2, 2020) (finding that, although the plaintiff did not add emotional distress damages to the damages computation, the defendants had "long been on notice" that the plaintiff was seeking emotional distress damages through the amended complaint and witness disclosures); *see Creswell*, 2007 WL 628036, at *2 (explaining the "deposition reveals that Plaintiff adequately disclosed his suffering from general emotional damages, which allegedly resulted from Defendant's actions").

Thus, the Court finds Defendant was on sufficient notice of Plaintiff's intention to seek emotional distress damages, and Plaintiff's failure to provide a computation of his emotional damages is excused. *See Williams v. Trader Publ'g Co.,* 218 F.3d 481, 486 n. 3 (5th Cir. 2000) ("[s]ince compensatory damages for emotional distress are necessarily vague and are generally considered a fact issue for the jury, they may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)").

Due to the similar nature of punitive damages, Plaintiff's failure to provide a computation for this category of damages is excusable as well. *See Creswell*, 2007 WL

628036, at *2 ("Plaintiff's failure to disclose his intention to seek any punitive damages is deemed harmless by the Court because there is no additional discovery which Defendant would have required had it been so informed").  Therefore, the Court reserves emotional distress and punitive damages as fact issues for the jury.  *See E.E.O.C*, 276 F.R.D. at 639.

           b.    <u>Economic Damages</u>

In regard to economic loss, lost wages and future medical expenses are the only computable categories of compensatory damages for which Plaintiff specified.  (*See* Doc. 72 at 5; *see also* Doc. 72–2 at 88, Ex. H.)  Plaintiff's initial disclosures, however, did not provide any further detail on this category of damages.  The disclosure states, "Plaintiff seeks compensatory damages and such other relief as the Court deems just and proper" and provides no damage computations.  (*Id.* at 5 (quoting Doc. 57–2 at 7, Ex. 1).)  Plaintiff has not supplemented his initial disclosures as required by Rule 26(e)(1).  (Doc. 57 at 5.)

Defendant alleges Plaintiff has not provided any calculations of economic loss in his initial disclosures and that such failure is a violation of Rule 26(a)(1)(A)(iii).  (Doc. 57 at 2, 6.)  Rule 26 requires that a party's initial disclosures provide a "computation of each category of damages claimed by the disclosing party."  FED. R. CIV. P. 26(a)(1)(A)(iii).  In addition, a plaintiff is required to "make available for inspection and copying . . . the documents . . . on which each computation is based."  *Id.*  Disclosing parties are required to supplement their prior disclosures "in a timely manner" when the prior response is "incomplete or incorrect."  FED. R. CIV. P. 26(e)(1)(A).

           i.    *Lost Wages*

Plaintiff chiefly argues that the law does not define "computation" under Rule 26 but that in the context of lost wages, it includes "some information relating to hours worked and pay rate."  (Doc. 72 at 11 (quoting *Tutor-Saliba Corp.*, 218 F.R.D. at 221).)  Plaintiff states he "disclosed exactly what the law required of him to support his lost wages claim— his hours worked and pay rate—in discovery and in writing thereafter."  (Doc. 75 at 5.)  Plaintiff claims these disclosures were made:

    1) in his deposition, when he disclosed his first and only income/employment

>after he was fired by [Defendant], and his new pay rate (higher than what he made at [Defendant]); and 2) in written discovery, through the production of relevant paystubs showing hours worked at [Defendant] and pay rate (information already known to [Defendant]) and hours worked at his only post-[Defendant] job and pay rate beginning with his first date of employment.

(Doc. 72 at 11.) It is Plaintiff's position that Defendant had all of Plaintiff's employment records and knew his pay rate and hours worked. (*Id.* at 12.) Thus, Defendant had the necessary information to determine Plaintiff's lost wages, making any failure to disclose harmless. (*Id.*)

Regardless of whether the nondisclosure may be deemed harmless, Plaintiff failed to include lost wages in the initial disclosures and provided no computation of potential damages. (*See* Doc. 57–2, Ex. 1.) Rule 26(1)(A)(iii) plainly requires Plaintiff to provide "a computation of each category of damages" in addition to "mak[ing] available for inspection and copying . . . the documents . . . on which each computation is based." FED. R. CIV. P. 26(1)(A)(iii); *see also, e.g.*, *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (reasoning that Rule 26 "by its very terms" requires more than providing documents without any explanation); *Agence France Presse v. Morel*, 293 F.R.D. 682, 685 (S.D.N.Y. 2013) ("[p]ut simply, damages computations and the documents supporting those computations are two different things, and Rule 26 obliges parties to disclose and update the former as well as the latter"). Plaintiff cannot shift to Defendant the burden of determining Plaintiff's alleged damages. *See Jackson*, 278 F.R.D. at 593–94.

Thus, the Court finds that Plaintiff's failure to include lost wages and a computation of such in his initial disclosures constitutes a violation of Rule 26.

### ii. Medical Expenses

Regarding medical expenses, Plaintiff states:

>1) that he has no out-of-pocket damages to date relating to medical expenses because his mental health expenses at issue in this case were covered by Medi-Cal, 2) that he has not obtained mental health treatment since September 27, 2018, and 3) that his future medical expenses would be estimated by his

designated expert in this case, Dr. Ellen Stein, Ph.D.

(Doc. 72 at 6.) Plaintiff contends that his future medical expenses, which were estimated by Dr. Ellen Stein, Ph.D., were disclosed to Defendant during discovery on February 28, 2020. (Doc. 72 at 6, 12; *see* Doc. 65–7, Ex. D.) However, future medical expenses were not mentioned in the initial disclosures. (*See* Doc. 57–2, Ex. 1.) The initial disclosures deadline was July 3, 2019, and the expert discovery deadline was November 20, 2020. (Doc. 4 at 3; Doc. 25 at 1.) While the expert report was timely in accordance with the expert discovery deadline, it was not timely for initial disclosures purposes.

In his initial disclosures, Plaintiff made no mention of future medical expenses and provided no damages computation. Rule 26(a) "requires parties to provide initial disclosures to the opposing parties without awaiting a discovery request." *Calvert v. Ellis*, No. 2:13-CV-00464-APG, 2015 WL 631284, at *2 (D. Nev. Feb. 12, 2015) (citing FED. R. CIV. P. 26(a)(1)(A)). This allows defendants the opportunity to understand their potential exposure and make informed decisions as to settlement and discovery. *See Tutor-Saliba Corp.*, 218 F.R.D. at 221; *see also Calvert*, 2015 WL 631284, at *1 (noting plaintiff "seems to be under the misconception that timely complying with expert disclosure requirements relieves her of her duty to provide initial disclosures"); *see also Olaya v. Wal-Mart Stores, Inc.*, No. 2:11-CV-997-KJD-CWH, 2012 WL 3262875, at *2 (D. Nev. Aug. 7, 2012) ("future expert analysis does not relieve [Plaintiff] of the obligation to provide information reasonably available"). Consequently, the Court finds Plaintiff violated Rule 26 by not disclosing his intention to seek future medical expenses and a computation of such.

In sum, Plaintiff violated his disclosure obligations for those categories of damages that can be calculated, such as lost wages and future medical expenses, but did not violate his disclosure obligations for his more nebulous categories of damages, including emotional distress and punitive damages.

/ / /

### B.     Exclusion under Rule 37

Now the Court must determine whether Plaintiff's Rule 26 violation warrants exclusion pursuant to Rule 37.  Rule 37(c)(1) provides for exclusion of any evidence or information that a party fails to disclose in a timely manner, unless the violation was harmless or substantially justified.  FED. R. CIV. P. 37(c)(1); *see also Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008); *Yeti*, 259 F.3d at 1106.  The Court may consider several factors in determining whether a violation of a discovery deadline was harmless or justified including: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence."  *Lanard Toys Ltd. v. Novelty, Inc.,* 375 F. App'x 705, 713 (9th Cir. 2010).

Plaintiff argues that any failure to disclose a computation for lost wages is harmless because Defendant had the necessary information to determine Plaintiff's lost wages. (Doc. 72 at 12.)  During discovery, Plaintiff disclosed his subsequent employment after leaving Defendant, relevant paystubs showing hours worked at Defendant and pay rate, and hours worked at his subsequent job with the corresponding pay rate.  (Doc. 72 at 11.)

Although Plaintiff's initial disclosures do not provide a computation of his damages for lost wages, Plaintiff has shown the failure to disclose is harmless since Defendant has access to this information as Plaintiff's previous employer.  *See Maharaj v. California Bank & Tr.*, 288 F.R.D. 458, 463 (E.D. Cal. 2013) ("Plaintiff has shown that her failure to disclose that analysis is harmless since the information on which these damages are calculated is already in Defendant's possession"); *see also Creswell*, 2007 WL 628036, at *2 (holding that a plaintiff's failure to provide a computation of lost employee benefits in an ADA and FEHA disability discrimination action against his former employer was harmless "as Defendant has the records of the benefits it paid to Plaintiff").

Similarly, an estimate of Plaintiff's future medical expenses was disclosed to Defendant during discovery on February 28, 2020, roughly seven months after the initial

disclosures deadline and over two years before the filing of this Motion. (Doc. 72 at 6, 12; *see* Doc. 65–7, Ex. D); *see Jackson*, 278 F.R.D. at 594 (citing *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009)) (courts are more likely to exclude evidence of damages when a computation of damages is disclosed "shortly before trial or substantially after discovery has closed"). In light of the February 28, 2020 disclosure, the Court does not find Defendant will be prejudiced. Moreover, the introduction of damages would not delay the litigation, require new briefing schedules, or necessitate reopening discovery. *See Jackson*, 278 F.R.D. at 594 (explaining that "Rule 37(c)(1) does not require the court, in all instances, to exclude evidence as a sanction for a late disclosure that is neither justified nor harmless"); *see also Design Strategy, Inc.*, 469 F.3d at 296, 298.

The Court concludes that Plaintiff violated Rule 26 by failing to provide any estimate of his calculable damages in his initial disclosures. However, as explained above, such failure is deemed harmless.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion is **DENIED**. The Court declines to exclude evidence of those categories of damages that are difficult to quantify including Plaintiff's claims for emotional distress and punitive damages. Additionally, while Plaintiff should have included categories of computable damages in his initial disclosures, the Court finds that such failure is harmless in this case.

**IT IS SO ORDERED.**

DATE:  October 6, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE