# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLEVELAND, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>THE BEHEMOTH, a California corporation; and DOES 1 through 10,<br><br>    Defendants. | Case No.: 3:19-cv-00672-RBM-BGS<br><br>**ORDER GRANTING DEFENDANT THE BEHEMOTH'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING PLAINTIFF'S SEXUAL ORIENTATION**<br><br>**[Doc. 59]** |

On March 4, 2022, Defendant The Behemoth ("Defendant") filed a Motion in Limine to Exclude Evidence and Argument Regarding Plaintiff's Sexual Orientation ("Motion"). (Doc. 59.) On March 18, 2022, Plaintiff Robert Cleveland ("Plaintiff") filed an opposition to the Motion ("Opposition"). (Doc. 74.) In the Motion, Defendant requests the Court exclude any evidence or argument regarding Plaintiff's sexual orientation because Plaintiff failed to exhaust his administrative remedies for sexual orientation-based claims under the California Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act ("Title VII"). (Doc. 59 at 2.) For the reasons discussed below, Defendant's Motion is **GRANTED**.

/ / /

# I. BACKGROUND

Plaintiff is a former quality assurance specialist at Defendant, a video game development company headquartered in San Diego. (Doc 1–2 at 4.) On February 20, 2019, Plaintiff filed the instant action alleging that from March 2016 to February 2018, "Defendant[] subjected Plaintiff to systemic employment discrimination based on his gender" and "engendered, endorsed, and/or ratified a hostile work environment violative of state and federal law." (*Id.* at 4, 7.)

In particular, Plaintiff brings claims for: (1) hostile work environment/sexual harassment in violation of FEHA, (2) retaliation in violation of FEHA, (3) wrongful termination in violation of public policy, (4) violation of California Business and Professions Code § 17200, (5) intentional infliction of emotional distress, (6) negligent infliction of emotional distress, (7) failure to prevent harassment, (8) hostile work environment/sexual harassment in violation of Title VII [42 U.S.C. §§ 2000(e) et seq.], and (9) retaliation in violation of Title VII [42 U.S.C. §§ 2000(e) et seq.]. (*Id.* at 3.) Plaintiff's complaint has requested general, compensatory, and/or special damages in any amount to be proven at trial. (*Id.* at 21.) The complaint also requests punitive damages in an amount sufficient to punish and deter Defendant from harming other employees. (*Id.*)

In the instant Motion, Defendant argues Plaintiff should be prohibited from introducing evidence or argument regarding his sexual orientation because Plaintiff failed to exhaust his administrative remedies relating to any claim for harassment based on sexual orientation, and the complaint "specifies that Plaintiff's sex discrimination claims are based on his gender, with no reference throughout to sexual orientation." (Doc. 59 at 2.)

# II. DISCUSSION

Defendant explains that prior to filing a civil action for violation of FEHA or Title VII, an employee must first exhaust his administrative remedies through the California Department of Fair Employment and Housing ("DFEH") and the U.S. Equal Employment Opportunity Commission ("EEOC"). (Doc. 59 at 2–3 (citing *Blum v. Superior Ct.*, 141 Cal. App. 4th 418, 422 (2006); Cal. Gov't Code § 12960).) Defendant states that "[i]n

1  Plaintiff's pre-suit complaint to DFEH dated November 2, 2018, Plaintiff checked boxes
2  stating that he experienced 'sex/gender' harassment and 'sexual harassment – hostile
3  environment'" and "did not check the separate box for harassment based on 'sexual
4  orientation.'"  (Doc. 59 at 2.)  "Similarly, Plaintiff makes no mention of alleged
5  harassment, discrimination, or retaliation based on his sexual orientation in his pre-suit
6  EEOC charge dated November 9, 2018, for which he received a Notice of Right to Sue."
7  (*Id.*)  Moreover, Plaintiff's complaint does not "use the phrase 'sexual orientation,' allege
8  his own orientation, nor does Plaintiff avert that he suffered harassment, retaliation, or
9  discrimination based on his sexual orientation."  (*Id.* at 3.)  Therefore, Defendant argues
10  evidence or argument related to Plaintiff's sexual orientation must be excluded.  (Doc. 59
11  at 8.)

12  Plaintiff "does not oppose that limited exclusion, *i.e.*[,] the limited questions of
13  Plaintiff's orientation and private sex life."  (Doc. 74 at 1.)  However, Plaintiff opposes:

14  > the exclusion of any evidence (including, but not limited to, testimony,
15  > documentation, content that is verbal, visual, graphic, written, electronic,
16  > media, video, tangible (i.e. the penis doll cited in Plaintiff's complaint),
17  > harassment, discrimination, overtures, misguided humor, actions taken by any
18  > employee, officer, worker, or contractor of [Defendant] (past or present)) that
19  > is, or Plaintiff alleges is, homoerotic or depicting male genitalia, pedophilic
20  > (including with respect to male children and depictions of sodomy), or a
21  > sexual epithet (i.e. Plaintiff's allegation that he was called a "faggot").

20  (*Id.*)  Plaintiff alleges this category of evidence is "relevant and probative to Plaintiff's
21  state and federal sexual harassment, hostile work environment, and emotional distress
22  claims, including that he was subject to harassment 'based on sex.'"  (*Id.*)

23  Considering Defendant's arguments and the fact that Plaintiff "agrees that his own
24  sexual orientation is irrelevant and does not oppose its exclusion," Plaintiff's sexual
25  orientation will be excluded from trial.  (*Id.* at 2.)  However, evidence of Defendant's
26  alleged harassing and/or discriminating conduct described by Plaintiff above may be
27  admissible, subject to the Court's discretion, so long as it does not implicate Plaintiff's
28  sexual orientation.

3

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**.

**IT IS SO ORDERED.**

DATE: October 6, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE