## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLEVELAND, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE BEHEMOTH, a California corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.: 3:19-cv-00672-RBM-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT THE BEHEMOTH'S MOTION IN LIMINE TO EXCLUDE EXTRANEOUS COMMENTS REGARDING RACISM, PUBLIC PARKING, AND BUILDING CONDITIONS**<br><br>**[Doc. 60]** |

On March 4, 2022, Defendant The Behemoth ("Defendant") filed a Motion in Limine to Exclude Extraneous Comments Regarding Racism, Public Parking, and Building Conditions ("Motion"). (Doc. 60.) On March 18, 2022, Plaintiff Robert Cleveland ("Plaintiff") filed an opposition to the Motion ("Opposition"). (Doc. 75.) In the Motion, Defendant states that evidence of the aforementioned categories should be excluded from trial because they are irrelevant to Plaintiff's causes of action, highly prejudicial, and confusing to jurors. (Doc. 60 at 2.) For the reasons discussed below, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**.

/ / /

## I.  BACKGROUND

Plaintiff is a former quality assurance specialist at Defendant, a video game development company headquartered in San Diego. (Doc 1–2 at 4.) On February 20, 2019, Plaintiff filed the instant action alleging that from March 2016 to February 2018, "Defendant[] subjected Plaintiff to systemic employment discrimination based on his gender" and "engendered, endorsed, and/or ratified a hostile work environment violative of state and federal law." (*Id.* at 4, 7.)

In particular, Plaintiff brings claims for: (1) hostile work environment/sexual harassment in violation of California Fair Employment and Housing Act, (2) retaliation in violation of California Fair Employment and Housing Act, (3) wrongful termination in violation of public policy, (4) violation of California Business and Professions Code § 17200, (5) intentional infliction of emotional distress, (6) negligent infliction of emotional distress, (7) failure to prevent harassment, (8) hostile work environment/sexual harassment in violation of Title VII [42 U.S.C. §§ 2000(e) et seq.], and (9) retaliation in violation of Title VII [42 U.S.C. §§ 2000(e) et seq.]. (*Id.* at 3.) Plaintiff's complaint has requested general, compensatory, and/or special damages in any amount to be proven at trial. (*Id.* at 21.) The complaint also requests punitive damages in an amount sufficient to punish and deter Defendant from harming other employees. (*Id.*)

In the instant Motion, Defendant agues that evidence regarding racist acts or comments, workplace bathroom conditions, workplace building conditions, and insufficient parking should be excluded from trial because such evidence is irrelevant and prejudicial. (Doc. 60 at 10.) Plaintiff does not oppose the exclusion of evidence relating to bathroom conditions, building conditions, or parking. (Doc. 75 at 1.) However, Plaintiff does oppose the exclusion of "testimony, argument, and evidence relating to racist comments by employees, agents, contractors, and/or founders of [Defendant], past or present." (*Id.*)

/ / /
/ / /

## II. DISCUSSION

### A. Bathroom Conditions, Building Conditions, and Parking

Considering Defendant's arguments and the fact that Plaintiff "does not oppose the exclusion of . . . testimony or evidence relating to his office bathroom, building conditions, and parking and street safety," such evidence will be excluded from trial. Therefore, Defendant's Motion is **GRANTED IN PART** as to these categories of evidence.

### B. Evidence Relating to Racism

Defendant argues that Plaintiff may attempt to introduce "instances of perceived racism that are unrelated to his claims or any defense." (Doc. 60 at 3.) In particular, Defendant believes Plaintiff may introduce comments from Dan Paladin (the co-founder of Defendant), William Stamper, and others in the workplace. (*Id.*) Defendant contends such "incidents and Plaintiff's characterization of them as racist are unrelated to the underlying claims and should be excluded as irrelevant, confusing, prejudicial and misleading." (*Id.* at 4.) Defendant states that "race is immaterial to any cause of action, and because of the irreversible prejudice such evidence will stir, race-related evidence should be excluded in full." (*Id.* at 6.)

Plaintiff opposes the exclusion of "testimony, argument, and evidence relating to racist comments by employees, agents, contractors, and/or founders of [Defendant], past or present." (Doc. 75 at 1.) Plaintiff argues that evidence of alleged racism is probative of discriminatory animus in general and that such evidence is relevant to his emotional distress, retaliation, and wrongful termination claims. (*Id.* at 2.) Plaintiff states that "[i]n the Ninth Circuit, evidence of discriminatory conduct towards others based on different protected categories is relevant to discriminatory animus in general." (Doc. 75 at 3 (citing *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994).) It is Plaintiff's position that the alleged racist comments made by employees, agents, contractors, and/or founders of Defendant contributed to his emotional distress and Defendant's generally hostile work environment. (Doc. 75 at 3–4.) Finally, Plaintiff complained to his supervisor about the work environment and cited a range of behavior including derogatory remarks

against minorities and regarding pedophilia. (*Id.* at 4.) Plaintiff argues that, in order to prove Defendant retaliated against Plaintiff, Plaintiff only need to prove that his "opposition and reporting were a substantial motivating reason for his firing. He is not required to prove discrimination or harassment actually occurred." (*Id.*)

The Court finds that evidence of racism in the workplace may be relevant to several of Plaintiff's claims including allegations of hostile work environment and discriminatory conduct. *See Kishaba v. Hilton Hotels Corp.*, 737 F. Supp. 549, 554 (D. Haw. 1990), *aff'd*, 936 F.2d 578 (9th Cir. 1991) ("[e]ven if Plaintiff herself was never the object of racial harassment, she might nevertheless have a Title VII claim if she were forced to work in an atmosphere in which such harassment was pervasive"); *see also Woods v. Graphic Commc'ns*, 925 F.2d 1195, 1202 (9th Cir. 1991) (finding that work environment was hostile when the plaintiff "was surrounded by racial hostility"). Thus, Defendant's Motion is **DENIED IN PART**. The Court will not outrightly exclude evidence relating to racism. However, such evidence may be limited in scope, subject to the Court's discretion.

### III.    CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

DATE: October 6, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE