UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLEVELAND, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE BEHEMOTH, a California corporation; and DOES 1 through 10,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:19-cv-00672-RBM-BGS<br><br>**ORDER DENYING DEFENDANT THE BEHEMOTH'S MOTION IN LIMINE TO BIFURCATE THE ISSUE OF PUNITIVE DAMAGES**<br><br>**[Doc. 62]** |

On March 4, 2022, Defendant The Behemoth ("Defendant") filed a Motion in Limine to Bifurcate the Issue of Punitive Damages ("Motion"). (Doc. 62.) On March 18, 2022, Plaintiff Robert Cleveland ("Plaintiff") filed an opposition to the Motion ("Opposition"). (Doc. 77.) In the Motion, Defendant requests the Court bifurcate the issue of punitive damages into a separate trial phase to eliminate unfair bias and promote efficiency. (Doc. 62 at 5.) For the reasons discussed below, Defendant's Motion is **DENIED**.

## I. BACKGROUND

Plaintiff is a former quality assurance specialist at Defendant, a video game development company headquartered in San Diego. (Doc 1–2 at 4.) On February 20, 2019, Plaintiff filed the instant action alleging that from March 2016 to February 2018,

"Defendant[] subjected Plaintiff to systemic employment discrimination based on his gender" and "engendered, endorsed, and/or ratified a hostile work environment violative of state and federal law." (*Id.* at 4, 7.)

In particular, Plaintiff brings claims for: (1) hostile work environment/sexual harassment in violation of California Fair Employment and Housing Act, (2) retaliation in violation of California Fair Employment and Housing Act, (3) wrongful termination in violation of public policy, (4) violation of California Business and Professions Code § 17200, (5) intentional infliction of emotional distress, (6) negligent infliction of emotional distress, (7) failure to prevent harassment, (8) hostile work environment/sexual harassment in violation of Title VII [42 U.S.C. §§ 2000(e) et seq.], and (9) retaliation in violation of Title VII [42 U.S.C. §§ 2000(e) et seq.]. (*Id.* at 3.) Plaintiff's complaint has requested general, compensatory, and/or special damages in any amount to be proven at trial. (*Id.* at 21.) The complaint also requests punitive damages in an amount sufficient to punish and deter Defendant from harming other employees. (*Id.*)

In the instant Motion, Defendant "moves the Court for an order bifurcating the issue of punitive damages into a separate trial phase." (Doc. 62 at 1.) Defendant believes bifurcation will promote efficiency at trial and will safeguard against the unfair prejudice that Defendant is likely to suffer if Plaintiff is permitted to present evidence of Defendant's financial condition prior to a finding of liability. (*Id.*) Plaintiff counters that bifurcation is "unwarranted" in this case and does not promote judicial economy. (Doc. 77 at 2–3.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b). A district court has "broad discretion" in determining whether to bifurcate a trial under Rule 42(b). *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). The party seeking bifurcation has the burden of proving bifurcation is justified. *Spectra-Physics Lasers, Inc., v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992).

2

## III.     DISCUSSION

Defendant argues that "[b]ifurcation of the punitive damages issue is necessary because, under California law, proof of a defendant's financial condition is a prerequisite to a punitive damages award." (Doc. 62 at 3 (citing *Adams v. Murakami*, 54 Cal. 3d 105, 110 (1991).)  Defendant cautions that "[a]llowing Plaintiff to present evidence of Defendant's finances presents a danger that the jury will improperly consider Defendant's financial condition when deciding liability or amount of compensatory damages." (Doc. 62 at 4.)  Therefore, prejudice can be avoided by bifurcating the punitive damages issue into a separate trial phase. (*Id.*)

Defendant also explains bifurcation will "promote judicial economy by only allowing presentation of evidence of Defendant's financial condition if liability is determined." (*Id.*)  Defendant argues that none of Plaintiff's claims require a showing of Defendant's financial condition to determine liability, and Plaintiff should be required to establish malice, opposition, or fraud before Defendant's financial condition is introduced. (*Id.*)

Plaintiff contends that, in the Ninth Circuit, "[b]ifurcation is the exception, rather than the rule, of normal trial procedure." (Doc. 77 at 1 (citing *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).)  Additionally, "[t]his case is about Plaintiff's harm caused by [Defendant's] facilitation of pedophilic, harassing, and homoerotic overtures and media and other content in his workplace." (Doc. 77 at 3.)  Thus, Plaintiff argues that liability evidence presented in the first trial would overlap with evidence of "oppression and reckless disregard for Plaintiff's rights" that would be presented in the second trial. (*Id.*)  Therefore, denying Defendant's motion will actually promote judicial economy and avoid the duplicity of bifurcation. (*Id.*)  Moreover, Defendant's concern that the jury will improperly consider Defendant's financial position when determining liability or the amount of compensatory damage is meritless because such concern may be addressed with proper jury instructions. (*Id.* at 1.)

/ / /

Here, the Court is not convinced that evidence of Defendant's financial position will be overly prejudicial or influential to a jury such that bifurcation would be necessary. *See See Hamm v. Am. Home Prod. Corp.*, 888 F. Supp. 1037, 1039 (E.D. Cal. 1995) (noting "[t]he most persuasive argument in favor of separating the issue of a defendants' wealth from the rest of the trial is that the defendants will be somehow prejudiced if information of their finances is intermingled with the evidence on the issue of liability"). Moreover, any concerns about potential prejudice may be directly addressed with the appropriate jury instructions. *See, e.g.*, *Aiello v. Geico Gen. Ins. Co.*, 379 F. Supp. 3d 1123, 1129 (D. Nev. 2019) ("[a]ny concerns about prejudice or confusion on the jury's part can be properly addressed through jury instructions and counsels' opening statements and closing arguments"); *Afshar v. City of Sacramento*, No. CIV S–04–1088LKKJFB, 2007 WL 779748, at *1 (E.D. Cal. Mar. 14, 2007) (denying bifurcation where "[c]oncerns about potential prejudice to the defendant may be directly addressed with appropriate limiting instructions" or "a special verdict form").

Additionally, Defendant has not met its burden of proving that bifurcation is necessary, and the Court does not find that bifurcation will promote judicial economy. *See People v. Hernandez*, 33 Cal. 4th 1040, 1050 (2004) (explaining the party seeking bifurcation has the burden of proving it is justified); *see also Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992) (finding the defendant had "not met its burden of proving that the bifurcation will promote judicial economy and avoid inconvenience or prejudice to the parties"). Rather, the Court is convinced that judicial economy is best served by resolving this action in a single proceeding. *See* FED. R. CIV. P. 42.

Therefore, the Court will not bifurcate the issue of punitive damages into a separate proceeding.

### IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion is **DENIED**.

///

**IT IS SO ORDERED.**

DATE:  October 6, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE