# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLEVELAND, an individual,<br><br>                                      Plaintiff,<br><br>v.<br><br>THE BEHEMOTH, a California corporation; and DOES 1 through 10,<br><br>                                      Defendants. | Case No.: 3:19-cv-00672-RBM-BGS<br><br>**ORDER DENYING PLAINTIFF ROBERT CLEVELAND'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF PLAINTIFF'S SEXUAL BEHAVIOR, LIFESTYLE, COARSE LANGUAGE, AND/OR PREDISPOSITION**<br><br>**[Doc. 68]** |

On March 4, 2022, Plaintiff Robert Cleveland ("Plaintiff") filed a Motion in Limine to Exclude Evidence of Plaintiff's Sexual Behavior, Lifestyle, Coarse Language, and/or Predisposition ("Motion"). (Doc. 68–1.) On March 18, 2022, Defendant The Behemoth ("Defendant") filed an opposition to the Motion ("Opposition"). (Doc. 83.) In the instant Motion, Plaintiff requests that the Court prohibit Defendant "from introducing evidence or argument at trial regarding Plaintiff's sexual behavior, lifestyle, use of coarse and expletive language, and/or sexual predisposition" pursuant to Federal Rules of Evidence 403, 404, and 412. (Doc. 68–1 at 5.) Defendant counters that the proffered evidence is not governed

by Federal Rule of Evidence 412 and that it is relevant to whether Plaintiff was subjectively offended by the alleged harassment and sustained distress. (Doc. 83 at 2, 7.)

In reviewing the briefing, the Court finds that the categories of evidence Plaintiff seeks to exclude are overly broad. *See Venable v. Patel*, No. 117CV01519BAMPC, 2022 WL 298664, at *1 (E.D. Cal. Fed. 1, 2022) ("[m]otions in limine that exclude broad categories of evidence are disfavored and such issues are better dealt with during trial as the admissibility of evidence arises"); *see also Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. CV 08-8525PSGPJWX, 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010) (holding that "motions *in limine* should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial").

Therefore, the Court **DENIES** Plaintiff's blanket request to exclude evidence relating to Plaintiff's sexual behavior, lifestyle, use of coarse and expletive language, and/or sexual predisposition and reserves further ruling on such matters at this time. However, such evidence may be limited in scope and substance at trial.

**IT IS SO ORDERED.**

DATE: October 6, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE