# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLEVELAND, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE BEHEMOTH, a California corporation; and DOES 1 through 10,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:19-cv-00672-RBM-BGS<br><br>**ORDER DENYING PLAINTIFF ROBERT CLEVELAND'S MOTION IN LIMINE NO. 2 TO REQUIRE THE USE OF "EMPLOYER" AND "EMPLOYEE" TO DESCRIBE THE RELATIONSHIP BETWEEN THE BEHEMOTH AND PLAINTIFF**<br><br>**[Doc. 68]** |

On March 4, 2022, Plaintiff Robert Cleveland ("Plaintiff") filed a Motion in Limine to Require the Use of "Employer" and "Employee" to Describe the Relationship Between The Behemoth and Plaintiff ("Motion"). (Doc. 68–2.) On March 18, 2022, Defendant The Behemoth ("Defendant") filed an opposition to the Motion ("Opposition"). (Doc. 82.) In the Motion, Plaintiff requests the Court exclude "testimony or argument characterizing [Defendant] as a 'joint employer' or Plaintiff as a 'contractor' or 'contingent worker' of [Defendant] and requiring the use of 'employer' and 'employee' to describe the relationship between [Defendant] to Plaintiff." (Doc. 68–2 at 7.) Defendant counters that whether Defendant was Plaintiff's employer is a factual dispute that should not be resolved

1

in a motion in limine. (Doc. 82 at 5.) For the reasons discussed below, Plaintiff's Motion is **DENIED**.

## I.     BACKGROUND

Plaintiff is a former quality assurance specialist at Defendant, a video game development company headquartered in San Diego. (Doc 1–2 at 4.) On February 20, 2019, Plaintiff filed the instant action alleging that from March 2016 to February 2018, "Defendant[] subjected Plaintiff to systemic employment discrimination based on his gender" and "engendered, endorsed, and/or ratified a hostile work environment violative of state and federal law." (*Id.* at 4, 7.)

In particular, Plaintiff brings claims for: (1) hostile work environment/sexual harassment in violation of California Fair Employment and Housing Act, (2) retaliation in violation of California Fair Employment and Housing Act, (3) wrongful termination in violation of public policy, (4) violation of California Business and Professions Code § 17200, (5) intentional infliction of emotional distress, (6) negligent infliction of emotional distress, (7) failure to prevent harassment, (8) hostile work environment/sexual harassment in violation of Title VII [42 U.S.C. §§ 2000(e) et seq.], and (9) retaliation in violation of Title VII [42 U.S.C. §§ 2000(e) et seq.]. (*Id.* at 3.) Plaintiff's complaint has requested general, compensatory, and/or special damages in any amount to be proven at trial. (*Id.* at 21.) The complaint also requests punitive damages in an amount sufficient to punish and deter Defendant from harming other employees. (*Id.*)

## II.     DISCUSSION

This dispute centers around the fact that Plaintiff was assigned to Defendant through a staffing agency. (Doc. 68–2 at 5; Doc 82 at 2.) Accordingly, Plaintiff makes several arguments to support his position that the Court should require the use of "employer" and "employee" to describe the relationship between Plaintiff and Defendant (collectively, the "Parties"). (*See* Doc. 68–2.) First, Plaintiff states Defendant is the employer of the workers supplied through the staffing agency because Defendant exercises control and discretion over those workers, regardless of how they are characterized for tax or payroll purposes.

(*Id.* at 4.)  Moreover, in advance of submitting the joint pretrial order, Defendant's counsel initially agreed to stipulate to Defendant being Plaintiff's employer then struck the stipulation prior to lodging the order with the Court.  (*Id.* at 5.)  Plaintiff also explains that Defendant proposed being characterized as a "joint employer" or "co-employer," but Plaintiff thinks this terminology is likely to confuse a jury since the staffing agency is not a defendant in this action.  (*Id.* at 5–6.)

Defendant counters that "to prove his claims at trial, Plaintiff must show he was an employee of [D]efendant . . . and Defendant was his employer."  (Doc. 82 at 2.)  By requiring the use of "employer" and "employee" to describe the relationship, "Plaintiff seeks in effect a dispositive ruling on an employment status."  (*Id.*)  Defendant argues "[t]his is not an appropriate use of a motion in limine, especially where, as here, Defendant has asserted an affirmative defense of no employment relationship."  (*Id.*)  Defendant believes it would be inappropriate for the Court to decide, as a matter of law, whether an employment relationship existed between the Parties because Plaintiff may not "circumvent" his duty to prove an employment relationship.  (*Id.* at 2, 5.)  To determine whether there was an employment relationship between the Parties, the Court would have to analyze a myriad of facts and law, and "[a] motion in limine is not the proper vehicle."  (*Id.* at 8.)

The Court emphasizes that a motion in limine is a procedural mechanism used to limit in advance the scope of evidence that will be permitted at trial.  *See United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009); *see also Tamares Las Vegas Properties, LLC v. Travelers Indem. Co.*, No. 216CV02933JADNJK, 2022 WL 476093, at *1 (D. Nev. Feb. 16, 2022).  Whether Defendant is Plaintiff's employer is an issue for trial, and the Court is not inclined to make such a determination in a motion in limine.  *See Tamares Las Vegas Properties, LLC*, 2022 WL 476093, at *1 (citing *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158 (9th Cir. 2013), *aff'd*, 574 U.S. 418 (2015) ("[a] motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim")).  Rather, the Court concludes that this is a question reserved for the jury.  *See Angelotti v. The Walt Disney Co.*, 192 Cal. App.

4th 1394, 1404 (2011) ("[t]he existence of an employment relationship is a question for the trier of fact, but can be decided by the court as a matter of law if the evidence supports only one reasonable conclusion"); *see also Bowerman v. Field Asset Servs., Inc.*, 39 F.4th 652, 666 (9th Cir. 2022) ("[t]he existence of an employment relationship is a question for the trier of fact"); *Brassinga v. City of Mountain View*, 66 Cal. App. 4th 195, 210 (1998) (emphasizing that the question of whether an employment relationship exists is generally reserved for the trier of fact).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED.**

DATE: October 6, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE