# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLEVELAND, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE BEHEMOTH, a California corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.: 3:19-cv-00672-RBM-BGS<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO SEAL**<br><br>**[Docs. 66, 69]** |

Currently pending before the Court are two motions to seal filed by Plaintiff Robert Cleveland ("Plaintiff"). (Docs. 66, 69.) Defendant The Behemoth ("Defendant") filed a response in opposition to Plaintiff's second motion to seal (Doc. 79), and Plaintiff filed a reply in support of his motion (Doc. 89). For the reasons discussed below, Plaintiff's motions to seal are denied without prejudice.

## I.     LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v.*

*State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*. The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## II.    DISCUSSION

Plaintiff has filed motions to seal material attached to: (1) Plaintiff's motion to exclude Testimony of Dominick Addario, M.D. pursuant to Federal Rule of Civil Procedure 702 (Doc. 65); and (2) Plaintiff's motion in limine to exclude evidence of Plaintiff's sexual behavior, lifestyle, coarse language, and/or predisposition (Doc. 68-1). (*See* Docs. 66, 69.) Because Plaintiff's *Daubert* motion and his motion in limine are more than tangentially related to the merits of the case, the compelling reasons standard applies in determining whether to grant the motions to seal. The Court will consider each request in turn.

In his first motion, Plaintiff seeks to seal "certain portions of his medical records and expert materials submitted as exhibits to his *Daubert* Motion." (Doc. 66 at 2.) Plaintiff states the Plaintiff and Defendant (collectively, the "Parties") lodged a proposed pretrial

order with the Court containing a stipulation that the Parties will redact "any patient ID, medical ID, social security, and account numbers from every exhibit containing such numbers in advance of trial." (*Id.*) Plaintiff also argues the Parties' stipulated protective order in this action prohibits either party from filing on the docket information that the opposing party has designated confidential. (*See* Doc. 11.) Because "[t]he Daubert Exhibits include, summarize, or reflect a litany of confidential medical and private information that was reviewed or considered by the Parties' experts in this case," Plaintiff seeks an order sealing "those portions of his medical and private information which do not directly bear on the issues germane to this case, including references in the Daubert Exhibits to prejudicial and irrelevant character evidence which are the subject of Plaintiff's Motion in Limine No. 1." (Doc. 66 at 4.)

At the outset, the Court notes that one party's designation of a document as "Confidential" does not, standing alone, demonstrate that the documents should be shielded from public access. *See*, *e.g.*, *Foltz*, 331 F.3d at 1136 ("the presumption of access is not rebutted where, as here, documents subject to a protective order are filed under seal as attachments to a dispositive motion"); *In re Packaged Seafood Prod. Antitrust Litig.*, No. 15-MD-2670 JLS (MDD), 2020 WL 6395595, at *1 (S.D. Cal. Nov. 2, 2020) ("That a document is designated confidential pursuant to a protective order is of little weight when it comes to sealing court filings"); *In re Incretin Mimetics Prod. Liab. Litig.*, No. 13MD2452 AJB MDD, 2014 WL 1912731, at *2 (S.D. Cal. May 13, 2014) ("[t]hough the Parties themselves may have stipulated to the confidential nature of this information, the 'compelling reasons' standard is invoked even if the motion, or its attachments, were previously filed under seal or protective order") (citing *Kamakana*, 447 F.3d at 1179). Accordingly, a sealing order will be issued only if the Court is satisfied that Plaintiff has otherwise satisfied the compelling reasons standard.

Courts throughout the Ninth Circuit have found that the need to protect a litigant's medical privacy constitutes a compelling reason to seal court records. *See*, *e.g.*, *Salgado v. Iqvia, Inc.*, No. 18-CV-2785-BAS-WVG, 2020 WL 1322949, at *2 (S.D. Cal. Mar. 20,

2020); *Weisberg v. Takeda Pharms. U.S.A., Inc.*, No. CV 18-784 PA (JCX), 2018 WL 6252458, at *3 (C.D. Cal. July 3, 2018); *Racies v. Quincy Bioscience, LLC*, No. 15-cv-00292-HSG, 2017 WL 6405612, at *2 (N.D. Cal. Dec. 15, 2017).  However, upon review of Plaintiff's lodged documents, the Court is not convinced that Plaintiff has limited his sealing request to "only those portions of his medical and private information which do not directly bear on the issues germane to this case." (Doc. 66 at 4.)  For example, Plaintiff appears to seek an order redacting information such as his age (*see* Doc. 67-2 at 2) and various communications Plaintiff made on social media sites such as Twitter (*see*, *e.g.*, Doc. 67-5 at 66; Doc. 67-6 at 162, 163, 166, 168).  The Court agrees with Plaintiff that, even in cases where Plaintiff's medical condition is at issue, "the entirety of his medical records filed in connection with a motion (which frequently contain records that pertain to unrelated medical information) need [not] be unnecessarily broadcast to the public." *Carmichael v. Aranas*, No. 317CV00025MMDWGC, 2017 WL 955183, at *2 (D. Nev. Mar. 10, 2017).  However, Plaintiff must nevertheless satisfy the compelling reasons standard for each redaction he seeks to make to his medical records and deposition transcripts involving medical professionals.

      Plaintiff's second motion seeks an order sealing a summary document detailing "explicit material and information relating to Plaintiff's private life which are not at issue in this case, and which Plaintiff seeks to exclude from introduction at trial (or the public docket)." (Doc. 69 at 2.)  Plaintiff argues the information contained in the summary document "could be prejudicial, harmful, and/or embarrassing to Plaintiff if published for public access." (*Id*.)  The lodged document is a "summary of character evidence sought to be excluded" by Plaintiff's motion in limine.  (*See* Doc. 70.)  In other words, the lodged document appears to be a *list* of the underlying, allegedly embarrassing information Plaintiff seeks to exclude at trial, as opposed to the embarrassing information itself. (*See id*.)  Defendant filed a response in opposition to Plaintiff's motion to seal, arguing "the document sought to be sealed does not reveal private information or is a generic category that reveals no information specific to Plaintiff" in part because "[c]opies of the documents

containing the statements were not attached or submitted." (Doc. 79 at 2.) Defendant also argues that much of the information Plaintiff seeks to seal was made by Plaintiff on his public Twitter page or in his workplace to co-workers, or is non-confidential information like public YouTube video URLs. (*See id*. at 2–5.) In response, Plaintiff argues "The Behemoth sustains no prejudice whatsoever since it was served with the unredacted version of" the sealed document, the summarized material "is either wholly irrelevant to this case or subject to exclusion pursuant to Plaintiff's Motion in Limine No. 1." (Doc. 89 at 2.)

Plaintiff misstates the standard for sealing a court document—a standard which focuses on the public's "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon*, 435 U.S. at 597. While potential harm to a litigant's reputation may at times justify sealing a court record, the Court finds Plaintiff's sealing request overbroad. *See*, *e.g.*, *Kamakana*, 447 F.3d at 1179 ("[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records") (citing *Foltz*, 331 F.3d at 1136). In evaluating Plaintiff's motion, the Court does not see how a YouTube URL, or tweets posted publicly on Twitter, could be properly sealed on the Court's docket. Because Plaintiff has failed to show compelling reasons to seal all of the information contained in the lodged document, his sealing request is denied.

### III.     CONCLUSION

The Court **DENIES WITHOUT PREJUDICE** Plaintiff's motions to seal (Docs. 66, 69). The Clerk of Court is instructed to maintain under seal the lodged documents. Should Plaintiff choose to renew his request for a sealing order, such motion to seal must be filed on or before **October 20, 2022**. If Plaintiff fails to do so, or fails to meet his burden of showing sufficient reasons to warrant sealing, the Court may order the sealed lodged documents, or portions thereof, unsealed. Plaintiff is cautioned that the Court will adhere strictly to the Local Rules of Practice for the United States District Court for the Southern District of California, the Electronic Case Filing Administrative Policies & Procedures Manual, and Section IV of this Court's Civil Chamber Rules in ruling on any motion to

seal.

**IT IS SO ORDERED.**

DATE: October 6, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE