**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT CLEVELAND, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>THE BEHEMOTH, a California corporation; and DOES 1 through 10,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:19-cv-00672-RBM-BGS<br><br>**ORDER DENYING PLAINTIFF ROBERT CLEVELAND'S MOTION TO RETAX COSTS**<br><br>**[Doc. 185]** |

On March 1, 2023, Plaintiff Robert Cleveland ("Plaintiff") filed a Motion to Retax Costs ("Motion"). (Doc. 185.) Defendant The Behemoth ("Defendant") filed an opposition on March 20, 2023 (Doc. 187), and Plaintiff filed a reply on March 27, 2023 (Doc. 188). For the reasons discussed below, Plaintiff's Motion is **<u>DENIED</u>**.

### I.　　BACKGROUND

On February 20, 2019, Plaintiff filed the instant action against Defendant alleging: (1) hostile work environment/sexual harassment in violation of California Fair Employment and Housing Act, (2) retaliation in violation of California Fair Employment and Housing Act ("FEHA"), (3) wrongful termination in violation of public policy, (4) violation of California Business and Professions Code § 17200, (5) intentional infliction of emotional distress, (6) negligent infliction of emotional distress, (7) failure to prevent

harassment, (8) hostile work environment/sexual harassment in violation of Title VII [42 U.S.C. §§ 2000(e) *et seq.*], and (9) retaliation in violation of Title VII [42 U.S.C. §§ 2000(e) *et seq.*].  (Doc. 1–2 at 3.)

The Court held a jury trial in December 2022, and on December 15, 2022, the jury rendered a verdict in favor of Defendant on all causes of action.[1]  (*See* Doc. 167.) Defendant submitted a Bill of Costs, and the Clerk held a hearing for taxation of costs on February 1, 2023.  (*See* Doc. 184 at 1; *see also* Docs. 172, 173, 175.)  The Clerk taxed $49,860.91 in costs in favor of Defendant on February 22, 2023.  (Doc. 184 at 5.)  On March 1, 2023, Plaintiff filed the instant Motion requesting the Court retax costs, awarding no costs to Defendant, because Plaintiff contends the Ninth Circuit has held civil rights plaintiffs should not be assessed for fees or costs unless their claims are "frivolous, unreasonable, or groundless." (Doc. 185 at 2–3, 10 (quoting *Green v. Mercy Hous., Inc.*, 991 F.3d 1056, 1058 (9th Cir. 2021)).)  Defendant counters that Plaintiff's Motion should be denied because: "(1) Rule 54 does not require Defendant to prove Plaintiff's claims were frivolous under California or federal law; (2) an award of costs is unlikely to chill future similar litigation; and (3) Plaintiff has failed to provide evidence that he is indigent or likely to be rendered indigent as a result of the cost award." (Doc. 187 at 10.)

## II.  LEGAL STANDARD

An award of taxable costs for a prevailing party in federal district court is governed by Federal Rule of Civil Procedure ("Rule") 54(d) and Civil Local Rule 54.1.  FED. R. CIV. P. 54(d); Civ. L.R. 54.1; *see also Champion Produce, Inc. v. Ruby Robinson, Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003); *RD Legal Funding, LLC v. Erwin v. Balingit, LLP*, No. 08CV597-L(RBB), 2011 WL 90222, at *4 (S.D. Cal. Jan. 10, 2011).

---

[1] The jury rendered a verdict in favor of Defendant on all claims tried before the jury. Separately, Plaintiff dismissed his claim based on California Business and Professions Code § 17200 *et seq.*  (Doc. 167.)

1  "Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party,
2  but the district court may refuse to award costs within its discretion." *Champion Produce*,
3  342 F.3d at 1022.  However, the court's discretion is not unlimited—a district court must
4  "specify reasons" for its refusal to award costs.  *Subscription Television, Inc. v. S. Cal.
5  Theatre Owners Ass'n*, 576 F.2d 230, 234 (9th Cir. 1978); *see Fletes v. City of San Diego*,
6  No. 13-CV-2279-JAH(JMA), 2016 WL 6804434, at *2 (S.D. Cal. July 1, 2016) ("[i]f a
7  district court denies costs, it must 'specify reasons,' explaining 'why a case is not
8  "ordinary" and why, in the circumstances, it would be inappropriate or inequitable to award
9  costs'") (quoting *Champion Produce*, 342 F.3d at 1022).  The procedure for seeking costs
10 is as follows: "[w]ithin fourteen (14) days after entry of judgment, the party in whose favor
11 a judgment for costs is awarded or allowed by law, and who claims costs, must file with
12 the clerk the bill of costs, together with a notice of when the clerk will hear the application."
13 Civ. L.R. 54.1(a); *see* FED. R. CIV. P. 54(d)(1) ("[t]he clerk may tax costs on 14 days'
14 notice"); *see also Zopatti v. Rancho Dorado Homeowners Ass'n*, No. 10CV1091
15 DMS(WVG), 2012 WL 92338, at *1 (S.D. Cal. Jan. 10, 2012) ("[t]axable costs are taxed
16 by the Clerk rather than the Court.").  "A review of the decision of the clerk in the taxation
17 of costs may be taken to the court on motion to re-tax by any party in accordance with Rule
18 54(d), [the Federal Rules of Civil Procedure], and Civil Local Rule 7.1."  Civ. L.R. 54.1(h).

19  "In reviewing a motion to deny costs, the Ninth Circuit has noted the following
20 reasons for refusing to award costs to a prevailing party: (1) the losing party's limited
21 financial resources; (2) misconduct on the part of the prevailing party; (3) whether the
22 issues in the case were close and difficult; (4) whether the prevailing party's recovery was
23 nominal or partial; (5) whether the losing party litigated in good faith; and (6) whether the
24 case presented issues of national importance." *James v. Tade*, No. 15-CV-409-AJB-MDD,
25 2018 WL 2734882, at *2 (S.D. Cal. June 7, 2018) (citing *Champion Produce*, 342 F.3d at
26 1022).  However, in a civil rights case, it is an abuse of discretion to deny a losing
27 "plaintiff's motion to re-tax costs without considering (1) the plaintiff's limited financial
28 resources; and (2) 'the chilling effect of imposing such high costs on future civil rights

litigants.'" *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 592 (9th Cir. 2000) (quoting *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079–80 (9th Cir. 1999)). "[I]t is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley*, 178 F.3d at 1079.

### III. DISCUSSION

A. Judicial Notice

Pursuant to Federal Rule of Evidence 201(b), a court may take judicial notice, either on its own accord or by a party's request, of facts that are not subject to reasonable dispute because they are (1) "generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). A court may also take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (internal citations omitted).

a. Defendant's Request for Judicial Notice

Defendant requests the Court take judicial notice of four exhibits: (1) Order Taxing Costs (Doc. 53) issued on January 6, 2022, in *Laura Swirski v. ProTec Association Services*, Case No. 3:20-cv-01321-LAB-MDD (Ex. 1); (2) Memorandum of Points and Authorities in Support of Defendant's Motion for Order Establishing Entitlement to Attorneys' Fees and Costs (Doc. 58–2) filed on January 18, 2022, in the *Swirski* action (Ex. 2); (3) Plaintiff's Notice of Motion and Motion to Re-Tax Defendant 7-Eleven, Inc.'s Bill of Costs (Doc. 50) filed on July 16, 2019, in *Helen Chisolm v. 7-Eleven, Inc.*, Case No. 3:18-cv-0893-MMA-MDD (Ex. 3), and Defendant 7-Eleven, Inc.'s Opposition to Plaintiff's Motion to Re-Tax Bill of Costs (Doc. 51) filed on August 5, 2019, in the *Chisolm* action (Ex. 4). (Doc. 187–2 at 2–3.)

The Court takes judicial notice of Exhibits 1, 2, 3, and 4. *See Hayes v. Woodford*, 444 F. Supp. 2d 1127, 1136 (S.D. Cal. 2006), *aff'd*, 276 F. App'x 576 (9th Cir. 2008) ("[c]ourts may take judicial notice of their own records"); *see also Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015) ("[i]t is well established that

a court can take judicial notice of its own files and records under Rule 201 of the Federal Rules of Evidence"); *Barnes v. Chase Home Fin., LLC*, 825 F. Supp. 2d 1057, 1059 (D. Or. 2011) ("[a] court properly may take judicial notice of pleadings filed in other actions"); *Burbank–Glendale–Pasadena Airport Authority v. City of Burbank,* 136 F.3d 1360, 1364 (9th Cir.1998) (court took judicial notice of pleadings filed in a related state-court action). However, the Court is not bound to take judicial notice of the truth of the matters asserted therein. *See Khoja*, 899 F.3d at 999 ("[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth").

        **b.**        **Plaintiff's Request for Judicial Notice**

Plaintiff requests the Court take judicial notice of five exhibits: (1) Defendant's Notice of Motion and Motion for Order Establishing Entitlement to Attorneys' Fees and Costs (Doc. 58) in the *Swirski* action (Ex. A), (2) docket for *Early et al. v. Keystone Restaurant Group, LLC et al.*, Case No. 2:16-cv-00740-JAM-DB (Ex. B), (3) Bill of Costs (Doc. 126) in the *Early* action (Ex. C), (4) Order Granting Defendants Sonic Industries LLC, Sonic Franchising LLC and Sonic Industries Services, Inc.'s Motion for Attorneys' Fees and Costs (Doc. 148) in the *Early* action (Ex. D), and (5) Plaintiff's Amended Motion for Review (Doc. 146) in *Cheryl Young v. Peter Buttigieg*, Case No. 3:19-cv-01411-JCS (Ex. E). (Doc. 188–2 at 2.)

The Court takes judicial notice of Exhibits A, B, C, D, and E. As noted above (*see supra* p. 4), the Court may take judicial notice of public records, and court opinions and filings are matters of public record. *See Lee*, 250 F.3d at 689; *see also Hayes*, 444 F. Supp. 2d at 1136; *Gerritsen*, 112 F. Supp. 3d at 1034.

        B.        <u>Plaintiff's Motion to Retax Costs</u>

As an initial matter, it is undisputed that Defendant is the prevailing party in this action (*see* Doc. 167), and Defendant's request for taxable costs was timely. Judgment was entered on January 3, 2023 (Doc. 167), and Defendant submitted its Bill of Costs on January 17, 2023 (Doc. 172). *See* Civ. L.R. 54.1(a) ("[w]ithin fourteen (14) days after

entry of judgment, the party in whose favor a judgment for costs is awarded or allowed by law, and who claims costs, must file with the Clerk the bill of costs, together with a notice of when the Clerk will hear the application").

On March 1, 2023, Plaintiff filed the instant Motion requesting that the Court retax costs, awarding no costs to Defendant, because Plaintiff is a civil rights plaintiff with non-frivolous claims. (Doc. 185 at 3–4.) Plaintiff contends that awarding costs to Defendant is improper due to Plaintiff's indigency and the chilling effect of imposing high costs on future civil rights litigants. (*Id.* at 8.) It is Defendant's position that Plaintiff's Motion should be denied because: "(1) Rule 54 does not require Defendant to prove Plaintiff's claims were frivolous under California or federal law; (2) an award of costs is unlikely to chill future similar litigation; and (3) Plaintiff has failed to provide evidence that he is indigent or likely to be rendered indigent as a result of the cost award." (Doc. 187 at 10.)

### a. Frivolity of Claims

Plaintiff contends he instituted this action against Defendant under Title VII and FEHA and, thus, the Court must make "a finding of frivolity before an award of costs can issue to a prevailing defendant." (Doc. 185 at 2.) Plaintiff cites California Government Code Section 12965(c)(6) and explains "[t]he plain language of FEHA indicates that 'a prevailing defendant shall not be awarded fees and costs unless the court finds the action was frivolous, unreasonable, or groundless. . . [.]'" CAL. GOV. CODE § 12965(c)(6). Moreover, in *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412 (1978), the Supreme Court held "a prevailing defendant is to be awarded [attorney's] fees only when the court in the exercise of its discretion has found that the plaintiff's action was frivolous, unreasonable, or without foundation." (Doc. 185 at 5–6.) Plaintiff explains that "[d]istrict courts throughout this Circuit routinely apply the *Christiansburg* standard to prevailing-defendant cost awards under Title VII and FEHA." (*Id.* at 6.)

Defendant counters by explaining that "[i]n federal court the question of whether costs should be awarded to a prevailing defendant in a FEHA case is determined by Rule 54(d)(1), and not California state law." (Doc. 187 at 10.) "This is because under the Erie

doctrine, a federal court exercising either diversity or supplemental jurisdiction over a state law claim applies state substantive law, but federal procedural law." (*Id.*)  Thus, Defendant argues the Court is not bound by California Government Code Section 12965(c)(6), as Plaintiff contends, but rather is instructed by Rule 54's presumption that a prevailing party is entitled to an award of costs.  (*Id.*); *see* FED. R. CIV. P. 54.

Similar to the ruling in *Christiansburg*, in *Williams v. Chino Valley Indep. Fire Dist.*, 61 Cal. 4th 97, 115 (2015), the California Supreme Court held that "a prevailing defendant [in FEHA lawsuits] . . . should not be awarded fees and costs unless the court finds the action was objectively without foundation when brought, or the plaintiff continued to litigate after it clearly became so."  The Court notes that "[d]istrict courts in the Ninth Circuit have split over whether *Williams* supplies a substantive rule" and "the Ninth Circuit Court of Appeals has not authoritatively ruled on this issue."  *Buhl v. Abbott Labs.*, No. 17-CV-04244-NC, 2019 WL 13248033, at *1 (N.D. Cal. Oct. 16, 2019); *see Duran v. Stock Bldg. Supply W., LLC*, 672 Fed. Appx. 777, 779 (9th Cir. 2017) ("[Plaintiff] incorrectly asserts that *Williams* . . . rendered the award of costs 'substantive' for purposes of *Erie* . . . ."); *Gardner v. Fed. Express Corp.*, No. 14-cv-01082-TEH, 2016 WL 1559686, at *1–2 (N.D. Cal. Apr. 18, 2016) ("the award of costs is generally a *procedural* matter . . . ."); *Ramsey v. Amway Corp.*, No. 818CV01870JVSADSX, 2022 WL 1843976, at *1 (C.D. Cal. Feb. 25, 2022) ("[f]or purposes of Erie, costs recovery is a procedural matter . . . [t]hus, Rule 54(d) and the Local Rules control costs recovery in this case and no finding of 'frivolousness' is necessary"); *Andresen v. Int'l Paper Co.*, No. 13-cv-02079-CAS (AJWx), 2015 WL 3648972, at *2–5 (C.D. Cal. June 10, 2015) ("the award of costs is a procedural matter"); *but see Aguirre v. California*, No. 16-cv-05564-HSG, 2019 WL 3544006, at *6–7 (N.D. Cal. Aug. 2, 2019) (applying *Williams* and denying costs to defendant).

In reviewing Plaintiff's Motion, the Court acknowledges California's requirement that there be a finding of frivolity for defendants to recover costs in defending alleged FEHA violations.  *See Williams*, 186 Cal. Rptr. 3d at 981–88.  However, absent guiding

1  Ninth Circuit authority, the Court declines to apply *Williams* to the instant action.  In
2  federal court, "the award of costs is generally a *procedural* matter, which means that federal
3  law applies."  *Gardner*, 2016 WL 1559686, at *1; *see Rodriguez v. New Hampshire Ball*
4  *Bearings, Inc.*, No. 2:18-CV-03876-R-AS, 2019 WL 6711685, at *2 (C.D. Cal. Aug. 30,
5  2019) ("[e]ven where state law controls the substance of a lawsuit, an award of costs is a
6  procedural issue governed by federal law").  Thus, in accordance with Rule 54, the Court
7  maintains that the prevailing party is presumptively entitled to an award of costs, while the
8  losing party bears the burden of showing why costs should not be awarded.  *See Save Our*
9  *Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003); *Buhl*, 2019 WL 13248033,
10 at *1 ("Rule 54(d) permits prevailing defendants to recover costs regardless [of whether]
11 the lawsuit was frivolous . . . because reimbursement of costs is generally considered a
12 procedural matter and federal law applies").  However, the Court acknowledges that, in a
13 civil rights context, it must consider "(1) the plaintiff's limited financial resources; and (2)
14 'the chilling effect of imposing such high costs on future civil rights litigants.'"  *Ass'n of*
15 *Mexican-Am. Educators*, 231 F.3d at 592 (quoting *Stanley*, 178 F.3d at 1079–80).  Such
16 factors will be discussed below.

17              **b.    Plaintiff's Indigency**

18  Plaintiff argues the Court should retax costs "on the bases of Plaintiff's limited
19 financial resources and the economic disparity between the parties." (Doc. 185 at 9.)  In
20 support of this contention, Plaintiff presents his own declaration claiming he: (1) earns
21 $31.00 per hour, (2) has no assets, (3) has no college degree, (4) lives in a two-bedroom
22 apartment with his partner and baby, and (5) has no savings or investments. (*See* Doc.
23 185–3, Decl. of Plaintiff Robert Cleveland ISO Plaintiff's Motion to Retax Costs.)  Plaintiff
24 also asserts that Defendant "is a successful and well-known video game company with far
25 more latitude and resources as evidenced at trial." (Doc. 185 at 9.)  Accordingly, "[t]axing
26 [Defendant's] costs against Plaintiff would thus be unconscionable." (*Id.*)

27  Defendant counters that "[a] plaintiff challenging costs on [the basis of financial
28 hardship] must provide sufficient documentation demonstrating financial hardship" and

that "[h]ere, Plaintiff submitted no documentary evidence of financial hardship. Rather, he offers substantively a three-sentence declaration with scant details regarding his financial condition." (Doc. 187 at 19.) Moreover, Defendant explains that "[e]ven accepting Plaintiff's Declaration as sufficient evidence of financial condition (which it is not), it does not demonstrate financial hardship that would justify denying costs. Plaintiff earns at least $64,480 per year, with no mention of any outstanding debts or liabilities." (*Id.* at 21.) Defendant states "[t]his income level far exceeds the financial resources of plaintiffs in cases in which the courts rejected similar arguments." (*Id.*) Moreover, Defendant contends that "Plaintiff's argument that costs should be denied because of an 'economic disparity' between the parties is insufficient to overcome the presumption in favor of awarding Defendant its costs" because "[t]his is not the law." (*Id.* at 22.)

The Court finds Plaintiff has failed to show his indigency overcomes the presumption that a prevailing party is entitled to an award of costs. *See* FED. R. CIV. P. 54(d)(1); *Camfield v. Bd. Of Trustees of Redondo Beach Unified Sch. Dist.*, No. 216CV02367ODWFFM, 2018 WL 910459, at *3 (C.D. Cal. Feb. 14, 2018) ("[t]he burden is on Plaintiffs to prove their financial resources"); *see also Rossi v. City of Chicago*, 790 F.3d 729, 738 (7th Cir. 2015) ("[t]he burden of proving financial hardship falls on the objecting party, who must provide the court with sufficient documentation such as affidavits, statements of assets and income, and a schedule of expenses").

Plaintiff's declaration is limited in substance, and Plaintiff fails to provide sufficient documentation of financial hardship. *See Rodriguez*, 2019 WL 6711685, at *3 ("[a] plaintiff challenging costs on this basis 'must provide the court with sufficient documentation such as affidavits, statements of assets and income, and a schedule of expenses' demonstrating financial hardship") (quoting *Rossi v. City of Chicago*, 790 F.3d 729, 738 (7th Cir. 2015)); *see also Huerta v. Wolf*, No. 18CV1640-MMA (LL), 2020 WL 6319132, at *2 (S.D. Cal. Oct. 28, 2020) (denying the plaintiff's motion to retax costs explaining plaintiff "paid the filing fee to initiate this action, he is not proceeding *in forma pauperis*, he is gainfully employed, and has not otherwise provided evidence in support of

his claim of financial hardship"). Moreover, the alleged financial disparity between the parties is insufficient to rebut Rule 54's presumption that a prevailing party is entitle to an award of costs. *See Ayala v. Pac. Mar. Ass'n*, No. C08-0119 TEH, 2011 WL 6217298, at *2 (N.D. Cal. Dec. 14, 2011) ("disparity alone is insufficient to overcome the presumption in favor of awarding costs"). Accordingly, the Court acknowledges Plaintiff's financial condition but concludes Plaintiff has not made a showing that his indigency overcomes the presumption outlined in Rule 54(d)(1).

### c. Chilling Effect

Finally, Plaintiff explains that "[a]n award of substantial costs against Plaintiff would undoubtedly chill and discourage other plaintiffs seeking to effect lawful work practices under the anti-harassment laws." (Doc. 185 at 8.) Defendant argues that "Plaintiff's baseless assertion that an award of costs will have a chilling effect does not override the presumption in favor of taxing Defendant's costs." (Doc. 187 at 18.) Rather, Defendant contends "it would be an injustice to disallow costs because Defendant faced an unsubstantiated sexual harassment and retaliation complaint" and "the amount of Defendant's costs is reasonable given that this case was litigated for years, went to trial, and does not inherently support a denial of costs." (*Id.*)

The Court concludes that an award of costs to Defendant in this action is unlikely to have a chilling effect on future civil litigants. *See Rodriguez*, 2019 WL 6711685, at *3 ("Plaintiff's Complaint did not raise novel issues of law . . . [a]lthough discouraging discrimination based on protected characteristics is an important public policy in California, there is nothing about Plaintiff's case that would make it more likely than the ordinary case to have a chilling effect on future litigation of employment discrimination issues"); *see also Williams v. Gore*, No. 15-CV-0654-AJB-PCL, 2017 WL 4960220, at *3 (S.D. Cal. Nov. 1, 2017) ("this Court does not find the specific circumstances of this case as one which would pose as a severe deterrent to prospective civil rights plaintiffs"); *Fletes*, 2016 WL 6804434, at *3 ("the presumption in favor of awarding costs to prevailing parties still applies in civil rights actions"). While Plaintiff may have litigated this case in good

faith, that does not justify the denial of costs where the above considerations weigh against doing so. In sum, the Court finds Plaintiff's Motion does not overcome the presumption in favor of awarding costs to a prevailing party.

### IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion (Doc. 185) is **DENIED**. The Court affirms the Clerk's determination on costs.

**IT IS SO ORDERED.**

DATE:  May 11, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE