# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLEVELAND, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>THE BEHEMOTH, a California corporation; and DOES 1 through 10,<br><br>  Defendants. | Case No.: 3:19-cv-00672-RBM-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF ROBERT CLEVELAND'S MOTION TO RETAX COSTS**<br><br>**[Doc. 185]** |

Presently before the Court are the order and mandate of the United States Court of Appeals for the Ninth Circuit. (Docs. 196, 197.) After a jury rendered a verdict in favor of Defendant The Behemoth ("Defendant") (Doc. 168) and the Clerk of the Court taxed $49,860.91 in costs in favor of Defendant (Doc. 184 at 5), Plaintiff Robert Cleveland ("Plaintiff") filed a Motion to Retax Costs ("Retax Motion"). (Doc. 185.)

On May 11, 2023, this Court issued an Order Denying Plaintiff's Motion to Retax Costs ("Retax Order"). (Doc. 189.) Plaintiff appealed. (Doc. 190.) On May 2, 2024, the Ninth Circuit vacated the Court's denial of the Retax Motion and remanded the case for this Court to determine whether Plaintiff sufficiently "rebut[ted] the presumption in favor of taxing costs against him." (Doc. 196.) In accordance with the Ninth Circuit's order and mandate, and for the reasons discussed below, Plaintiff's Retax Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

On February 20, 2019, Plaintiff filed the operative complaint against Defendant alleging: (1) hostile work environment/sexual harassment in violation of California's Fair Employment and Housing Act ("FEHA"); (2) retaliation in violation of FEHA; (3) wrongful termination in violation of public policy; (4) violation of California's Business and Professions Code § 17200 ("UCL"); (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress; (7) failure to prevent harassment; (8) hostile work environment/sexual harassment in violation of Title VII, 42 U.S.C. §§ 2000(e) *et seq.*; and (9) retaliation in violation of Title VII, 42 U.S.C. §§ 2000(e) *et seq.* (Doc. 1-2 at 3.)[1]

The Court held a jury trial in December 2022, and on December 15, 2022, the jury rendered a verdict in favor of Defendant on all causes of action.[2] (*See* Doc. 168.) Defendant submitted a Bill of Costs (*see* Docs. 172–173), and the Clerk held a hearing for taxation of costs on February 1, 2023 (Doc. 184 at 1). The Clerk taxed $49,860.91 in costs in favor of Defendant on February 22, 2023. (Doc. 184 at 5.)

### A. Plaintiff's Motion to Retax Costs

On March 1, 2023, Plaintiff filed the Retax Motion and requested that the Court retax costs and award no costs to Defendant. (Doc. 185 at 2–3.) Defendant opposed (Doc. 187), and Plaintiff filed a Reply in Support of his Retax Motion ("Reply") (Doc. 188).

Plaintiff argued that civil rights plaintiffs should not be assessed for fees or costs unless their claims are "frivolous, unreasonable, or groundless." (*Id.* at 2, 5–7.) Defendant responded that Plaintiff's Retax Motion should be denied because: "(1) [Defendant is] not require[d] . . . to prove Plaintiff's claims were frivolous under California or federal law; (2) an award of costs is unlikely to chill future similar litigation; and (3) Plaintiff has failed

---

[1] Defendant removed this action to this Court on April 11, 2019. (*See* Doc. 1.)

[2] The jury rendered a verdict in favor of Defendant on all claims tried before the jury. (Doc. 171.) Separately, Plaintiff dismissed his UCL claim. (*See* Doc. 167.)

to provide evidence that he is indigent or likely to be rendered indigent as a result of the cost award." (Doc. 187 at 10.)

In its Retax Order, the Court found that Plaintiff did not provide sufficient documentation of financial hardship and thus failed to show that his indigency and the financial disparity between the Parties were sufficient to overcome the presumption that a prevailing party is entitled to an award of costs. (Doc. 189 at 8–10.)

### B. Ninth Circuit Appeal

On February 2, 2023, Plaintiff appealed the final judgment entered against him, as well as several related rulings, to the Ninth Circuit. (Doc. 178.) Thereafter, he amended his appeal to include his appeal from the Court's Retax Order. (Doc. 190.)

The Ninth Circuit affirmed the Court's evidentiary ruling and civil jury instructions. (Doc. 196 at 2–5.) Additionally, the Ninth Circuit vacated the Court's denial of the Retax Motion and remanded for the Court "to evaluate whether [Plaintiff's] financial resources are so limited and the financial disparity between the parties so significant as to rebut the presumption in favor of taxing costs against him, or at a minimum, subject to adjustment." (*Id*. at 8.) In doing so, the Ninth Circuit noted its uncertainty as to this Court's consideration of Plaintiff's supporting declarations in concluding that Plaintiff's limited resources were insufficient to rebut the presumption of awarding costs to Defendant. (*Id*.) It also determined that "additional evidence, such as statements of assets and income and a schedule of expenses," is not required to demonstrate indigency. (*Id*.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 54(d)(1) and Civil Local Rule 54.1 govern the award of taxable costs for a prevailing party in federal court. Fed. R. Civ. P. 54(d); S.D. Cal. Civ. R. 54.1. Rule 54(d)(1) establishes that costs are to be awarded to a prevailing party "as a matter of course in the ordinary case." *Ass'n of Mexican-Am. Educators v. California* ("*AMAE*"), 231 F.3d 572, 593 (9th Cir. 2000). The rule "creates a presumption in favor of awarding costs to a prevailing party, but the district court may refuse to award costs within its discretion." *Champion Produce, Inc. v. Ruby Robinson, Co., Inc.*, 342 F.3d

1016, 1022 (9th Cir. 2003). Given this presumption, "it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted).

If a court declines to award costs to the prevailing party, "it must specify reasons, explaining why a case is not ordinary and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Fletes v. City of San Diego*, No. 13-CV-2279-JAH(JMA), 2016 WL 6804434, at *2 (S.D. Cal. July 1, 2016) (quoting *Champion Produce*, 342 F.3d at 1022) (cleaned up). However, a court need not give affirmative reasons for awarding costs. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) ("Although a district court must 'specify reasons' for its *refusal* to tax costs to the losing party, . . . we have never held that a district court must specify reasons for its *decision* to abide the presumption and tax costs to the losing party.") (emphasis in original).

While not exhaustive, "[a]ppropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014) (citing *AMAE*, 231 F.3d at 592–93) (the "*Escriba*" factors). "[A] losing party need not demonstrate that all five factors weigh against imposing costs; rather, the list provides a 'starting point for analysis.'" *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (citing *Escriba*, 743 F.3d at 1248).

### III. DISCUSSION

"Each of the [*Escriba* factors] is an 'appropriate reason for denying costs,' or for a reduction in the amount awarded to the prevailing party." *Draper v. Rosario*, 836 F.3d 1072, 1089 (9th Cir. 2016) (cleaned up) (citing *Escriba*, 743 F.3d at 1247–48).

In his Retax Motion, Plaintiff argues that his limited financial resources, the economic disparity between the Parties, and the risk of chilling future civil rights litigants warrant a complete denial of costs. (Doc. 185 at 8–10.) Defendant counters that Plaintiff's claims of indigence lack evidentiary support, and "[e]ven accepting Plaintiff's Declaration

as sufficient evidence of financial condition . . . , it does not demonstrate financial hardship that would justify denying costs. Plaintiff earns at least $64,480 per year, with no mention of any outstanding debts or liabilities."[3] (Doc. 187 at 21.) As discussed further below, the Court finds it appropriate to reduce the requested costs in recognition of Plaintiff's financial resources and the Parties' economic disparity.[4]

## A. Financial Factors

Plaintiff argues that taxing costs against him would be "unconscionable" due to his limited financial resources and the economic disparity between the Parties. (Doc. 185 at 9.) In support of his Retax Motion and Reply, Plaintiff submitted two sworn declarations as evidence of his limited financial resources, dated March 1, 2023 and March 21, 2023, respectively. (*See* Doc. 185–3, Declaration of Robert Cleveland ("Cleveland Decl.") at 2; Doc. 188-1, Declaration of Robert Cleveland ("Cleveland Suppl. Decl.") at 2.)

As an initial matter, it is undisputed that Plaintiff's resources are more limited than Defendant's resources but this "alone is insufficient to overcome the presumption of awarding costs." *In re Incretin-Based Therapies Prods. Liab. Litig.*, No. 13-md-2452-AJB-MDD, 2021 WL 5990042, at *2 (S.D. Cal. Dec. 17, 2021).

Nonetheless, "[c]osts are properly denied when a plaintiff 'would be rendered indigent should [he] be forced to pay' the amount assessed." *Escriba*, 743 F.3d at 1248 (quoting *Stanley*, 178 F.3d at 1080). When noting a party's financial resources, "there are no hard and fast rules for assessing a losing party's indigency or inability to pay; district courts should use their common sense in making this determination." *Tichenor v. BAE Sys.*

---

[3] Defendant calculated Plaintiff's annual income as $64,480 based on his salary of $31.00 per hour and a 40-hour work week. (*See* Doc. 187 at 19.) As the Ninth Circuit noted, this estimate is incorrect in light of Plaintiff's asserted net wages from 2022 and other relevant factors, such as income taxes. (*See* Doc. 190 at 7.)

[4] The Court incorporates its analysis regarding frivolity and the chilling effect on future actions as set forth in its Retax Costs Order. (*See* Doc. 189 at 6–8.)

*Tech. Sols. & Servs., Inc.*, Case No. 20cv499-JM-BGS, 2024 WL 3261191, at *4 (S.D. Cal. July 1, 2024) (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 464 n.5 (3d Cir. 2000)). "Whether the financial resources in question are of a level sufficient to deny an award of costs can be inferred from the economic circumstances of the plaintiff." *Ayala v. Pac. Mar. Ass'n*, No. C08-0119 TEH, 2011 WL 6217298 at *2 (N.D. Cal. Dec. 14, 2011) (citation omitted). The burden is "upon the losing party to demonstrate why the costs should not be awarded." *Stanley*, 178 F.3d at 1079.

As the Court may only consider the losing party's financial resources at "the time the costs were initially taxed," the Court relies on Plaintiff's two supporting declarations from March 2023 to assess his claimed indigency. *Id*. at 1080. In his sworn declarations, Plaintiff attests that he earns $31.00 per hour and that his net wages for 2022 were approximately $43,301.05. (Cleveland Decl. [Doc. 185-3] ¶ 2; Cleveland Suppl. Decl. [Doc. 188-1] ¶ 2.)[5] Plaintiff also attests that he lives in a two-bedroom apartment with his partner and child and has a total of $1,293.80 in his checking account. (Cleveland Decl. [Doc. 185-3] ¶ 3; Cleveland Suppl. Decl. [Doc. 188-1] ¶ 3.) He does not own a car or real estate and does not have any other assets, savings, or investments. (Cleveland Decl. [Doc. 185-3] ¶¶ 2, 4; Cleveland Suppl. Decl. [Doc. 188-1] ¶¶ 4–6.)

Because the amount of the costs award is "[a]lso relevant to the Court's consideration," the Court finds that imposition of the full costs award of $49,860.91 in this case would exceed Plaintiff's reported annual income. *Mort v. Brennan*, Case No. 1:19-cv-00652-JLT-SKO, 2023 WL 8272208, at *3 (E.D. Cal. Nov. 30, 2023) (citing *Save our Valley*, 335 F.3d at 945); *see Economus v. City & Cnty. of San Francisco*, No. 18-cv-01071, 2019 WL 3293292 at *3–4 (N.D. Cal. July 5, 2019), *report and recommendation adopted*, No. 18-CV-01071, 2019 WL 3290761 (N.D. Cal. July 22, 2019) (emphasis added)

---

[5] As Plaintiff does not claim a change in employment or salary, he appears to propose that his estimated income for 2023 is approximately the same as his net wages earned in 2022. (Cleveland Suppl. Decl. [Doc. 188-1] ¶ 2.)

(declining to award $17,529.63 because it exceeded plaintiff's yearly wage of $13,000).

However, based on Plaintiff's representations, his financial means are not so limited as to rise to "a level sufficient to deny an award of costs." *Ayala*, 2011 WL 6217298 at *2 (citation omitted). In his declarations, Plaintiff asserts that he earns approximately $43,301.05 (Cleveland Suppl. Decl. [Doc. 188-1] ¶ 2), but lists no other debts or liabilities that would significantly lower his discretionary income or exceed his reported earnings.[6] *See Vertical Bridge Dev., LLC v. Brawley City Council*, No. 21-CV-02153-AJB-LR, 2024 WL 3498257, at *1 (S.D. Cal. July 22, 2024) ("The losing party bears the burden to 'show why costs should not be awarded.'") (quoting *Save Our Valley*, 335 F.3d at 945). Additionally, Plaintiff "paid the filing fee to initiate this action, he is not proceeding *in forma pauperis*, he is gainfully employed, and has not otherwise provided evidence in support of his claim of financial hardship." *See Huerta v. Wolf*, Case No. 18cv1640-MMA (LL), 2020 WL 6319132, at *2 (S.D. Cal. Oct. 28, 2020) (affirming costs in part because other than disclosing his income, the plaintiff failed to demonstrate how payment would cause economic hardship).

Heeding the Ninth Circuit's admonition that additional evidence is not required to assess a party's financial resources and considering Plaintiff's ability to pay, the Court concludes it is appropriate to reduce the costs award.

**B.    Reduction of Costs**

"Reducing costs is an appropriate measure to 'strike the proper balance between the presumption in favor of awarding a prevailing party's costs and the discretionary factors' militating against granting costs." *Brager v. Costo Wholesale Corp.*, No. 2:19-cv-00044-DJC-CSK, 2025 WL 553327, at *3 (E.D. Cal. Feb. 19, 2025) (quoting *Magdaluyo v. MGM*

---

[6] The Court notes that Plaintiff filed two declarations where he had an opportunity to further support his claim of financial hardship but failed to do so. (*See* Doc. 188 at 8 ("Plaintiff has already produced substantial evidence of his financial condition to The Behemoth over the course of this litigation beyond his declaration submitted herewith . . . .").)

*Grand Hotel, LLC*, No. 14-cv-01806, 2018 WL 3429684, at *4 (D. Nev. July 16, 2018)) (cleaned up); *see also Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 998 (N.D. Cal. 2009), aff'd, 629 F.3d 1360 (Fed. Cir. 2010) ("A district court may reduce costs which are unreasonably large or which are not supported by adequate documentation").

In this case, the Court finds that reducing the costs award strikes the proper balance of the *Escriba* factors. *See AMAE*, 231 F.3d at 593 (recognizing that courts may properly consider the losing party's ability to pay in deciding to award costs); *Mort*, 2023 WL 8272208, at *4 ("Even where a costs award would not render a plaintiff entirely indigent, a court may reduce a costs award to reflect the [p]laintiff's ability to pay."). While it is undisputed that Plaintiff's resources are more limited than Defendant's, his financial means are not so limited as to warrant entirely denying costs. *See Tichenor*, 2024 WL 3261191, at *5 ("Plaintiff should be responsible for an amount of costs [he] can reasonably afford.").

For the reasons discussed *supra*, Plaintiff's economic circumstances are not on par with those of the losing parties in any of the cases he relies on where courts have denied costs outright (*see* Doc. 185 at 8–9 (citing cases)). *Cf. Berry v. City & Cnty. of San Francisco*, No. 17-CV-00056-EDL, 2018 WL 5733680, at *3 (N.D. Cal. Oct. 29, 2018) (holding that imposing costs of $13,329.48 against the plaintiff would create substantial economic hardship where he was unemployed and unable to cover basic living expenses); *Hermosillo v. Cnty. of San Bernardino*, Case No. EDCV 15-00033-DTB, 2017 WL 5479646, at *4 (C.D. Cal. June 19, 2017) (finding minor plaintiffs' indigency weighed in favor of denying costs as their mother was the sole provider and earned approximately $4,000 per year); *Raiser v. San Diego Cnty.*, No. 19-CV-751-GPC, 2021 WL 5234410, at *2 (S.D. Cal. Nov. 10, 2021) (finding taxed costs would render the plaintiff further indigent where he lived out of his car and his monthly expenses exceeded his monthly income).

Further, an award of costs in this instance is unlikely to chill future civil rights litigants from pursuing meritorious claims against their employers. (*See* Doc. 189 at 10–11 (citing cases); *see also supra* n. 4.) "The Court is [also] mindful that declining to award costs may encourage frivolous litigation and needlessly vexatious tactics because plaintiffs

of modest means would have little incentive to avoid such behavior." *Gurshin v. Bank of Am., N.A.*, Case No. 2:15-cv-00323-GMN-VCF, 2019 WL 6134469, at *2 (D. Nev. Nov. 19, 2019); *see also Duvigneaud v. Garcia*, No. 04cv580 BTM (WMc), 2007 WL 2009800, at *1 (S.D. Cal. July 5, 2007) ("To allow plaintiffs to file cases without the risk of bearing the costs of an unsuccessful action would create an inequity in favor of filing plaintiffs and an inefficiency in the courts.").

Accordingly, the Court reduces the costs award of $49,860.91 to **$4,986**, or 10% of the total allowable costs. Given Plaintiff's financial resources, this is a reasonable amount of costs to tax Plaintiff in a case litigated through trial for almost four years. *See, e.g., Rosa v. City of Seaside*, No. C 05-03577 JF, 2010 WL 583953 at *3 (N.D. Cal. Feb. 16, 2010) (finding $35,000 cost award not "an exorbitant amount of costs" for a case litigated for more than three years to the eve of trial); *Tichenor*, 2024 WL 3261191, at *4 (finding $14,817 was "not an exorbitant amount of costs to tax a losing party in a case litigated for over four years, through trial and an appeal" where the plaintiff's net income was $43,000, her monthly fixed expenses were over $3,600, and she had real estate and car loans); *Slaight v. Tata Consultancy Servs.*, Ltd, No. 15-CV-01696-YGR, 2019 WL 3934934, at *12 (N.D. Cal. Aug. 20, 2019) (reducing the total allowable costs by approximately 30% and finding the imposition of $33,000 in costs for each of the three plaintiffs was appropriate where the plaintiffs earned between $28,000 to $74,000 a year).

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Retax Motion (Doc. 185) is **GRANTED IN PART** and **DENIED IN PART**. While it declines to fully relieve Plaintiff of his obligation to pay costs to Defendant, the Court will reduce the cost award to **$4,986**.

**IT IS SO ORDERED.**

DATE:  May 9, 2025

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE